UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| ISLAND VIEW CROSSING II, L.P., | Case No. 17-14454 (ELF) |
| Debtor. | |

### APPLICATION TO EMPLOY SMITH KANE HOLMAN, LLC AS DEBTOR'S COUNSEL PURSUANT TO SECTION 327 OF THE UNITED STATES BANKRUPTCY CODE AND BANKRUPTCY RULE 2014

Island View Crossing II, L.P. (the "Debtor") applies to this Court to employ Smith Kane Holman, LLC as its counsel and avers as follows:

### *Background*

1. The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Code") on June 30, 2017.

2. The Debtor wishes to employ Smith Kane Holman, LLC ("SKH") as its counsel. The rates charged by SKH are as follows: (1) partners -- $325 - $400; (2) associates -- $225 - $300; and (3) paralegals -- $75 - $100.

### *Debtor's Need For Legal Counsel*

3. The Debtor believes that it will need SKH for bankruptcy representation in order to perform its duties as debtor-in-possession and, ultimately, formulate and confirm a plan of reorganization. The professional services that SKH will render to the Debtor include, but are not limited to, the following services:

   (a) advising the Debtor with respect to its rights and obligations pursuant to the Code;

  (b) assisting the Debtor in the preparation of the schedules and statement of financial affairs and any amendments thereto;

  (c) representing the Debtor at its first meeting of creditors and any and all Rule 2004 examinations;

  (d) preparing any and all necessary applications, motions, answers, responses, orders, reports and any other type of pleading or document regarding any proceeding instituted by or against the Debtor with respect to this case;

  (e) assisting the Debtor in the formulation and seeking confirmation of a chapter 11 plan and disclosure materials; and

  (f) performing all other legal services for the Debtor which may be necessary or desirable in connection with this case.

4. SKH has significant experience in representing financially troubled parties. SKH routinely provides legal representation in the areas of reorganization and debt restructuring for debtors and other similarly situated parties.

5. The fees which would be charged by the firm of SKH for services performed, should this Court approve the within Application, would be based upon the rates set forth above, subject to possible adjustment at the close of each calendar year.

6. SKH has indicated that it will be able and willing to perform these services for the above rates, with reimbursement of costs and expenses incurred, subject to application to, and approval of, this Court.

### *Pre-Bankruptcy Services, Payments and Other Disclosures*

7. There are four chapter 11 cases, which includes the within case, that were filed by SKH as "affiliated" cases as follows (collectively, the "Affiliated Debtors"): (a) One State Street

Associates, L.P. filed on June 21, 2017 at case number 17-14291; (b) Island View Crossing II, L.P. filed on June 30, 2017 at case number 17-14454; (c) Calnshire Estates, LLC filed on June 30, 2017 at case number 17-14457; and (d) Steeple Run, L.P. filed on June 30, 2017 at case number 17-14458.

8.   Each of the Affiliated Debtors is controlled by Renato J. Gualtieri.

9.   With the exception of One State Street Associates, L.P., which consists of multiple buildings used for office and residential, each Affiliated Debtor consists of a residential real estate project in varying levels of completion.

10.  On June 27, 2017, One State Street Associates, L.P. applied to employ SKH, which application is still pending as of the filing of the within application. Each of the remaining Affiliated Debtors is filing an application to employ SKH in substance similar to the within application.

11.  In response to SKH's inquiry regarding the extent of any obligations owing to and from the Affiliates, the Debtor has disclosed the following as reflected on the Debtor's and remaining Affiliated Debtors' books:

   a.  **One State Street Associates, L.P.:** (1) $22,207.65 owing from Steeple Run, L.P.; (2) $25,000.00 owing to Calnshire Estates, LLC; and (3) $253,471.75 owing to Island View Crossing II, L.P.

   b.  **Steeple Run, L.P.:** (1) $22,207.65 owing to One State Street Associates, L.P.; and (2) $541,576.64 owing to Island View Crossing II, L.P.

   c.  **Calnshire Estates, LLC**: (1) $25,000.00 owing from One State Street Associates, L.P.; and (2) $175,519.28 owing from Island View Crossing II, L.P.

    d.    **Island View Crossing II, L.P.**: (1) $175,519.28 owing to Calnshire Estates, LLC; (2) $253,471.75 owing from One State Street Associates, L.P.; and (3) $541,576.64 owing from Steeple Run, L.P.

12.    In spite of book entries reflecting obligations owing to and from the Affiliated Debtors, none of the Affiliated Debtors is adverse to any other Affiliated Debtor.

13.    To the contrary, the combined reorganizational goal of the Affiliated Debtors is to advance a financing transaction that will enable the Island View Crossing II, L.P. project to resume construction, which will then result in the sale of townhouse and condominium units, the proceeds of which will pay in full of all creditors of Island View Crossing II, L.P., with anticipated residual profits that will enable the remaining Affiliated Debtors to reorganize successfully. The Affiliated Debtors are considering effecting their overall reorganization strategies through the substantive consolidation of their estates.

14.    Accordingly, SKH does not represent an interest adverse to the Debtor's estate.

15.    In advance of the filing, on June 20, 2017, Nancy Maychuk paid SKH a retainer in the amount of $25,000. That amount was allocated as follows:

    a.    as disclosed in the application to employ SKH in the One State Street Associates, L.P. case, Ms. Maychuk paid SKH a retainer in the amount of $15,000.00, together the chapter 11 bankruptcy case filing fee of $1,717. From the $15,000.00, $2,655.00 was applied towards the pre-filing fees and costs, with the remaining balance of $12,345.00 to be used as a retainer for post-petition services provided by SKH. As a result, there is nothing owing by One State Street Associates, L.P. to SKH as of the petition date.

      b.      In the Steeple Run, L.P. case, Ms. Maychuk paid SKH a retainer of $6,566.00, together the chapter 11 bankruptcy case filing fee of $1,717. From the $6,566.00 retainer, $1,800.00 was applied towards the pre-filing fees and costs, with the remaining balance of $4,766.00 to be used as a retainer for post-petition services provided by SKH. As a result, there is nothing owing by Steeple Run, L.P. to SKH as of the petition date.

16.    Ms. Maychuk has no direct or indirect ownership interest in One State Street Associates, L.P. or Steeple Run Estate, L.P. and is not a creditor of either of those entities.

17.    In advance of the filing, on June 20, 2017, 476 Street Road Associates, L.P. ("476 SRA") paid SKH a retainer in the amount of $41,868. That amount was allocated as follows:

      b.      In the Island View Crossing II, L.P. case, 476 SRA paid SKH a $30,000.00 retainer, together the chapter 11 bankruptcy case filing fee of $1,717. From the $30,000.00 retainer, $2,360.00 was applied towards the pre-filing fees and costs, with the remaining balance of $27,640.00 to be used as a retainer for post-petition services provided by SKH. As a result, there is nothing owing by Island View Crossing II, L.P. to SKH as of the petition date.

      c.      In the Calnshire Estates, LLC case, 476 SRA paid SKH a $8,434.00 retainer, together the chapter 11 bankruptcy case filing fee of $1,717. From the $8,283.00 retainer, $1,800.00 was applied towards the pre-filing fees and costs, with the remaining balance of $6,514.00 to be used as a retainer for post-petition services provided by SKH. As a result, there is nothing owing by Steeple Run, L.P. to SKH as of the petition date.

18. Nancy Maychuk is the sole shareholder of the corporate general partner of 476 SRA and the sole limited partner of 476 SRA. 476 SRA has no direct or indirect ownership interest in the Affiliated Debtors and is not a creditor of the Affiliated Debtors.

19. SKH believes that (a) it does not hold or represent an interest adverse to the estate, (b) it is a "disinterested person" under Section 101(14) of the Code, and (c) its employment is in the best interest of the estate. SKH did not represent the Debtor prior to the filing of its bankruptcy case (other than the provision of services related to the filing of this case) and was not paid any money for services rendered except as otherwise disclosed in paragraph 7 above. SKH is not a creditor of the Debtor.

WHEREFORE, Island View Crossing II, L.P hereby requests that this Court enter an order granting the Application to Employ Smith Kane Holman, LLC as Debtor's Counsel Pursuant to Section 327 of the United States Bankruptcy Code and Bankruptcy Rule 2014 on the basis set forth herein above, effective as of the date of this Application.

Date: July 14, 2017

ISLAND VIEW CROSSING II, L.P., by its general partner, Island View Properties, Inc.

By: _____
Renato J. Gualtieri
President