# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| ISLAND VIEW CROSSING II, L.P., | Case No. 17-14454 (ELF) |
| Debtor. | |

**APPLICATION OF THE DEBTOR PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a), FED. R. BANKR. P. 2014(a) AND LOCAL RULES 2014-1 AND 9013-1 FOR AUTHORITY TO EMPLOY AND RETAIN STRADLEY RONON STEVENS & YOUNG, LLP AS SPECIAL LITIGATION COUNSEL NUNC PRO TUNC TO JUNE 30, 2017**

Island View Crossing II, L.P. (the "**Debtor**"), by and through its undersigned counsel, hereby submits this *Application of the Debtor Pursuant to U.S.C. §§ 327(e) and 328(a), Fed. R. Bankr. P. 2014(a) and Local Rules 2014-1 and 9013-1 For Authority to Employ and Retain Stradley Ronon Stevens & Young, LLP as Special Litigation Counsel Nunc Pro Tunc to June 30, 2017* (the "**Application**"). In support of this Application, the Debtor relies on the Declaration of Michael J. Cordone (the "**Cordone Declaration**") and respectfully represents:

## BACKGROUND, JURISDICTION AND VENUE

1. On June 30, 2017 (the "**Petition Date**"), the Debtor filed, with this Court, a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.  The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Court**") has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and this Court may enter a final order consistent with Article III of the United States Constitution.[1]  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  This bankruptcy case was commenced in order to obtain new construction financing to complete the development of the Debtor's townhouse and condominium project (the "**Island View Project**") in Bristol Borough despite the disputes that have arisen between the Debtor and its existing construction lender, Prudential Savings Bank ("**Prudential**").  As a result of these disputes, Prudential stopped funding the Island View Project, and on March 31, 2016, the Debtor commenced a lender liability lawsuit against Prudential (the "**Lender Liability Case**") in the Court of Common Pleas of Philadelphia County.

4.  On July 18, 2017, Prudential removed, to this Court, the Lender Liability Case, and Debtor has consented to the entry of final orders and judgment in the Lender Liability Case.

**RELIEF REQUESTED**

5.  The Debtor submits this Application pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of the United States Bankruptcy Court for the Eastern

---

[1] Pursuant to Local Rule 9013-1(f), the Debtor hereby confirms its consent to entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

District of Pennsylvania Rule 2014-1 and 9013-1 (the "**Local Rules**") to employ and retain Stradley Ronon Stevens & Young, LLP ("**Stradley**") as special litigation counsel for the Debtor, *nunc pro tunc* to the Petition Date, to provide the Debtor with legal services in connection with the Lender Liability Case.  In support of this Application, the Debtor submits the Cordone Declaration attached hereto as **Exhibit "A."**  A proposed order approving the retention and employment of Stradley is attached hereto as **Exhibit "B."**

## STRADLEY'S RETENTION

6. Prior to the Petition Date, Stradley represented the Debtor and certain affiliates generally.  Commencing in late November 2015, the Debtor engaged Stradley because of concerns that its relationship with its construction lender was becoming adversarial, as those at Prudential who previously handed the relationship with the Debtor and its affiliates were fired, laid off and/or retired.

7. Stradley was initially retained to provide advice and counsel to the Debtor concerning its relationship with Prudential and the many threats and demands being made by Prudential.  Although the engagement began as what could be characterized as an attempt by Prudential to force a workout or restructuring of the construction loan, the engagement grew over time, becoming more of a general representation of the Debtor and its affiliates in connection with a wide array of litigation instituted or caused by Prudential, including institution of the Lender Liability Case.  Stradley also assisted the Debtor in its efforts to obtain new financing and to plan for a bankruptcy filing once it became evident that a bankruptcy would be necessary in order to obtain new financing.

8. As set forth in the Cordone Declaration, Stradley has represented the Debtor and its affiliates since 2015 and has accumulated a wealth of knowledge concerning the Debtor and its affiliates, their operations, their relationships with Prudential and the facts, circumstances and documents relating to the Lender Liability Case.

9. Accordingly, pursuant to this Application, the Debtor requests authority to employ Stradley as its special litigation counsel in connection with the Lender Liability Case.

10. Stradley's representation of the Debtor will be limited to the Lender Liability Case. Neither the Debtor, Stradley, nor Smith Kane Holman ("**SKH**"), the Debtor's general bankruptcy counsel, anticipate any overlap in responsibility or duplication of efforts between Stradley and SKH. However, out of an abundance of caution and a desire to efficiently provide legal services to the Debtor, Stradley and SKH will coordinate efforts to avoid duplication of work and unnecessary fees.

11. Stradley has significant experience in workout and lender liability matters and has been representing the Debtor and its affiliates for almost two years in connection with Prudential and its conduct related to the construction loan for the Island View Project. If the Debtor is not permitted to retain Stradley in connection with the Lender Liability Case, the Debtor, its estate, and all parties in interest would be severely prejudiced because the Debtor would, among other things, lose attorneys providing invaluable experience, factual knowledge and expertise on the Lender Liability Case.

12. Stradley has informed the Debtor that all Stradley attorneys who will be working on the Lender Liability Case are members in good standing of Pennsylvania and federal bars.

13. The Debtor believes that Stradley's history and expertise with regard to the Lender Liability Case and its knowledge of the Debtor, its business operations and corporate and capital structure, together with SKH's bankruptcy expertise, will provide the Debtor with high quality, efficient and cost effective legal services.

## PROFESSIONAL COMPENSATION

14. Stradley intends to seek compensation for services rendered and expenses incurred in connection with the Lender Liability Case in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, and the U.S. Trustee Guidelines (the "**Fee Guidelines**").

15. As set forth in the Cordone Declaration, Stradley proposes to charge its standard hourly rates for work performed on behalf of the Debtor. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Debtor. The hourly rates are subject to annual adjustment and the Debtor has been advised of that fact. As of the Petition Date, Stradley held an unapplied $5,000.00 retainer previously provided by the Debtor's principal, Renato Gualtieri.

16. Consistent with the firm's policy with respect to its other clients, in addition to the hourly fees, Stradley proposes to charge the Debtor for all expenses and

disbursements incurred in rendering services to the Debtor. These expenses would include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, transcription fees and other fees related to trials and hearings. Stradley charges $.23 per page for photocopies and scanning.

17. The Debtor proposes to pay Stradley its customary hourly rates in effect from time to time for services rendered, as set forth in the Cordone Declaration, and to reimburse Stradley according to its customary reimbursement policies, which rates and policies the Debtor believes to be reasonable, subject to the provisions to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines and any such further orders of this Court.

## NO ADVERSE INTEREST

18. Based on the Cordone Declaration, Stradley has searched its records and made reasonable inquiries as to any connections required to be disclosed pursuant to Bankruptcy Rule 2014, or any potential prohibited relationships pursuant to Bankruptcy Rule 5002. To the best of the Debtor's knowledge, and based on the Cordone Declaration, Stradley does not represent or hold any interest adverse to the Debtor or its estate with respect to the Lender Liability Case. Stradley does not have any connections or prohibited relationships with the U.S. Trustee or any of its employees, or with the bankruptcy judge in this case. Furthermore, to the best of the Debtor's knowledge and based on the Cordone Declaration, Stradley does not have any connection with the Debtor or any creditor or other parties in interest in this case, or their respective attorneys or accountants, except as otherwise set forth in the Cordone Declaration. None of the connections disclosed in the Cordone Declaration relate to or constitute an "adverse

interest" with respect to the matters on which Stradley is to be employed, and thus the Debtor believes Stradley has no connections that would disqualify it as serving as its special litigation counsel.  Stradley will conduct an ongoing review of its records to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new facts or circumstances are discovered, Stradley will supplement its disclosure to the Court.

19.     Stradley holds a prepetition claim against the Debtor for the unpaid portion of the legal services described in Paragraph 7 of this Application.  No amounts have been paid by the Debtor to Stradley in the year prior to the Petition Date.  Stradley has filed concurrently with this Application, its statement of the compensation that the Debtor has agreed to pay, as required by Bankruptcy Code Sections 329 and 504, Bankruptcy Rule 2016, and Local Rule 2016-1 (the "**Stradley Attorney Compensation Statement**").

20.     Accordingly, for all reasons set forth above, the Debtor believes that approval of this Application is in the best interest of the Debtor and its estate.

## BASIS FOR RELIEF REQUESTED

21.     Bankruptcy Code section 327(e) provides:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

22. Under Bankruptcy Code section 327(e), four requirements must be met in order for counsel's retention by a debtor-in-possession to be approved: "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 406 (D. Del. 2005) (citations omitted). For reasons explained more fully throughout this Application, Stradley satisfies the first three of these requirements because: (1) it is uniquely qualified to advise the Debtor with respect to the Lender Liability Case due to its legal experience and significant history in this case, and the Debtor would incur substantial expenses if required to search for and retain new counsel; (2) Stradley has been representing the Debtor for almost two years; and (3) the Debtor proposes to retain Stradley to advise it only with respect to the Lender Liability Case, which will not overlap with services to be provided by the Debtor's general bankruptcy counsel, SKH.

23. Additionally, Stradley meets the fourth requirement because it does not represent or hold an interest adverse to the Debtor or the Debtor's estate with regard to the Lender Liability Case. To qualify for retention as special counsel under Section 327(e) of the Bankruptcy Code, an attorney does not need to be a "disinterested person"[1], but simply must

---

[1] *Compare with* Bankruptcy Code section 327(a), which requires both that an attorney not "hold or represent an interest adverse to the estate" and is a "disinterested person." "The term 'disinterested person' means a person that (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any

"not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*." 11 U.S.C. § 327(e) (emphasis added). Thus, "where employment is sought only for specific limited purposes, [§ 327(e)] not only eliminates the disinterestedness requirement for a professional who has formerly represented the debtor, but also narrows the conflict of interest issue to one of factual evaluation of actual or potential conflicts only as related to the particular matters for which representation is sought." *In re Statewide Pools, Inc.*, 79 B.R. 312, 314 (Bankr. S.D. Ohio 1987).

24.     To the best of the Debtor's knowledge, except as otherwise set forth in the Cordone Declaration, Stradley does not have any connections with the parties interest in this bankruptcy or represent or hold any interest adverse to the Debtor or the Debtor's estate with respect to the Lender Liability Case. The connections and adverse interests disclosed in the Cordone Declaration are all unrelated to the Debtor, the Debtor's estate, these bankruptcy proceedings, and the Lender Liability Case. Accordingly, the Debtor believes that Stradley does not represent or hold any interest adverse to the Debtor or the Debtor's estate with respect to the Lender Liability Case.

25.     The Debtor believes that the employment of Stradley is necessary and in the best interest of the Debtor and its estate.

---

direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14).

**NOTICE**

26. Notice of this Application has been given to the following parties or, in lieu thereof, to its counsel, if known: (a) Office of the United States Trustee; (b) the Debtor, (c) Prudential; (d) the Redevelopment Authority of Bucks County; (e) Internal Revenue Service; and (f) all parties on th Clerk's Service List, including any party requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Application, the Debtor respectfully submits that no further notice is necessary.

27. No prior application for the relief requested herein has been presented to this Court of any other court.

WHEREFORE, the Debtor hereby respectfully requests that it be authorized to retain and employ Stradley as special litigation counsel *nunc pro tunc* to June 30, 2017, and that Stradley be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper.

SMITH KANEHOLMAN, LLC

*/s/Robert M. Greenbaum*

Date: September 6, 2017              By:_____
                                     Robert M. Greenbaum, Esquire
                                     112 Moores Road
                                     Suite 300
                                     Malvern, PA 19355
                                     (610) 407-7216 Phone
                                     (610) 407-7218 Fax
                                     Counsel to the Debtor