UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| ISLAND VIEW CROSSING II, L.P., | Case No. 17-14454 (ELF) |
| Debtor. | |

**DECLARATION OF MICHAEL J. CORDONE IN SUPPORT OF THE APPLICATION OF THE DEBTOR PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a), FED. R. BANKR. P. 2014(a) AND LOCAL RULES 2014-1 AND 9013-1 FOR AUTHORITY TO EMPLOY AND RETAIN STRADLEY RONON STEVENS & YOUNG, LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO JUNE 30, 2017**

I, Michael J. Cordone, make this Declaration under 28 U.S.C. § 1746, and state the following:

1. I am a partner at Stradley Ronon Stevens & Young, LLP ("**Stradley**") and am duly authorized to make this Declaration on behalf of Stradley. I make this Declaration in support of the Application of the Debtor Pursuant to 11 U.S.C. §§ 327(e) and 328(a), Fed. R. Bankr. P. 2014(a) and Local Rules 2014-1 and 9013-1 for Authority to Employ and Retain Stradley Ronon Stevens & Young, LLP as Special Litigation Counsel *Nunc Pro Tunc* to June 30, 2017 (the "**Application**").[1]

2. The statements set forth below are based upon my personal knowledge or discussions with other partners and associates of Stradley, and client/matter records of Stradley reviewed by me or by those acting under my supervision and direction.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

## STRADLEY RETENTION

3. Stradley is a medium-sized, northeast regional firm with substantial bankruptcy, workout and lender liability experience. Many of its partners have more than twenty-five years of experience in these areas of law and have regularly appeared before this Court.

4. The partners and associates who will be working for the Debtor, if Stradley is employed as special counsel, are all members in good standing of the Pennsylvania and Eastern District of Pennsylvania bars, and we have valuable experience and expertise with regard to the matters on which Stradley would be employed.

5. Stradley first began representing the Debtor and its affiliates in November 2015, in response to the efforts of Prudential Savings Bank ("**Prudential**") to force the Debtor to renegotiate the construction loan that Prudential had made in 2014. At the time Prudential attempted to renegotiate the construction loan, it had not yet declared any default.

6. Stradley has represented the Debtor, and certain of its affiliates, [2] from November 2015 to the present in connection with a broad array of issues, most of which arose out of, were caused by or are related to Prudential's attempt to force a renegotiation of its construction loan to the Debtor. As part of this engagement, Stradley represented the Debtor and the Affiliates initially with regard to Prudential's attempt to renegotiate the construction loan. The original engagement quickly broadened as Prudential attempted to renegotiate the loans that Prudential had made to the Affiliates. Eventually, the representation broadened into representing the Debtor and the Affiliates in connection with more than twenty-six separate lawsuits

---

[2] The Debtor's affiliates include: Island View Properties, Inc.; Calnshire Estate, LLC; Steeple Run, LP; One State Street Associates, LP; Renato J. Gualtieri; Fidelity Properties, Inc.; and Francesco Gualtieri (collectively, the "Affiliates").

commenced by Prudential and numerous other lawsuits or threatened claims resulting from Prudential's refusal to honor its obligations to the Debtor and the Affiliates with regard to the many loans. In addition to representing the Debtor and the Affiliates with respect to the twenty-six cases commenced by Prudential, Stradley filed a $27 million lender liability case (the "**Lender Liability Case**") against Prudential on March 31, 2016, in the Philadelphia County Court of Common Pleas. The Lender Liability Case has since been removed to this Court by Prudential. The Lender Liability Case is and remains a significant asset of the Debtor's estate.

7. Because the Lender Liability Case had not been adjudicated prior to the Debtor's bankruptcy filing and is a significant asset of the Debtor's estate, the Debtor intends to fully pursue its claims against Prudential and needs experienced counsel to do so.

8. I believe that Stradley's familiarity with the Debtor and its business operations; familiarity with the particular facts and circumstances leading to the Lender Liability Case; and Stradley's history, knowledge and expertise with respect to workout, litigation and lender liability, will allow Stradley to most-efficiently continue to handle the Lender Liability Case during these bankruptcy proceedings. Stradley is willing to serve as the Debtor's special litigation counsel in connection with the Lender Liability Case.

9. Stradley's representation of the Debtor will be limited to the Lender Liability Case. I do not anticipate any significant overlap in responsibility or duplication of efforts between Stradley and Smith Kane Holman ("**SKH**"), the Debtor's general bankruptcy counsel. However, out of abundance of caution and a desire to efficiently provide legal services to the Debtor, Stradley will coordinate with SKH to avoid duplication of work and unnecessary fees.

## STRADLEY'S CONFLICTS CHECK PROCEDURES

10. In connection with its proposed retention by the Debtor and pursuant to the requirements of Bankruptcy Rules 2014 and 5002, Stradley searched its client/matter records and made reasonable inquiries to ensure that it does not have any prohibited relationships or any conflicts or other connections that might cause it to hold or represent an interest adverse to the Debtor with respect to the Lender Liability Case. Stradley used the Debtor's schedules and mailing matrix to check for potential conflicts of interest (the "**Potential Parties in Interest**"). Stradley submitted these names as part of a computer search of its conflicts database, reviewed all resulting "hits", and made further internal inquiries as appropriate.

11. To the best of my knowledge, after reasonable inquiry, Stradley does not have any connection with the Debtor, other than its prepetition representation of the Debtor and its Affiliates, and claim for prepetition fees and expenses due to Stradley from such representation. Similarly, Stradley does not have any connection with any creditor or other parties in interest in the Debtor's case, or their respective attorneys or accountants, except as otherwise discussed herein. I do not believe that any of the connections disclosed herein relate to or would constitute an adverse interest with respect to the Lender Liability Case for which Stradley seeks to be employed, and thus I believe Stradley has no connections that would disqualify it from serving as the Debtor's special litigation counsel herein. Stradley will conduct an ongoing review of its records to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or circumstances are discovered, Stradley will supplement its disclosure to the Court.

12. To the best of my knowledge, after reasonable inquiry, Stradley does not have any connections or prohibited relationships with the U.S. Trustee or any of its employees, or with the bankruptcy judge in this case. Thus, to the best of my knowledge, the proposed employment of Stradley is not prohibited by or improper under the Bankruptcy Rule 5002.

13. Our review of the conflicts checklist has revealed that Stradley currently represents or recently represented only one of the Potential Parties in Interest (or affiliates thereof) in matters unrelated to the Lender Liability Case.

14. While the interest of the Stradley client discussed in paragraph 15 below may actually or potentially be adverse to the Debtor, Stradley's current representations of this creditor, that was among the Potential Parties in Interest, is unrelated to the Debtor, the Affiliates and their businesses and the Lender Liability Case. *Stradley would continue to represent only the Debtor, its general partner and Renato J. Gualtieri (collectively, the "Plaintiffs") in connection with the Lender Liability Case.*

15. The creditor of the Debtor from the list of Potential Parties in Interest that Stradley previously represented is Aqua Pennsylvania and certain of its affiliates. Stradley's representation of Aqua Pennsylvania and certain affiliates has been in connection with various corporate, tax and financing transactions that were and are unrelated to the Debtor and the Affiliates and unrelated to the Lender Liability Case. To the best of my knowledge and available information, Stradley has had no other attorney – client relationship with any of the Potential Parties in Interest.

16. The Debtor has consented to Stradley's continued representation of Aqua Pennsylvania and its affiliates, so long as it is in matters unrelated to this bankruptcy and the Lender Liability Case. Stradley will not be representing Aqua Pennsylvania or other clients

other than the Plaintiffs in connection with the Lender Liability Case and insofar as we can presently tell, the factual and legal issues likely to arise in the Lender Liability Case are adverse only Prudential and are completely unrelated to the work we are presently doing on behalf of Aqua Pennsylvania and its affiliates.

17. To the best of my knowledge, and based on the review procedures described above and in this paragraph, Stradley does not have any connection to the Potential Parties in Interest in this Chapter 11 case requiring disclosure under Bankruptcy Rule 2014, except as disclosed herein, which should not be disqualifying or problematic under Section 327(e) of the Bankruptcy Code. Stradley's conflict search examined: (1) Potential Parties in Interest (or an affiliate of the listed party) who are current Stradley clients for whom we have provided services within the past ten years; and (2) Potential Parties in Interest (or an affiliate of the listed party) who were former clients of Stradley for whom we provided services within the past ten years. Stradley also searched for significant vendor relationships with Potential Parties in Interest, but found no relationships that would relate to or create an adverse interest with respect to the matters on which Stradley would be employed.

18. Stradley may have other relationships with certain Potential Parties in Interest, such as former client relationships with Potential Parties in Interest as to which the engagement has been over for more than ten years, and there are situations in which other clients of Stradley (besides the Debtor) are adverse to Potential Parties in Interest in matters unrelated to the Debtor, which are not set forth herein. However, we are not aware of any such relationships that would constitute an interest adverse to the Debtor or its estate with respect to the Lender Liability Case.

19. In summary, as indicated herein, Stradley has represented or currently represents certain Potential Parties in Interest, including entities or individuals that may have business relationships with the Debtor. However, Stradley has not represented, and will not represent, any of these Potential Parties in Interest with regard to the Debtor, the other Plaintiffs or the Lender Liability Case. Stradley will only represent the Debtor in this bankruptcy and only with regard to the Lender Liability Case. Thus, in accordance with Section 327(e) of the Bankruptcy Code, Stradley respectfully submits that none of the connections disclosed herein, including the claim held by Stradley for the prepetition services provided, render Stradley adverse to the Debtor or its estates with respect to the matters on which Stradley is to be employed.

## **PROFESSIONAL COMPENSATION**

20. Subject to the Court's approval, Stradley will charge for its services on an hourly basis in one-tenth hour (.1) increments. Stradley will charge its standard hourly rates for work performed on behalf of the Debtor. The proposed rates of compensation are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Debtor. These hourly rates are subject to periodic adjustment, and the Debtor has been advised of that fact, and currently range from $280 - $1,275 per hour. The hourly rates of the Stradley lawyers that have historically worked the most on the Lender Liability Case range from $345 - $780. Stradley also intends to seek reimbursement for reasonable expenses incurred in connection with its representation of the Debtor.

21. Stradley intends to seek compensation in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, and the U.S. Trustee Guidelines (the "**Fee Guidelines**").

22. No promises have been received by Stradley, or any partner, counsel or associate of Stradley, as to payment or compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Fee Guidelines.

23. Stradley has not shared or agreed to share any of its compensation from the Debtor with any other person, other than with partners, counsel, associates or other employees of Stradley, or contract attorneys utilized by Stradley, as permitted by section 504 of the Bankruptcy Code.

24. Based on a review of our internal billing records, the Debtor owes Stradley $1,680,625.69 for services rendered prior to the Petition Date. Other than receipt of a $5,000 retainer from Renato J. Gualtieri at the beginning of this engagement, Stradley has not received any payment, and the Debtor has never made any payments to Stradley.

25. Based on the forgoing, neither Stradley nor any partner, counsel or associate thereof, including me, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in connection with matters upon which Stradley is to be employed, and Stradley meets with criteria set forth in Section 327(e) and is eligible to act as special counsel in connection with the Lender Liability Case.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 6th day of September, 2017.

_____
Michael J. Cordone