**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| ISLAND VIEW CROSSING II, L.P., | : |  |
|  | : | Case No. 17-14454 (ELF) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**ORDER PURSUANT TO 11 U.S.C. § § 327(e) AND 328(a), FED. R. BANKR. P. 2014(a) AND LOCAL RULES 2014-1 AND 9013-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRADLEY RONON STEVENS & YOUNG, LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO JUNE 30, 2017**

AND NOW, this ___ day of September, 2017, upon consideration the Application, dated September 6, 2017 (the "**Application**"),[1] of Island View Crossing II, LP, the above captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to sections 327(e) and 328(a) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules 2014-1 and 9013-1 of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Local Rules**"), for entry of an order authorizing the employment and retention of Stradley Ronon Stevens & Young, LLP ("**Stradley**") as special litigation counsel for the Debtor and Debtor-in-Possession *nunc pro tunc* to June 30, 2017, all as more fully described in the Application; and upon the Declaration of Michael J. Cordone, annexed to the Application as **Exhibit "A"** (the "**Cordone Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Cordone Declaration, that Stradley holds or represents no interest adverse to the Debtor's estate

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

with respect to the matters upon which it is to be employed; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § § 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 and 9013-1, the Debtor is authorized to employ and retain Stradley as special litigation counsel on the terms and conditions set forth in the Application and Cordone Declaration, *effective as of June 30, 2017*; and it is further

ORDERED that, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Stradley is authorized to represent and advise the Debtor on all matters arising under or relating to the Lender Liability Case (as defined in the Application and the Cordone Declaration); and it is further

ORDERED that Stradley shall be compensated in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court and the U.S. Trustee Guidelines (the "**Fee Guidelines**"); and it is further

ORDERED that Stradley shall be reimbursed for reasonable and necessary expenses in accordance with the Fee Guidelines; and it is further

ORDERED that Stradley shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in this Chapter 11 case in connection with any increase of the current hourly rates listed in the Cordone Declaration; and it is further

ORDERED that Stradley shall make reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals; and it is further

ORDERED that to the extent the Application or the Cordone Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that notice of the Application as provided therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

_____
The Honorable Eric L. Frank,
Chief United States Bankruptcy Judge