UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ISLAND VIEW CROSSING II, L.P., | : | Case No. 17-14454-ELF |
| | : | |
| Debtor. | : | |
| | : | |

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 AND LOCAL BANKRUPTCY RULES 2014-1 AND 9013-1(d) AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD LLP AS ATTORNEYS FOR CHRISTINE C. SHUBERT, CHAPTER 11 TRUSTEE,**
***NUNC PRO TUNC* TO DECEMBER 21, 2017**

Christine C. Shubert (the "Trustee"), the chapter 11 trustee for debtor Island View Crossing II, L.P. (the "Debtor"), respectfully requests the entry of an order, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014 and Local Bankruptcy Rules 2014-1 and 9013-1(d), authorizing the Trustee to retain and employ Fox Rothschild LLP ("Fox Rothschild") as her attorneys in this case, *nunc pro tunc* to December 21, 2017 (the "Application"). In support of the Application, the Trustee represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014 and Local Bankruptcy Rules 2014-1 and 9013-1(d).

**BACKGROUND**

4. On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

5. On August 4, 2017, Prudential Savings Bank filed a *Motion of Prudential Savings Bank for an Order Converting Chapter 11 Bankruptcy Cases to Chapter 7 or in the Alternative Appointing a Chapter 11 Trustee* (the "Motion") [D.I. 34].

6. On December 18, 2017, the Bankruptcy Court entered an Order granting the Motion in part, denying the Motion in part, and deferring the Motion in part (the "Order") [D.I. 141], therein authorizing the Office of the United States Trustee to appoint a chapter 11 trustee in the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1104(a)(2).

7. On December 21, 2017, the Office of the United States Trustee appointed the Trustee as chapter 11 trustee, which appointment remains in effect. [D.I. 147].

8. The Trustee seeks to employ Fox Rothschild as her attorneys, effective as of December 21, 2017, the date on which Fox Rothschild commenced its services to the Trustee.

9. The Trustee seeks to employ Fox Rothschild because: (1) Fox Rothschild has extensive experience and knowledge in the field of debtors' and creditors' rights; and (2) Fox Rothschild's bankruptcy and restructuring attorneys have developed a familiarity with the Debtor and its affiliates' business and affairs and many of the potential legal issues which may arise in the context of this chapter 11 case. Fox Rothschild will provide its expertise with respect to bankruptcy-related issues (as well as non-bankruptcy related issues) and will act as general bankruptcy counsel for the Trustee.

10. The professional services that Fox Rothschild will provide to the Trustee include, but shall not be limited to, the following:

    (a) prepare on behalf of the Trustee necessary applications, motions, answers, orders, reports and other legal papers;

    (b) provide legal advice with respect to the Trustee's powers and duties as chapter 11 trustee for the Debtor in the continued operation of the Debtor's business, management of its property and administration of its estate;

    (c) take necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Trustee and the defense of actions commenced against the Debtor;

    (d) investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of such business, and any other matter relevant to the chapter 11 case or to the formulation of a plan;

    (e) consult with the Trustee in connection with: (i) any actual or potential transactions involving the Trustee, and (ii) the operating, financial and other business matters relating to the ongoing activities of the Debtor;

    (f) negotiate and prepare, on the Trustee's behalf, a plan of reorganization and/or liquidation, disclosure statement, and all related agreements and/or documents, and take any necessary action on the Trustee's behalf to obtain confirmation of such plan;

    (g) attend meetings and negotiations with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case;

    (h) advise the Trustee with respect to bankruptcy law aspects of any proposed sale or other disposition of assets;

    (i) to appear in Court and protect the interest of the Trustee, the estate, and its creditors; and

    (j) to perform all other legal services for the Trustee that may be necessary and proper in these proceedings.

11. To the best of the Trustee's knowledge, and except as disclosed in the affidavit of Michael G. Menkowitz, Esquire (the "Menkowitz Affidavit"), which is attached hereto and made a part hereof as **Exhibit "A"**, Fox Rothschild has not represented and does not have any connection with Debtor, its creditors, or any other parties in interest, or their respective attorneys and

3

accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matter relating to the Debtor or its estate.

12. To the best of the Trustee's knowledge and except as otherwise disclosed in the Menkowitz Affidavit, Fox Rothschild does not hold or represent any interest adverse to the Debtor's estate, and is a "disinterested person" as that phrase is defined in 11 U.S.C. § 101(14).

## **RELIEF REQUESTED**

13. By this Application, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014 and Local Bankruptcy Rules 2014-1 and 9013-1(d), authorizing her to employ Fox Rothschild as her attorneys, effective as of December 21, 2017, to perform the legal services that will be necessary during this case as more fully described above.

14. The Trustee seeks to employ Fox Rothschild because of its extensive experience and knowledge in matters of this nature and the Trustee believes that Fox Rothschild is well qualified and competent to perform the services required by the Trustee.

15. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

16. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

4

11 U.S.C. § 328(a).

17. Fed. R. Bankr. P. 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. Bankr. R. P. 2014(a).

18. Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Fox Rothschild at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred. The principal attorneys and paralegals presently designated to represent the Trustee and their current standard hourly rates are:

|   |   |   |
|---|---|---|
| a. | Michael G. Menkowitz | $765 per hour |
| b. | Jason C. Manfrey | $425 per hour |
| c. | Jesse M. Harris | $310 per hour |
| d. | Joseph DiStanislao (Paralegal) | $355 per hour |

19. The hourly rates set forth above are Fox Rothschild's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Fox Rothschild for the

5

work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Trustee in connection with the matters herein described.

20. It is Fox Rothschild's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's cases. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Fox Rothschild to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Fox Rothschild will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Fox Rothschild's other clients. Fox Rothschild believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

21. The Trustee contends that Fox Rothschild's employment is necessary and in the best interests of the Trustee, the Debtor, its estate and its creditors.

## **NOTICE**

22. Notice of this Application has been provided to: (i) the Debtor and its counsel; (ii) the Office of the United States Trustee; (iii) the Debtor's secured creditors, if any; (iv) the Debtor's 20 largest unsecured creditors; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that pursuant to Local Bankruptcy Rules 2014-1(b)(1) and 9013-1(d), no further notice is required. The Trustee further requests that the Court determine the notice is adequate and proper.

ACTIVE\52497916.v2-12/22/17

WHEREFORE, the Trustee respectfully requests the entry of an order: (i) authorizing the Trustee to employ Fox Rothschild as her attorneys in these proceedings pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014, and Local Bankruptcy Rules 2014-1 and 9013-1(d), effective as of December 21, 2017; and (ii) granting such other relief as is just and proper.

*/s/ Christine C. Shubert*
Christine C. Shubert, Chapter 11 Trustee for Island View Crossing II, L.P.

Dated:  December 22, 2017