**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ISLAND VIEW CROSSING II, L.P. | : | Case No. 17-14454-ELF |
| | : | |
| Debtor. | : | |
| | : | |

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 AND LOCAL BANKRUPTCY RULES 2014-1 AND 9013-1(d) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BEDERSON LLP AS ACCOUNTANTS FOR CHRISTINE C. SHUBERT, CHAPTER 11 TRUSTEE,**
***NUNC PRO TUNC* TO DECEMBER 22, 2017**

Christine C. Shubert (the "Trustee"), the chapter 11 trustee for debtor Island View Crossing II, L.P. (the "Debtor"), respectfully requests the entry of an order, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014 and Local Bankruptcy Rules 2014-1 and 9013-1(d), authorizing the Trustee to retain and employ Bederson LLP ("Bederson") as her accountants in this case, *nunc pro tunc* to December 22, 2017 (the "Application"). In support of the Application, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.     Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328, as complimented by Fed. R. Bankr. P. 2014 and Local Bankruptcy Rules 2014-1 and 9013-1(d).

ACTIVE\52526061.v1-12/29/17

## BACKGROUND

4. On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

5. On August 4, 2017, Prudential Savings Bank filed a *Motion of Prudential Savings Bank for an Order Converting Chapter 11 Bankruptcy Cases to Chapter 7 or in the Alternative Appointing a Chapter 11 Trustee* (the "Motion") [D.I. 34].

6. On December 18, 2017, the Bankruptcy Court entered an Order granting the Motion in part, denying the Motion in part, and deferring the Motion in part (the "Order") [D.I. 141], therein authorizing the Office of the United States Trustee to appoint a chapter 11 trustee in the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1104(a)(2).

7. On December 21, 2017, the Office of the United States Trustee appointed the Trustee as chapter 11 trustee, which appointment remains in effect. [D.I. 147].

8. The Trustee requires the assistance of an accountant in this chapter 11 case.

9. The Trustee seeks to employ Bederson as her accountants to assist the Trustee in carrying out her duties under this title. The Trustee seeks to employ Bederson as her accountants in this matter due to its extensive knowledge and expertise in bankruptcy matters of this type and nature.

10. Bederson will render services, including but not limited to, the following:

    (a) providing general accounting and tax advisory services to the Trustee regarding the administration of the bankruptcy estate;

    (b) reviewing and or maintaining the Debtor's books and records to determine the existence of preferences, fraudulent conveyances or other monies owed to the Debtor's estate, prepare tax returns and asset location;

    (c) reviewing of and assistance in the preparation and filing of any tax returns, providing assistance regarding existing and future IRS examinations and any

  and all other tax assistance as may be requested from time to time;

(d)  interpreting and analyzing financial materials, including accounting, tax, statistical, financial and economic data, regarding the Debtor and other relevant parties;

(e)  analyzing and providing advice regarding any additional accounting, financial, valuation or related issues that may arise in the course of this proceeding;

(f)  assisting the Trustee's attorneys in the preparation and evaluation of any potential litigation, as requested;

(g)  assisting in valuation and/or sale of assets including industry research, qualifying brokers, if needed, location of sales prospects and negotiations for sale of assets and assistance during the sale process;

(h)  assisting other professionals employed by the trustee;

(i)  termination of employ benefit plans, if any;

(j)  providing testimony on various matters, as requested; and

(k)  performing all other services for the Trustee which are appropriate and proper in these proceedings.

11.  To the best of the Trustee's knowledge, and except as disclosed in the affidavit of Charles N. Persing (the "Persing Affidavit"), which is attached hereto and made a part hereof as **Exhibit "A"**, Bederson has not represented and does not have any connection with the Debtor, its creditors, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matter relating to the Debtor or its estate.

12.  To the best of the Trustee's knowledge and except as otherwise disclosed in the Persing Affidavit, Bederson does not hold or represent any interest adverse to the Debtor's estate, and is a "disinterested person" as that phrase is defined in 11 U.S.C. § 101(14).

13.  In addition, to the best of the Trustee's knowledge, no principals or professionals assigned to this engagement by Bederson are relatives of any of the District Judges or Bankruptcy

3

Judges in this District, or of the United States Trustee.

## **RELIEF REQUESTED**

14. By this Application, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014 and Local Bankruptcy Rules 2014-1 and 9013-1(d), authorizing her to employ Bederson as her accountants, effective as of December 22, 2017, to perform the services that will be necessary during this chapter 11 case.

15. Section 327(a) provides that the Trustee, with the court's approval, may employ professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the Trustee in carrying out the trustee's duties.  11 U.S.C § 327(a).

16. Section 327(a) of the Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

17. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

18. Fed. R. Bankr. P. 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers . . . pursuant to § 327, § 1103, or § 1114 of the Code shall

4

> be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

See Fed. R. Bankr. P. 2014(a).

19. Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Bederson on an hourly basis at Bederson's normal and customary hourly rates, plus reimbursement of actual, necessary expenses and other charges incurred by Bederson. The hourly rates for those individuals anticipated for this engagement are as follows:

| Professional | Hourly Rate |
| --- | --- |
| Partners | $390 - $515 |
| Outside Consultant | $300 |
| Directors | $325 |
| Managers | $305 |
| Tax Manager | $280 |
| Supervisor | $265 |
| Senior Accountants | $265 |
| Technology IT Director | $200 |
| Semi Sr. Accountants | $240 |
| Staff Associate | $170 |
| Para Professionals | $170 |

20. These hourly rates are adjusted periodically to reflect changes in market conditions, and are usually subject to increase once a year.

5

ACTIVE\52526061.v1-12/29/17

21. Based on the foregoing, the Trustee submits that Bederson is well qualified to assist her as her accountants, and Bederson's employment is necessary and in the best interests of the Trustee, the Debtor, its estate and its creditors.

## NOTICE

22. Notice of this Application has been provided to: (i) the Debtor and its counsel; (ii) the Office of the United States Trustee; (iii) the Debtor's secured creditors, if any; (iv) the Debtor's 20 largest unsecured creditors; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that pursuant to Local Bankruptcy Rules 2014-1(b)(1) and 9013-1(d), no further notice is required. The Trustee further requests that the Court determine the notice is adequate and proper.

WHEREFORE, the Trustee respectfully requests the entry of an order: (i) authorizing the Trustee to employ Bederson as her accountants in these proceedings pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014, and Local Bankruptcy Rules 2014-1 and 9013-1(d), effective as of December 21, 2017; and (ii) granting such other relief as is just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:   /s/ Michael G. Menkowitz
     Michael G. Menkowitz, Esquire
     2000 Market Street, Twentieth Floor
     Philadelphia, PA 19103-3222
     Telephone (215) 299-2000
     Facsimile (215) 299-2150
     mmenkowitz@foxrothschild.com

Proposed Counsel for Christine C. Shubert, Chapter 7 Trustee for Debtor Island View Crossing II, L.P.

Dated: December 29, 2017