# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------- x
In re                                             :        Chapter 11
                                                  :
                                                  :
ISLAND VIEW CROSSING II, L.P.,                    :        Case No. 17-14454 (ELF)
                                                  :
            Debtor.                               :
                                                  :
---------------------------------------------------------- :

### AFFIDAVIT OF DAVID B. SMITH

COUNTY OF CHESTER                      :
                                       : ss.
COMMONWEALTH OF PENNSYLVANIA           :

      I, David B. Smith, after being duly sworn according to law, depose and say the following:

      1.      I am a member of Smith Kane Holman, LLC ("Smith Kane").

      2.      Pursuant to an order entered by the United States Bankruptcy Court for the Eastern District of Pennsylvania in the above captioned bankruptcy case, Smith Kane has been employed as counsel for the debtor Island View Crossing II, L.P. ("Island View").

      3.      I have acted as primary counsel for Island View and have been in charge of and have overseen Smith Kane's representation of Island View throughout the course of its bankruptcy proceeding.

      4.      On December 21, 2017, Christine Shubert was appointed as interim chapter 11 trustee ("Interim Trustee") for Island View.

      5.      On December 22, 2017, two of Island View's largest scheduled unsecured creditors filed separate requests for the United States Trustee to hold a meeting for unsecured creditors to vote upon and elect a chapter 11 trustee.

6. The United States Trustee scheduled a meeting to be held on January 11, 2018, for the election of a chapter 11 trustee.

7. Beginning in the afternoon of January 10, 2018, I received electronic notices that the Interim Trustee and Prudential Savings Bank ("Prudential") began filing numerous objections to scheduled and filed claims against Island View.

8. Prior to filing her objection, neither the Interim Trustee nor her counsel requested from me or, to my knowledge, anyone at Smith Kane any documents or other information about the creditor claims to which she and Prudential ultimately objected. As of the date of this affidavit, neither the Interim Trustee nor her counsel have requested from me or, to my knowledge, anyone at Smith Kane any information concerning the claims that they have disputed.

9. As of the date of this Affidavit, the Interim Trustee has not made any request of me or, to my knowledge, anyone else at Smith Kane to obtain access to or the turnover of key corporate books or records relating to Island View and its development or even made a request to communicate with the Debtor to get a better understanding of the Island View project, existing permits and approvals, and the development plans.

I, David B. Smith, affirm that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

_____
DAVID B. SMITH

Sworn to and subscribed before me
this 12th day of _____ 2018.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
JANEEN LANG, Notary Public
Chester County
My Commission Expires October 31, 2021
Commission Number 1204643

BUSINESS # 3462917 v.1