# Exhibit "A"

---

**Fill in this information to identify the case:**

Debtor 1   Island View Crossing II, L.P.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Eastern District of Pennsylvania

Case number   17-14454 (ELF)

---

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Stradley Ronon Stevens & Young, LLP<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Michael J. Cordone, Stradley Ronon, et al<br>Name<br><br>2600 One Commerce Square<br>Number    Street<br><br>Philadelphia,      PA       19103<br>City               State          ZIP Code<br><br>Contact phone  (215) 564-8000<br><br>Contact email  mcordone@stradley.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number    Street<br><br>City               State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____      Filed on _____<br>                                                                                            MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _0_ _0_ _0_ _1_

**7. How much is the claim?**   $_____ 1,680,625.69 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Legal Services performed (See attached Addendum)

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                        $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured:  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/21/2017
                   MM / DD / YYYY

**/s/ Michael J. Cordone**
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Michael | J. | Cordone |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Attorney for Creditor |
|---|---|

| Company | Stradley Ronon Stevens & Young, LLP |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 2600 One Commerce Square |
|---|---|
| | Number   Street |
| | Philadelphia                              PA          19103 |
| | City                                      State       ZIP Code |

| Contact phone | (215) 564-8000 | Email | mcordone@stradley.com |
|---|---|---|---|

# ADDENDUM
## TO PROOF OF CLAIM OF
## STRADLEY RONON STEVENS & YOUNG, LLP
## BANKRUPTCY CASE NO. 17-14454 (ELF)
## IN RE: ISLAND VIEW CROSSING II, L.P.

As of June 30, 2017 (the "Petition Date"), Island View Crossing II, L.P. (the "Debtor") was indebted to Stradley Ronon Stevens & Young, LLP (the "Claimant") in the total principal amount of $1,680,625.69, representing fees and costs for legal services rendered by Claimant to the Debtor from November 2015 through the Petition Date.

A summary of charges is attached to this Addendum. The detailed bills for the services provided relate to ongoing litigation and are privileged and confidential, but have been provided to the Debtor.

While not itemized herein, Claimant's claim shall include all accruing interest and late charges which are to be added to the debt figure set forth above, to the extent permitted under the Bankruptcy Code.

This claim is filed as an unsecured claim. Without limiting the foregoing or in any way waiving, modifying or prejudicing Claimant's rights, Claimant reserves the right to amend this claim.

Moreover, the execution and filing of this Proof of Claim does not constitute: (a) a waiver or release of Claimant's rights against any other entity or person liable for all or part of the fees; (b) a consent by Claimant to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving the Claimant; (c) a consent by the Claimant to the treatment of any non-core claim against it as a core claim; (d) a waiver of the right to move to withdraw the reference with respect to the subject matter of the claim or otherwise, including without limitation any objection or other proceedings commenced with respect thereto, or any proceedings commenced against or otherwise involving the Claimant; (e) an election of remedies that waives or otherwise affects any other remedies; or (f) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable.

## Unpaid Invoice Summary



| Matter Description | Bank Negotiations for Island View Crossings Community | Period | LTD |
| --- | --- | --- | --- |
| Matter Number | 188525-0001 ▸ | | |

| Type | Description | Invoice | Date | Fees | Costs | Other | Total |
| --- | --- | --- | --- | ---: | ---: | ---: | ---: |
| BILL | BILL | 10378024 | 2/2/2016 | 29,000.00 | 11.96 | 0.00 | 29,011.96 |
| BILL | BILL | 10382427 | 3/31/2016 | 52,081.00 | 6.90 | 0.00 | 52,087.90 |
| BILL | BILL | 10385193 | 4/29/2016 | 116,887.50 | 336.34 | 0.00 | 117,223.84 |
| BILL | BILL | 10387210 | 5/31/2016 | 71,452.00 | 734.18 | 0.00 | 72,186.18 |
| BILL | BILL | 10389610 | 6/30/2016 | 106,618.50 | 299.10 | 0.00 | 106,917.60 |
| BILL | BILL | 10391095 | 7/22/2016 | 74,079.00 | 56.46 | 0.00 | 74,135.46 |
| BILL | BILL | 10394002 | 8/30/2016 | 26,997.00 | 44.16 | 0.00 | 27,041.16 |
| BILL | BILL | 10396045 | 9/30/2016 | 104,602.00 | 166.02 | 0.00 | 104,768.02 |
| BILL | BILL | 10398330 | 10/28/2016 | 61,257.00 | 1,547.00 | 0.00 | 62,804.00 |
| BILL | BILL | 10399533 | 11/16/2016 | 51,396.00 | 927.15 | 0.00 | 52,323.15 |
| BILL | BILL | 10399945 | 11/28/2016 | 123,224.00 | 0.00 | 0.00 | 123,224.00 |
| BILL | BILL | 10402660 | 12/29/2016 | 135,371.00 | 1,394.02 | 0.00 | 136,765.02 |
| BILL | BILL | 17011972 | 1/31/2017 | 115,502.00 | 426.96 | 0.00 | 115,928.96 |
| BILL | BILL | 17022012 | 2/28/2017 | 130,914.50 | 313.93 | 0.00 | 131,228.43 |
| BILL | BILL | 17031565 | 3/28/2017 | 83,057.00 | 256.54 | 0.00 | 83,313.54 |
| BILL | BILL | 17042055 | 4/28/2017 | 95,739.00 | 130.75 | 0.00 | 95,869.75 |
| BILL | BILL | 17051822 | 5/30/2017 | 65,613.00 | 81.84 | 0.00 | 65,694.84 |
| BILL | BILL | 17062105 | 6/30/2017 | 91,616.00 | 188.50 | 0.00 | 91,804.50 |
| BILL | BILL | 17072283 | 7/28/2017 | 138,025.50 | 271.88 | 0.00 | 138,297.38 |
| GRAND TOTAL | GRAND TOTAL | | | 1,673,432.00 | 7,193.69 | 0.00 | 1,680,625.69 |