# Exhibit "D"

## MORTGAGE NOTE

$1,400,000.00                                        Philadelphia, Pennsylvania

                                                     September 20, 2013

**FOR VALUE RECEIVED**, the undersigned ("Maker"), hereby promises to pay to the order of **Prudential Savings Bank**, with offices at 1834 W. Oregon Avenue, Philadelphia, PA 19145-4725 (herein with all subsequent holders of this Mortgage Note (the "Note") referred to, collectively, as "Payee"), at the offices of Payee or at such other place as Payee shall designate in writing, without deduction or set off, the principal amount of **One Million Four Hundred Thousand  ($1,400,000.00) Dollars**, in lawful money of the United States of America, with interest thereon from the date hereof at the Interest Rate of **Four and Three Eighths (4.375% ) Percent** per annum on the unpaid balance of principal, interest and principal to be paid as set forth below.

1.    **Security.**  This Note is executed and delivered in connection with a commercial transaction and is secured by or is intended to be secured by (a) a Mortgage and Security Agreement dated this date to be given by Maker to Payee (the "Mortgage"), which Mortgage is intended to be recorded following its execution, and is intended to mortgage, among other things, certain lot of piece of ground with the buildings and improvements thereon erected situate and known as **Lot No.  119 Radcliffe Street, Bristol, Bucks County, PA**, as more fully described in the Mortgage (and referred to in the Mortgage and herein as the "Mortgaged Premises"); (b) an Assignment of Rents and Leases dated this date to be given by Maker to Payee (the "Assignment"), which Assignment is intended to be recorded following its execution, and is intended to assign to Payee all leases now or hereafter in existence with respect to the Mortgaged Premises, or any part thereof (the "Leases") and all rents, income, profits, revenues, proceeds, deposits, rights and benefits due or to become due under the Leases; and (c) other documents given or to be given as security for the indebtedness evidenced by this Note.  This Note, together with the Mortgage, the Assignment, and all other documents executed in connection therewith are sometimes referred to herein collectively as the "Loan Documents" or individually as a "Loan Document", all of which are incorporated herein by reference thereto.

2.  **Repayment; Maturity.**

2.1.        The principal balance hereof, together with interest at the rate of **4.375%**  Percent per annum, shall be repaid in **thirty six (36)** consecutive monthly installments of **Seven Thousand Six Hundred Eighty Two Dollars and Sixty Six Cents ($7,682.66)** commencing on **November 1, 2013** (interest shall accrue on the principal balance hereof from the date hereof and the amount of such accrual shall be paid on the date of the Note  and each additional installment shall be payable on the first day of each month thereafter as hereinbefore set forth  and a final installment of the entire unpaid principal balance hereof, together with accrued and unpaid interest, if any, and all other amounts payable to Payee pursuant to the Loan Documents, shall be payable (subject to the provisions hereof) on **October 1, 2016 (3 year balloon based on 25 year**

ISLAND VIEW CROSSING II, L.P.        Fixed Rate Note Balloon Confession                                        1

**amortization).**  The amount payable in each of the monthly installments shall be the amount calculated to amortize a loan in an amount equal to the principal amount hereof on the date hereof at the Interest Rate hereinbefore set forth by equal monthly installments over a thirty (30) year period.  All payments made pursuant to this Section 2.1 shall be applied in the following order:

> (i) to the accrued and unpaid interest on the outstanding principal balance hereof,
>
> (ii) to the outstanding principal balance hereof.
>
> (iii) amounts due for taxes, assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the property.
>
> (iv) to late charges, if any,

2.2.  The entire unpaid principal amount hereof, together with accrued but unpaid interest thereon and all other amounts payable hereunder or under any of the Loan Documents shall be due and payable, if not sooner paid, on **October 1, 2016**  (the "Maturity Date"), or any earlier date as a result of a declaration of maturity made by Payee, whether by acceleration or otherwise in accordance with the Loan Documents.

2.3.  The principal amount of this Note is pre-payable in whole or in part at any time without penalty.

### 3. Additional Payments.

3.1.  In addition to the payments provided for above, Maker promises to pay on demand any additional monies required to be paid or advanced by Maker or paid or advanced on behalf of Maker by Payee pursuant to the terms of the Mortgage and the other Loan Documents.  This Note shall evidence, and the Mortgage and other Loan Documents shall secure the payment of, all such sums so advanced or paid.

3.2.  **Late Charge.**  In the event that any payment of principal or interest due to Payee hereunder shall not be paid when due and shall remain unpaid in excess of fifteen (15) days after the due date, in addition to and not in limitation of any other rights or remedies which Payee may have in respect thereof under any of the Loan Documents or in respect of any Collateral, Maker shall pay Payee on demand a "late charge" computed at the rate of five cents ($.05) for each dollar (or part thereof) of the amount not paid, to cover the extra expense and inconvenience to Payee in ensuring payment of such delinquent amount.  Maker acknowledges that its failure to pay any amount due hereunder within such fifteen (15) day period will result in Payee incurring additional expense in servicing the Loan, the loss of the use of the money due and frustration to Payee in meeting its loan commitments, that the damages to Payee in connection with such late payment are extremely difficult and impractical to ascertain, and that a sum equal to five cents ($.05) for each dollar which is not paid within such fifteen (15) day period is a reasonable estimate of the damages incurred by Payee in connection with any such late payment.  The amount of any such "late charge" not paid promptly following demand

ISLAND VIEW CROSSING II, L.P.      Fixed Rate Note Balloon Confession                                         2

therefore shall be deemed outstanding and payable pursuant to this Note and secured by the Collateral.

4.    **Respecting Interest.** In the event the interest provisions hereof or any exactions provided for herein or in any of the Loan Documents shall result in an effective rate of interest which, for any period of time, exceeds the limit of any usury or other law applicable to the loan evidenced hereby, all sums in excess of those lawfully collectible as interest for the period in question shall, without further agreement or notice between or by any party hereto, be applied toward repayment of outstanding principal immediately upon receipt of such monies by Payee with the same force and effect as if Maker had specifically designated such extra sums to be so applied to principal and Payee had agreed to accept such extra payment(s) in repayment of the principal balance hereof. Notwithstanding the foregoing, however, Payee may at any time and from time to time elect, by notice in writing to Maker, to reduce or limit the collection of any interest to such sums which shall not result in any payment of interest in excess of that lawfully collectible. Maker agrees that in determining whether or not any interest payable under this Note exceeds the highest rate permitted by law, any non-principal payment, including without limitation late charges, shall be deemed to the extent permitted by law to be an expense, fee, premium or penalty, rather than interest.

5.    **Events of Default.** Each of the following shall constitute an event of default hereunder (an "Event of Default"); (a) failure of Maker to make any installment of principal or interest hereunder when due and payable, (b) the occurrence of any default hereunder or any Event of Default as defined in the Mortgage or in any other Loan Documents, (c) any act or failure to act which constitutes a default under any other Mortgage which is a lien on the herein described premises or  (d) the occurrence of any other event which entitles Payee to declare all indebtedness hereunder due and payable.

6.    **Remedies.** If an Event of Default exists, after the expiration of ten (10) days notice to Maker of the Event of Default in the case of a default provided by Paragraph 5(a) and thirty (30) days notice to Maker of the Event of Default in the case of the default under Paragraph 5(b),(c) or (d) and Maker having failed to cure said Event of Default within the ten (10) day or thirty (30) day period, respectively, Payee may exercise any right, power or remedy permitted by law or as set forth herein or in the Mortgage or in any other Loan Document and, without limiting the generality of the foregoing, Payee shall thereupon have the right to declare the entire unpaid principal amount hereof and all interest accrued hereon, and all other sums secured by the Mortgage or by any other Loan Document to be, and such principal, interest and other sums shall thereupon become, forthwith due and payable.

7.    **Confession of Judgment.** MAKER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR MAKER IN ANY SUCH COURT (UPON THE OCCURRENCE OF AN EVENT OF DEFAULT HEREUNDER) AT ANY TIME TO WAIVE THE ISSUANCE AND SERVICE OF PROCESS AND TO CONFESS AND ENTER JUDGMENT AGAINST MAKER AND IN FAVOR OF PAYEE FOR SUCH AGGREGATE AMOUNT AS IS UNPAID, WITH ACCRUED INTEREST, TOGETHER WITH COSTS AND ATTORNEY'S FEES EQUAL TO FIVE (5%) PERCENT OF THE INDEBTEDNESS THEN DUE HEREON, BUT NOT LESS THAN TEN THOUSAND ($10,000.00) DOLLARS.  MAKER HEREBY RATIFIES AND CONFIRMS ALL THAT THE ATTORNEY MAY DO BY VIRTUE HEREOF AND WAIVES AND RELEASES ALL PROCEDURAL ERRORS WHICH MAY INTERVENE IN SUCH PROCEEDINGS, IF A COPY OF THIS NOTE SHALL BE PRODUCED IN ANY PROCEEDING BROUGHT UPON THE WARRANT OF

ATTORNEY CONTAINED IN THIS SECTION 7, SUCH COPY SHALL BE CONCLUSIVE EVIDENCE OF SUCH ATTORNEY'S AUTHORITY TO TAKE THE ACTION SPECIFIED HEREIN AND IT SHALL NOT BE NECESSARY TO PRODUCE THE ORIGINAL INSTRUMENT, THE AUTHORITY GRANTED HEREIN TO CONFESS JUDGMENT AGAINST MAKER SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, BUT MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS THERE IS OCCASION THEREFORE UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE HEREUNDER AND ALL AMOUNTS DUE UNDER THE MORTGAGE OR ANY OTHER LOAN DOCUMENT, THE EXERCISE BY PAYEE OF PAYEE'S RIGHTS AND REMEDIES AND THE ENTRY OF ANY JUDGMENT BY PAYEE UNDER THIS PARAGRAPH SHALL NOT AFFECT IN ANY WAY THE INTEREST RATE PAYABLE HEREUNDER OR UNDER ANY OF THE OTHER LOAN DOCUMENTS OR ANY AMOUNTS DUE TO PAYEE , BUT INTEREST SHALL CONTINUE TO ACCRUE ON SUCH AMOUNTS AT THE DEFAULT RATE (AS HEREAFTER DEFINED)

   **8.**   **Rights Cumulative.**  The rights and remedies of Payee as provided herein and in any other Loan Documents, and all warrants of attorney contained herein and therein shall be cumulative and concurrent, and may be pursued singly, successively or together against Maker or the Mortgaged Premises, at the sole discretion of Payee; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release of the same. Payee shall not by any act of omission or commission be deemed to waive any of its rights or remedies under this Note unless such waiver is in writing and signed by Payee, and then only to the extent specifically set forth therein; and a waiver of one event shall not be construed as continuing or as a bar to or waiver of such right or remedy on a subsequent event.

   **9. Waivers.**

   9.1.      Maker expressly waives presentment for payment, demand, notice of dishonor, protest, notice of protest, diligence of collection, and any other notice of any kind, and hereby consents to any number of renewals and extensions each of which shall not affect the liability of any party hereto. Maker further agrees that Payee may accept, by way of compromise or settlement, from any one or more of the parties liable hereunder a sum or sums less than the amount of this Note, and may give releases to such parties without affecting the liability of *any* other party for the unpaid balance. Any such renewals or extensions may be made and any such partial payments accepted or releases given without notice to any such party.

   9.2.  Maker hereby waives and releases all procedural errors defects and imperfections in any proceedings instituted by Payee under the terms of this Note, or of any other Loan Document, as well as all benefit that might accrue to Maker by virtue of any present or future laws exempting the Mortgaged Premises, or any other property, real, personal or mixed, or any part of the proceeds arising from any sale of such property, from attachment, levy or sale under execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment, Maker agrees that any real estate that may be levied upon pursuant to a judgment obtained by virtue hereof, or upon any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Payee.

   **10.  Default Rate.**  Following the occurrence of any event of default and continuing either until such event of default is cured or until the principal sum then outstanding hereunder and all other sums payable under the Loan Documents are paid in full, the principal sum outstanding hereunder shall bear interest at the applicable

interest rate in effect from time to time pursuant to paragraph I hereof plus three (3%) percent per annum ("Default Rate") and shall be secured by the Collateral.

**11. <u>Costs and Expenses</u>.** Following the occurrence of any event of default, Maker shall pay upon demand all reasonable costs and expenses (including all reasonable amounts paid to attorneys, accountants, real estate brokers and other advisors employed by Payee), incurred by Payee in the exercise of any of its rights, remedies or powers under any of the Loan Documents, or as a secured or unsecured creditor of any Maker in any federal or state bankruptcy proceedings, or with respect to any Collateral with respect to such event of default, and any amount thereof not paid promptly following demand therefore shall be added to the principal sum hereunder and shall bear interest at the Default Rate from the date of such demand until paid in full, and shall be secured by the Collateral. In connection with and as part of the foregoing, in the event that any of the Loan Documents is placed in the hands of an attorney for the collection of any sum payable thereunder, Maker agrees to pay reasonable attorney's fees for the collection of the amount being claimed under the Loan Documents, as well as all costs, disbursements and allowances provided by law, the payment of which sums shall be secured by the Collateral. Nothing in this paragraph 11 shall limit the obligation of Maker to pay any and all costs and expenses for which Maker is otherwise liable under any of the Loan Documents.

**12. <u>Construction of Terms</u>.** The word "Maker" whenever used herein is intended to and shall be construed to mean the persons or entities who have executed this Note, and their heirs, legal representatives, successors and assigns, and the liability of each person or entity named as Maker shall be joint and several. All covenants, promises, agreements, authorizations, waivers, releases, options, undertakings, rights and benefits made or given herein by Maker shall bind and affect all persons who are hereinabove defined as "Maker" as fully as though all such persons were specifically named herein whenever the term "Maker" is used. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

**13. <u>Exclusive Jurisdiction; Trial by Jury</u>.** Maker hereby consents to the exclusive jurisdiction of the Court of Common Pleas of Philadelphia County, Pennsylvania in any and all actions or proceedings arising hereunder or pursuant hereto, and irrevocably agrees to service of process by certified mail, return receipt requested, to its address set forth herein or such other address as Maker may direct by notice to Payee. Maker irrevocably as an independent covenant waives a jury trial and the right thereto in any action or proceeding between Maker and Payee whether hereunder or otherwise.

**14. <u>Modifications</u>.** This Note may not be changed orally, but only by an agreement in writing signed by Maker and Payee.

**15. <u>Time of Essence</u>.** Time is of the essence of each and every provision of this Note.

**16. <u>Governing Law</u>.** This Note shall be governed by and construed according to the laws of the Commonwealth of Pennsylvania.

**17. <u>Captions</u>.** The captions or headings preceding the text of the paragraphs hereof are inserted

solely for convenience of reference and shall not constitute a part of this Note nor shall they affect its meaning, construction or effect.

    18. <u>Severability</u>. If any provision of this Note or the application thereof is held by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions hereof shall not be affected thereby, and each provision of this Note shall be valid and enforceable to the fullest extent permitted by law.

    19. <u>Successors and Assigns</u>. This Note inures to the benefit of Payee and binds Maker, and their respective successors and assigns, and the words "Payee" and "Maker" whenever occurring herein shall be deemed and construed to include such respective successors and assigns.

    20. <u>Notices</u>. All notices, requests and demands to or upon the parties hereto shall be in writing and shall be deemed to have been duly given or made if delivered in person, immediately upon delivery; if by facsimile transmission, immediately upon sending and upon confirmation of all transmission; if by nationally recognized overnight courier service with instructions to deliver the next business day, one (1) business day after sending; and if by registered or certified mail, return receipt requested, five (5) days after mailing. All notices, requests and demands upon the parties are to be given to the following addresses (or to such other address as any Party may designate by notice in accordance with this Section):

      **MAKER:**   Renato J. Gualtieri
                 One South State Street
                 Newtown, PA 18940

      **PAYEE:**   Prudential Savings Bank
                 1834 W. Oregon Avenue
                 Philadelphia, PA 19145
                 Attention: Salvatore Fratanduono, Sr. VP/CLO

                 **with a copy to:**

                 Jerome R. Balka, Esquire
                 Two Penn Center, Suite 520
                 1500 John F. Kennedy Blvd.
                 Philadelphia, PA 19102-1756

    21. <u>Definitions; Number and Gender</u>. In the event Maker consists of more than one person or entity, the obligations and liabilities hereunder of each of such persons and entities shall be joint and several and the word "Maker" shall mean all or some or any of them. For purposes of this Note, the singular shall be deemed to include the plural and neuter shall be deemed to include the masculine and feminine, as the context may require, The references herein to the Loan Documents or any one of them shall include any supplements to or any amendments of or restatements of such Loan Documents or any one of them.

**22. Incorporation by Reference.** All of the terms and provisions of the Loan Documents, to the extent not inconsistent herewith, are hereby incorporated herein by reference.

**IN WITNESS WHEREOF**, Maker has caused this Note to be duly executed the day and year first above written.

**ISLAND VIEW CROSSING II, L.P., A**
**PA Limited Partnership**
**By: Island View Properties, Inc., its**
**General Partner**

by: _____
Renato J. Gualtieri, President

_____
Renato J. Gualtieri, Individually

**AMERICORP HOMES, INC., A**
**PA Corporation**

by: _____
Renato J. Gualtieri, President

**ISLAND VIEW PROPERTIES, INC., A**
**PA Corporation**

by: _____
Renato J. Gualtieri, President

**Lot 119, Radcliffe Street**
**Bristol, Bucks County, PA 19007**
   **Property Address**