# **Exhibit "G"**

## NOTE

**Philadelphia, Pennsylvania**

**November 26, 2014**

**$5,541,468.00**

  **FOR VALUE RECEIVED,** and intending to be legally bound, **Island View Crossing II, L.P., A PA Limited Partnership**, having an address at One South State Street, Newtown, PA 18940 **and Island View Properties, Inc., its General Partner and Renato J. Gualtieri** ("Maker"), hereby promises to pay to the order of **Prudential Savings Bank,** with office at 1834 W. Oregon Avenue, Philadelphia, PA 19145 ("Payee") the principal sum of **Five Million Five Hundred Forty One Thousand Four Hundred Sixty Eight ($5,541,468.00) Dollars** or so much thereof as shall have been advanced for Maker's account and shall be outstanding from time to time, together with interest thereon from the date or dates on which such sum is advanced upon the terms and conditions hereinafter set forth.

  **1. Note.** This Note is the "Note" as defined in that certain Development Construction Loan Agreement of even date herewith (the "Loan Agreement") between Island View Crossing II, L.P. and Payee, the terms and provisions of which Loan Agreement are incorporated herein and made a part hereof Capitalized terms not defined herein shall have such meaning as provided in the Loan Agreement.

  **2. Interest Rate.** Interest only shall accrue at a definite and certain, but variable per annum rate equal to One (1%) per annum in excess of the Prime Rate effective from time to time (the "Interest Rate"), which Interest Rate shall change each time the Prime Rate is changed; however, in no event shall the interest rate ever be less that five (5%) percent. For purposes of this Note, the term "Prime Rate" means the rate if interest publically annonced as such from time to time in the Money Rates Section of the New York edition of the Wall Street Journal. If the Wall Street Journal ceases to be published or is otherwise not published for any significant time period or if it ceases to publish a "Prime Rate", then the Payee may use any similar published prime or base rate. If and when the Prime Rate changes, the rate of interest on this Note shall change automatically without notice to Maker effective on the date of any change. Interest shall be calculated onthe basis of a three hundred sixty (360) day year for the actual number of days elapsed in each calendar year.

  **3. Default Rate.** Notwithstanding the foregoing, interest will accrue and be payable on any outstanding principal amount hereof and all other sums payable under the Loan Documents not paid when due (whether at the stated maturity date thereof or by reason of any requirement for the prepayment thereof, by acceleration or otherwise), until paid at the rate per annum that is three (3%) percent in excess of the Interest Rate (the "Default Rate").

  **4. Monthly Payments; Maturity.** Interest only on the outstanding principal balance hereof at the Interest Rate shall be due and payable monthly in arrears on the first day of each

Island View Crossing II, L.P.  Note 11.26.14  1

calendar month during the term hereof, commencing on **December 1, 2014.** Unless sooner paid pursuant to the terms of Paragraph 5 hereinbelow, on **November 1, 2019**, the entire principal balance of this Note, together with all accrued and unpaid interest thereon and all other sums due and payable hereunder or under the Loan Agreement or any other document executed and delivered in connection herewith, or therewith shall be due and payable in full without prior notice or demand.

**5. Prepayment.** Maker shall have the right to prepay, without premium or penalty, the principal sum hereof, in whole or in part, at any time, provided that such prepayment is accompanied by the payment of all interest accrued hereunder to the date of prepayment and all other fees and charges due hereunder or under the Loan Documents (as hereinafter defined), and provided further that Maker shall have satisfied all of its obligations under the Loan Documents. Any prepayment of part of the principal sum hereof shall not relieve Maker of the obligation to pay periodic installments of interest as and when such installments of interest would otherwise fall due, or to make principal reductions upon the sale of each house, nor of any obligations hereunder. Any partial prepayment shall be applied first to any costs or fees due Payee, then to any accrued and unpaid interest, and then to the principal sum due hereunder.

**6. Place of Payment.** Principal and interest hereunder shall be payable at the office of Payee set forth in the heading hereof, or at such other place as Payee, from time to time, may designate in writing.

**7. Late Charge.** If any installment of principal and/or interest or any other payment is not paid within fifteen (15) days after the date on which it is due under the terms of this Note or any of the other Loan Documents, then there shall also be immediately due and payable a late charge at the rate of five ($.05) cents for each dollar of such delinquent payment, to cover the extra expense involved in handling delinquent payments.

**8. Security.** In addition to all rights, interests and remedies provided for elsewhere in this Note, repayment of this Note is secured by, and Payee shall be entitled to, all the rights and remedies provided in the Loan Agreement, including, without limitation, all of the terms, agreements, conditions, covenants, provisions and stipulations contained therein and in all other documents providing security for this Note or executed or delivered in connection herewith, all of even date herewith (collectively the "Loan Documents"). All of the terms, conditions, agreements, covenants, provisions and stipulations contained in any of the Loan Documents are hereby made a part of this Note to the same extent and with the same force and effect as if they were fully set forth herein, and Maker hereby covenants and agrees to keep and perform, or to cause to be kept and performed, all such terms, conditions, agreements, covenants, provisions and stipulations strictly in accordance with these terms.

**9. Default; Acceleration; Remedies.** Should there occur an Event of Default (as defined in the Loan Agreement or any of the other Loan Documents), then Payee, at its option and without notice to Maker, may declare immediately due and payable the entire unpaid balance of principal and all other sums due by Maker hereunder or under the Loan Documents, together with interest accrued thereon at the applicable rate specified herein to the date of default and thereafter at the Default Rate, anything herein or in the Loan Documents to the contrary notwithstanding.

Upon such a declaration of all such sums becoming due and payable by reason of such Event of Default, payment thereof may be enforced and recovered in whole or in part at any time by one or more of the remedies provided to Payee in this Note or in the Loan Documents. If Payee employs counsel to enforce this Note by suit or otherwise, Maker will reimburse Payee for all reasonable costs of suit and other reasonable expenses in connection therewith, whether or not suit is actually instituted, together with an attorney's fee for collection equal to five (5%) percent of the outstanding principal balance of this Note and unpaid accrued interest, but in no event less than Twenty Thousand ($20,000.00) Dollars, and all costs of suit and other expenses.

**10. Confession of Judgment.** MAKER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR FOR MAKER AT ANY TIME AFTER THE OCCURRENCE OF AN EVENT OF DEFAULT HEREUNDER, UNDER THE LOAN AGREEMENT OR THE OTHER LOAN DOCUMENTS IN ANY ACTION BROUGHT AGAINST MAKER ON THIS NOTE OR THE LOAN DOCUMENTS AT THE SUIT OF PAYEE, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM, AND THEREIN TO CONFESS OR ENTER JUDGMENT AGAINST MAKER FOR THE ENTIRE UNPAID OUTSTANDING PRINCIPAL BALANCE OF THIS NOTE AND ALL OTHER SUMS TO BE PAID BY MAKER TO OR ON BEHALF OF PAYEE PURSUANT TO THE TERMS HEREOF AND OF THE LOAN DOCUMENTS AND ALL ARREARAGES OF INTEREST THEREON, TOGETHER WITH AN ATTORNEY'S FEE FOR COLLECTION EQUAL TO TEN (10%) PERCENT OF THE OUTSTANDING PRINCIPAL BALANCE AND ACCRUED BUT UNPAID INTEREST, BUT IN NO EVENT LESS THAN FIVE THOUSAND ($5,000.00) DOLLARS, AND ALL COSTS OF SUIT AND OTHER EXPENSES; AND FOR SO DOING THIS NOTE OR A COPY HEREOF VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT. THE AUTHORITY GRANTED HEREIN TO CONFESS JUDGMENT SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL THE AMOUNTS DUE HEREUNDER.

MAKER KNOWINGLY WAIVES ITS RIGHT TO BE HEARD PRIOR TO THE ENTRY OF SUCH JUDGMENT AND UNDERSTANDS THAT, UPON SUCH ENTRY, SUCH JUDGMENT SHALL BECOME A LIEN ON ALL REAL PROPERTY OF MAKER IN THE COUNTY WHERE SUCH JUDGMENT IS ENTERED.

**11. Remedies Cumulative, Etc.**
(a) Remedies. The remedies of Payee provided herein or in the Loan Documents shall be cumulative and concurrent, may be pursued singly, successively or together at the sole discretion of Payee, and may be exercised as often as occasion therefor shall occur; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof.

(b) Recovery of Judgments. The recovery of any judgment by Payee and/or the levy of execution under any judgment upon any collateral securing this Note shall not affect in any manner or to any extent the lien of any mortgage securing this Note upon, or any security interest in, such collateral, or any rights, remedies or powers of Payee under any of the Loan Documents, but such liens and such security interest, and such rights, remedies and powers of Payee, shall continue unimpaired as before. The exercise by Payee of its rights and remedies and the entry of any judgment by Payee shall not adversely affect in any way the interest rates payable hereunder on any amounts due to Payee, but interest shall continue to accrue on such amounts at the Default

Island View Crossing II, L.P.        Note 11.26.14                                    3

Rate specified herein.

(c) <u>Release.</u>  Maker agrees that Payee may release, compromise, forbear with respect to, waive, suspend, extend or renew any of the terms of the Loan Documents (and Maker hereby waives any notice of any of the foregoing), and hereby agrees that the Loan Documents may be amended, supplemented or modified by Payee and the other signatory parties and that Payee may resort to any guaranty or any collateral in such order and manner as it may think fit, or accept the assignment, substitution, exchange or pledge of any other collateral or guaranty in place of, or release for such consideration, or none, as it may require, all or any portion of any collateral or any guaranty, without in any way affecting the validity of the lien over or other security interest in the remainder of any such collateral (or the priority thereof or the position of any subordinate holder of any security interest with respect thereto), or any rights that it may have with respect to any other guaranty.  Any action taken by Payee pursuant to the foregoing shall in no way be construed as a wavier or release of any right or remedy of Payee, or of any Event of Default, or of any liability or obligation of Maker, under any of the Loan Documents.

(d) <u>Consent to Jurisdiction.</u>  Maker and each endorser agree that any action or proceeding against it, them or any of them to enforce this Note or the Loan Document may be commenced in any state or federal court in any county in the Commonwealth of Pennsylvania, and Maker waives personal service of Process and agrees that a summons and complaint commencing an action or proceeding in any such court shall be properly served and shall confer personal jurisdiction if served by registered or certified mail to Maker at its address appearing herein.  Maker and each endorser agree that such service upon Maker or upon any endorser shall constitute service upon all of them, each hereby appointing the other their attorney-in-fact for the purpose of acceptance of such service.

**12. Waivers and Releases.**  To the extent permitted by applicable law, Maker and each endorser, jointly and severally, hereby waive and release all errors, defects and imperfections in any proceedings instituted by Payee under the terms of this Note or the Loan Documents, as well as all benefits that might accrue to Maker by virtue of any present or future laws exempting any other property, real or personal, or any part of the proceeds arising from any sale of any such property, from attachment, levy or sale under execution, or providing for any stay of execution to be issued on any judgment recovered on this Note and any warrant contained herein or attached hereto or in any replevin or foreclosure proceeding, or otherwise providing for any valuation, appraisal or exemption from civil process or extension of time for payment.  Maker and each endorser, jointly and severally, further waive the right to inquisition on any real estate that may be levied upon under a judgment obtained by virtue hereof, and agrees that any real estate that may be levied upon pursuant to a judgment obtained by virtue hereof, on any writ of execution issued thereon, may be sold upon any such writ in whole or in part in any order desired by Payee.  Maker and each endorser consent to immediate execution of any judgment.

**13. Additional Waivers.**  Maker and all endorsers, sureties and guarantors hereby jointly and severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest and notice of protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note; any requirement for bonds, security or sureties required by statute, court rule or otherwise; any

Island View Crossing II, L.P.        Note 11.26.14                                    4

demand for possession of any collateral securing payment of this Note prior to commencement of any suit; and all rights to recover attorney's fees and costs in the event Maker and/or any surety is successful in any action to remove or suspend a judgment entered by confession. They agree that the liability of each of them shall be unconditional, without regard to the liability of any other party, and shall not be affected in any manner by any indulgence, extension of time, renewal, waiver or modification granted or consented to by Payee. Maker and all endorsers, sureties and guarantors consent to any and all extensions of time, renewals, waivers or modifications that may be granted by Payee with respect to the payment or other provisions of this Note, and to the release of the collateral securing this Note or any part thereof, with or without substitution, and agree that additional makers, endorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.

**14. Costs and Expenses.** Maker shall pay upon demand all costs and expenses (including all amounts paid to accountants, real estate brokers and other advisors employed by Payee and/or for labor and materials), incurred by Payee in connection with the preparation of, and the exercise by Payee of any of its rights, remedies or powers under this Note or under the Loan Documents or with respect to any guaranty or any collateral, and any amount hereof not paid promptly following demands therefor shall be added to the principal sum hereunder and shall bear interest at the Default Rate set forth herein from the date of such demand until paid in full, and shall be secured by the Loan Documents and all other collateral securing this Note.

Maker shall pay the cost of any revenue, tax or other stamps or levies now or hereafter required by law regarding this Note and the Loan Documents; and if any taxes be imposed with respect to debts secured by mortgages, or with respect to notes evidencing debts so secured, maker shall pay to Payee upon demand the amount of such taxes and, to the extent permitted under applicable law, hereby waives any contrary provisions of any laws or rules of court now or hereafter in effect. This shall not apply to income or similar taxes.

**15. Severability.** If any provision of this Note is held to be invalid or unenforceable by a court of competent jurisdiction, the other provisions of this Note shall remain in full force and effect and shall be liberally construed in favor of Payee in order to effect the provisions of this Note.

**16. Limitation of Interest to Maximum Lawful Rate.** In no event shall the rate of interest payable hereunder exceed the maximum rate of interest permitted to be charged by applicable law (including the choice of law rules) and any interest paid in excess of the permitted rate shall be refunded to Maker. Such refund shall be made by application of the excessive amount of interest paid against any sums outstanding and shall be applied in such order as Payee may determine. If the excessive amount of interest paid exceeds the sums outstanding, the portion exceeding the said sums outstanding shall be refunded in cash to Maker by Payee. Any such crediting or refund shall not cure or waiver any default by Maker hereunder. Maker agrees, however, that in determining whether or not any interest payable under this Note exceeds the highest rate permitted by law, any non-principal payment, including, without limitation, prepayment fees and late charges, shall be deemed to the extent permitted by law to be an expense, fee, premium or penalty rather than interest.

Island View Crossing II, L.P.          Note 11.26.14                                    5

**17. Limitation on Payee's Waivers.** Payee shall not be deemed, by any act of omission or commission, to have waived any of its rights or remedies hereunder unless such waiver is in writing and signed by Payee, and then only to the extent specifically set forth in the writing. A waiver with respect to one event shall not be construed as continuing or as a bar to or waiver of any right or remedy with respect to a subsequent event.

**18. Applicable Law.** This instrument shall be governed by and construed according to the laws of the Commonwealth of Pennsylvania.

**19. No Joint Venture.** Nothing herein contained shall be construed to create a partnership or joint venture between Payee and Maker or render Payee in any way responsible for the debts or losses of Maker.

**20. Modifications.** The provisions of this Note may be changed only by a written agreement signed by Maker and Payee.

**21. Captions.** The cation or headings of the paragraphs in this Note are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Note.

**22. Construction.** Whenever used, the singular number shall include the plural, the plural the singular and the use of any gender shall be applicable to all genders. The words "Payee", "Maker", "endorser", "surety", or "guarantor" shall be deemed to include the respective heirs, personal representatives, successors and assigns of Payee, Maker, endorser, surety and guarantor. The term "Payee" shall be deemed to include the Payee specifically named herein as "Payee" or any subsequent holder or assignee of the Note.

**23. Waiver of Jury Trial.** Maker, after consultation with counsel, knowingly, voluntarily and irrevocably waives its rights to trial by jury in any action or proceeding commenced by Maker, payee or any other party in connection with this Note or any of the Loan Documents.

**IN WITNESS WHEREOF,** Maker, intending to be legally bound hereby, has caused this Note to be duly executed, under seal, the day and year first above written.

**ISLAND VIEW CROSSING II, L.P.,**
**A PA Limited Partnership**
**by: ISLAND VIEW PROPERTIES, INC.**
   **its General Partner**

by: _____
   Renato J. Gualtieri, President

**CO-BORROWERS:**
**ISLAND VIEW PROPERTIES, INC.**
**A PA Corporation**

by: _____
   Renato J. Gualtieri, President

_____
Renato J. Gualtieri, Individually

Island View Crossing II, L.P.            Note 11.26.14                                6