**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>**ISLAND VIEW CROSSING II, L.P.,**<br><br>Debtor. | Chapter 11<br>Bankruptcy No.: 17-14454-elf<br><br>Hearing Date: January 25, 2018<br>Hearing Time: 11:00 a.m.<br>Hearing Place: Courtroom #1 |

**OBJECTIONS OF PRUDENTIAL SAVINGS BANK TO THE EMERGENCY MOTION OF STRADLEY RONON STEVENS & YOUNG LLP TO ESTIMATE ITS CLAIM FOR VOTING PURPOSES OR RULE ON THE OBJECTIONS TO ITS CLAIM PRIOR TO THE VOTE ON THE ELECTION OF A CHAPTER 11 TRUSTEE AND TO SHORTEN TIME AND EXPEDITE HEARING ON THE MOTION**

Prudential Savings Bank ("Prudential"), by and through its undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby files this Objection to the Motion of Stradley Ronon Stevens & Young LLP ("Stradley") to (a) Estimate Its Claim for Voting Purposes or Rule on the Objection to its Claim Prior to the Vote on the Election of a Chapter 11 Trustee; and (b) Shorten Time, and Expedite the Motion (the "Estimation Motion"), and in support thereof, Prudential states as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5226946

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

4. On June 21, 2017, related entity One State Street Associates, LP ("State Street") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

5. On June 30, 2017 Island View Crossing II, L.P. (the "Debtor") and related entities Calnshire Estates, LLC ("Calnshire") and Steeple Run, L.P. ("Steeple Run" or collectively with State Street, the Debtor and Calnshire, the "Debtors"), each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. No Official Committee of Unsecured Creditors has been appointed in the Debtors' cases that remain in Chapter 11.

7. With the exception of State Street, none of the Debtors are operating and thus not generating income and State Street generates its income through leasing its real property.

8. On or about August 4, 2017, Prudential filed a Motion to Convert the Debtor's bankruptcy cases or appoint a Chapter 11 Trustee (the "Conversion Motion").

9. On or about August 21, 2017 the Debtor filed a Motion for Entry of a Final Order Authorizing the Debtor to (I) Obtain Post-Petition Financing Pursuant to Sections 364 and 363 of the Bankruptcy Code, (II) Enter into Various Loan Documents, and (III) Granting Liens on Property of the Estate Senior to All Other Liens Pursuant to Section 364(d)(1) of the Bankruptcy Code and Modifying the Automatic Stay to Implement the Financing Terms (the "DIP Financing Motion").

10. On or about December 18, 2017, the Bankruptcy Court entered an Order appointing a Chapter 11 Trustee in the Debtor's Chapter 11 case and denying the DIP Financing Motion.

11. On December 21, 2017, Christine Shubert, a long standing panel Trustee in the Eastern District of Pennsylvania with over thirty (30) years of experience, as the interim Chapter 11 Trustee (the "Trustee).

12. On December 22, 2017, Stradley, who was retained post petition by the Debtor as special counsel and, upon information and belief, holds an administrative claim against the Debtor, filed a request for the United States Trustee to hold a meeting for unsecured creditors to elect a new Trustee. Stradley also represents a number of the Debtors and non Debtor entities including some entities who the Debtor's estate has potential claims against, including the Debtor's principal, Renato Gualtieri ("Gualtieri").

13. On January 10, 2018 the Trustee filed an objection to Stradley's proof of claim (the "Stradley Claim Objection").

14. In addition, on January 10 and 11, 2018, after consultation with the Trustee and the Trustee affirmatively stating through counsel that the she would not object to certain proofs of claim, Prudential filed objections to a number of proofs of claim as well as scheduled claims (the "Objected to Claims") primarily because, based on documentation attached to proofs of claim or produced by the claimants or the Debtors, they are actually creditors of affiliates of the Debtor, not the Debtor itself.

15. On January 16, 2018, the Stradley filed the Estimation Motion.

16. On January 17, 2018, the Trustee withdrew the Stradley Claim Objection.

17. Prudential submits, for the reasons stated in greater detail below and in the Reply of the Trustee to the Estimation Motion, which Prudential incorporates herein, that while Stradley may qualify to request an election of a Chapter 11 Trustee, it is not eligible to vote in any such election.

**III.     OBJECTIONS**

18. Pursuant to Section 1104(b)(1) of the Bankruptcy Code and Rule 2007.1 of the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule(s)"), upon the request of "a party in interest made not later than 30 days after the court orders the appointment of a trustee . . . the United States Trustee shall convene a meeting of creditors for the purpose of electing one disinterested person to serve as trustee in the case."

19. Once a meeting is requested, Sections 702(a), (b), and (c) of the Bankruptcy Code govern the process for the election of a chapter 11 trustee.  11 U.S.C. § 1104(b)(1).

20. Section 702(a) of the Bankruptcy Code restricts voting creditors to: (1) creditors holding allowable, undisputed, fixed and liquidated unsecured claims; (2) creditors who do not hold an interest that is materially adverse to the interest of creditors entitled to a distribution; and (3) creditors who are not insiders.

21. Here, it is respectfully submitted that Stradley is not entitled to vote at an election because its claim is not fixed, it holds claims that are materially adverse to general unsecured creditors entitled to a distribution and it is an insider.

22. Stradley represents a number of Debtor and non-Debtor affiliates, including the principal of the Debtor and its affiliates, Gualtieri and, therefore, owes ethical obligations to a number of different entities, including the Debtor and entities affiliated with the Debtor, some of which have claims against each other.

23. While Stradley has stated that it has undertaken its representation of the Debtor in the litigation against Prudential pursuant to an hourly fee arrangement, it is clear that the engagement is really a disguised contingent fee arrangement and therefore, Stradley's claim against the Debtor is not fixed, rendering it ineligible to vote in the proposed election.  This issue

was even raised by the Bankruptcy Court during the Conversion Motion. No matter how Stradley characterizes the arrangement with the Debtor, it is clear that the Debtor has no ability to pay Stradley's fees through cash flow. In fact, the Debtor's ability to pay Stradley is dependent, in large part, on the Debtor's success in the litigation against Prudential or the development of the Island View project, both of which are contingencies which may not come to fruition.

24. Regardless of the Debtor's ability to pay at the outset of the representation by Stradley, we now know through the Debtor's Schedules and Monthly Operating Reports, that it has no ability to pay Stradley going forward unless Stradley is successful in prosecuting the litigation against Prudential and therefore, the arrangement was contingent as of the Petition Date.

25. As testimony in the Conversion Motion demonstrated, even when Stradley was representing the Debtor in connection with receiving draw requests from Prudential, there was never money budgeted to pay Stradley's fees. The only source of money to pay Stradley was the litigation against Prudential or the successful development of its property

26. The circumstances of Stradley's representation is likely going to be the subject of investigation by the Trustee and its eligibility to vote should not be determined on an emergency basis.

27. In an effort to control the investigation of the Trustee and to attempt to regain control of the Debtor, Stradley is attempting to elect an out of state trustee who, upon information and belief, Stradley has engaged in transactions with in the past, an issue which may even render Stradley's candidate not disinterested.

5226946     5

28.     If successful Stradley's effort would eviscerate this Court's decision to appoint a neutral Chapter 11 trustee and instead appoint a Trustee whose only connection is the Debtor's lawyer, Stradley.

29.     The undersigned has been told that Stradley's efforts to undo this Court's order and wrestle control of the Debtor from the Trustee have extended to it attempting to recruit at least one creditor to vote in favor of its candidate for trustee by representing that if the Trustee is made the permanent trustee, unsecured creditors will receive less than if Stradley's candidate is elected.  There is no basis for such a representation and creditors who seek to vote or have given a proxy to Stradley to vote on their behalf at an election should be questioned as to any contact they have received from Stradley.

30.     Stradley has been serving as special counsel to the Debtor in the Bankruptcy Case since July 18, 2016.  In those six months, Stradley has not filed a fee application, but it clearly has incurred post petition fees which it will attempt to argue are administrative expenses of the Debtor's bankruptcy estate.

31.     Those administrative expenses represent an interest that is materially adverse to all unsecured creditors in the Debtor's case and render Stradley ineligible to vote in an election of a Chapter 11 trustee.

32.     For the foregoing reasons and for the reasons set forth in the Trustee's Reply to the Election Motion, Prudential respectfully requests that this Court determine that Stradley is not eligible to vote at the election for a Trustee.

**IV.    RESERVATION OF RIGHTS**

33.     Prudential hereby joins any other objection or response to the Estimation Motion not inconsistent with the Objections or Prudential's rights, specifically the Trustee's Reply to the

Estimation Motion [Docket No. 226], and further reserves its right to supplement the Objections at or prior to the hearing or continued hearing on the Motion.

## V.    CONCLUSION

WHEREFORE, for the foregoing reasons, Prudential respectfully objects to the Debtor's Financing Motion on the limited grounds set forth herein and requests such other and further relief as is just and equitable.

Respectfully submitted,

Dated: January 24, 2018          BY:          *s/ Edmond M. George*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
Angela L. Baglanzis, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone – (215) 665-3000
Facsimile – (215) 665-3165

*Counsel to Prudential Savings Bank*