IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| ISLAND VIEW CROSSING II, L.P. | : | BANKRUPTCY NO. 17-14454(ELF) |
| | : | |
| Debtor | : | |
| | : | |

**APPLICATION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE,
FOR ENTRY OF AN ORDER APPROVING THE RETENTION OF KARALIS PC
AS BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327(a)**

The Application of Kevin O'Halloran, Chapter 11 Trustee (the "Trustee"), in support of his retention of Karalis PC ("KPC") as bankruptcy counsel pursuant to 11 U.S.C. § 327(a), respectfully states as follows:

## BACKGROUND

1. On June 30, 2017 (the "Petition Date"), Island View Crossing II, L.P. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Since the Petition Date, the Debtor remained in possession of its assets and continued in the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed.

3. An Official Committee of Unsecured Creditors has not been appointed by the United States Trustee.

4. On December 18, 2017, this Honorable Court entered an Order directing the appointment of a Chapter 11 Trustee.

5. On December 21, 2017, the United States Trustee filed an Application for Order Approving the Appointment of Christine C. Shubert as the interim Chapter 11 Trustee which

application was approved pursuant to a Court Order entered on the same day.

6. A meeting of creditors commenced on January 11, 2018 which was continued and concluded on January 29, 2018 for the purpose of electing a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(b)(1) and Fed.R.Bankr.P. 2007.1.

7. On January 30, 2018, the United States Trustee for Region 3 (the "US Trustee") filed its Report of Undisputed Election (Docket No. 235) which provides <u>inter alia</u> that Kevin O'Hallaron was elected to serve as the trustee in this case and the Trustee is so acting.

## **PROPOSED RETENTION OF KPC**

8. The Trustee wishes to retain KPC as his general bankruptcy counsel in this matter to perform the following legal services:

    a. Advise the Trustee of his rights, powers, and duties;

    b. Advise the Trustee concerning, and assisting in the negotiation and documentation of the use of cash collateral and/or debtor-in-possession financing, debt restructuring and related transactions;

    c. Review the nature and validity of agreements relating to the Debtor's business and advise the Trustee in connection therewith;

    d. Review the nature and validity of liens, if any, asserted against the Debtor and advise as to the enforceability of such liens;

    e. Advise the Trustee concerning the actions he might take to collect and recover property for the benefit of the Debtor's estate;

    f. Prepare on the Trustee's behalf all necessary and appropriate applications, motions, pleadings, orders, notices, petitions, schedules, and other documents, and review all financial and other reports to be filed in the Chapter 11 case;

  g. Advise the Trustee concerning, and preparing responses to, applications, motions, pleadings, notices and other papers which may be filed in the Chapter 11 case;

  h. Counsel the Trustee in connection with formulation, negotiation and promulgation of a plan of reorganization and related documents; and

  i. Perform all other legal services for and on behalf of the Trustee, which may be necessary or appropriate in the administration of the Chapter 11 case.

  9. The Trustee has selected KPC because of the firm's considerable experience in Chapter 11 proceedings and in other areas of law applicable to this Chapter 11 proceeding. The Trustee believes KPC is duly qualified to represent him in this proceeding and that the services of KPC are necessary and essential to his performance and duties.

  10. The Verified Statement of Aris J. Karalis, Esquire (the "Karalis Statement") describes the relationships, if any, that KPC has with creditors of the Debtor and other interested parties. As set forth in the Karalis Statement, KPC does not hold nor represent any interest adverse to the Debtor or its creditors, and is a disinterested person within the meaning of § 101(14) of the Bankruptcy Code. The Karalis Statement is attached hereto as Exhibit "A" and made a part hereof.

  11. The Trustee understands that KPC will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses incurred.

  12. The Trustee also understands that KPC may apply to the Court for authority to be paid its fees and expenses pursuant to the provisions of the Bankruptcy Code or any administrative fee procedure order that may be entered by the Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Trustee respectfully requests that the Court enter an Order approving his retention of Karalis PC as counsel and granting such other relief as the Court deems just and appropriate under the circumstances.

Dated: January 31, 2018

KEVIN O'HALLORAN,
CHAPTER 11 TRUSTEE

By: _____
Kevin O'Halloran