# **EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| ISLAND VIEW CROSSING II, L.P. | : | BANKRUPTCY NO. 17-14454(ELF) |
| | : | |
| Debtor | : | |
| | : | |

**VERIFIED STATEMENT OF ARIS J. KARALIS, ESQUIRE, PURSUANT
TO § 504 OF THE BANKRUPTCY CODE, AND DISCLOSURE
PURSUANT TO FED.R.BANKR.P. 2014(a) AND 2016(b)**

ARIS J. KARALIS, of full age, being duly sworn according to law, upon his oath, deposes and states:

1. I am an attorney-at-law in the Commonwealth of Pennsylvania and a shareholder of Karalis PC ("KPC"). I submit this Verified Statement pursuant to §§ 327 and 504 of the Bankruptcy Code and Fed.R.Bankr.P. 2014(a) and 2016(b) in support of the Application of Kevin O'Halloran, Chapter 11 Trustee (the "Trustee"), to retain KPC as bankruptcy counsel in this Chapter 11 proceeding.

2. On June 30, 2017 (the "Petition Date"), Island View Crossing II, L.P. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. Since the Petition Date, the Debtor remained in possession of its assets and continued in the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed.

4. An Official Committee of Unsecured Creditors has not been appointed by the United States Trustee.

5. On December 18, 2017, this Honorable Court entered an Order directing the

appointment of a Chapter 11 Trustee.

6. On December 21, 2017, the United States Trustee filed an Application for Order Approving the Appointment of Christine C. Shubert as the interim Chapter 11 Trustee which application was approved pursuant to a Court Order entered on the same day.

7. A meeting of creditors commenced on January 11, 2018 which was continued and concluded on January 29, 2018 for the purpose of electing a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(b)(1) and Fed.R.Bankr.P. 2007.1.

8. On January 30, 2018, the United States Trustee for Region 3 (the "US Trustee") filed its Report of Undisputed Election (Docket No. 235) which provides *inter alia* that Kevin O'Hallaron was elected to serve as the trustee in this case and the Trustee is so acting.

9. The legal services which KPC will provide on the Trustee's behalf include, but are not limited to, the following:

    a. Advise the Trustee of his rights, powers, and duties;

    b. Advise the Trustee concerning, and assisting in the negotiation and documentation of the use of cash collateral and/or debtor-in-possession financing, debt restructuring and related transactions;

    c. Review the nature and validity of agreements relating to the Debtor's business and advise the Trustee in connection therewith;

    d. Review the nature and validity of liens, if any, asserted against the Debtor and advise as to the enforceability of such liens;

    e. Advise the Trustee concerning the actions he might take to collect and recover property for the benefit of the Debtor's estate;

  f. Prepare on the Trustee's behalf all necessary and appropriate applications, motions, pleadings, orders, notices, petitions, schedules, and other documents, and review all financial and other reports to be filed in the Chapter 11 case;

  g. Advise the Trustee concerning, and preparing responses to, applications, motions, pleadings, notices and other papers which may be filed in the Chapter 11 case;

  h. Counsel the Trustee in connection with formulation, negotiation and promulgation of a plan of reorganization and related documents; and

  i. Perform all other legal services for and on behalf of the Trustee which may be necessary or appropriate in the administration of the Chapter 11 case.

10. KPC will submit detailed statements to the Court setting forth the services rendered during the Chapter 11 proceeding, seeking compensation and reimbursement of expenses.

11. It is contemplated that KPC will be compensated for the services described herein at its ordinary billing rates and in accordance with its customary billing practices with respect to its out-of-pocket expenses, all pursuant to the provisions of the Bankruptcy Code and Rules, and subject to this Court's approval.

12. KPC will be rendering services on an hourly basis. The current rates of KPC's shareholders, associates and paralegals, which are subject to periodic review and adjustment, are as follows:

|  | **Hourly Rates** |
|---|---|
| Shareholders | $530 |
| Associates | $390-445 |
| Paralegals | $130 |

13. Neither I, KPC nor any shareholder or associate of the firm has any connection with the Debtor, its creditors or any other party in interest.

14. KPC does not hold nor represent any interests adverse to the Debtor, its creditors or estate in this matter, and is a disinterested person within the meaning of 11 U.S.C. § 101(14) in that KPC, its shareholders, counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtor;

    b. are not and were not, within two (2) years before the date of this Verified Statement, a director, officer or employee of the Debtor; and

    c. do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

15. KPC never received any payments from the Debtor and is not a creditor of the Debtor.

16. In August 2016, while employed by a former law firm, Maschmeyer Karalis P.C., I met with the Debtor's principal, Renato J. Gualtieri, with regard to potentially representing the Debtor and certain of its affiliates but neither I nor my former firm were retained by the Debtor or its affiliates.

17. KPC intends to continue its conflict search if and when additional creditors and parties-in-interest are known. If any new, relevant facts or relationships are discovered or arise, KPC shall file and serve a Supplemental Verified Statement promptly.

18. Pursuant to § 504 of the Bankruptcy Code, no agreement or understanding exists between KPC or any other person to share any compensation or reimbursement of expenses to be

paid to KPC in this proceeding.

19.  To the best of my knowledge at this time, KPC has no connection with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee other than as previously mentioned.

I hereby declare that the statements set forth herein are true and that, if any of the statements are willfully false, I am subject to punishment.

/s/ Aris J. Karalis
ARIS J. KARALIS

Dated: January 31, 2018