IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| ISLAND VIEW CROSSING II, L.P. | : | BANKRUPTCY NO. 17-14454(ELF) |
| | : | |
| Debtor | : | |
| | : | |

**APPLICATION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE,
TO EMPLOY NEWBRIDGE MANAGEMENT, LLC AS FINANCIAL
ADVISORS, *NUNC PRO TUNC* TO FEBRUARY 4, 2018, PURSUANT
TO 11 U.S.C. §§ 327 AND 328(a) AND FED.R.BANKR.P. 2014**

Kevin O'Halloran, Chapter 11 Trustee (the "Trustee") for the estate of Island View Crossing, II, L.P. (the "Debtor"), by and through his counsel, Karalis PC, hereby makes this application to employ Newbridge Management, LLC ("Newbridge") as financial advisors, *nunc pro tunc* to February 4, 2018, pursuant to 11 U.S.C. §§ 327 and 328(a) and Fed.R.Bankr.P. 2014 (the "Application"), and in support thereof, respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

**BACKGROUND**

4. On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. Since the Petition Date, the Debtor remained in possession of its assets and

continued in the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed.

6. An Official Committee of Unsecured Creditors has not been appointed by the United States Trustee.

7. On December 18, 2017, this Honorable Court entered an Order directing the appointment of a Chapter 11 Trustee.

8. On December 21, 2017, the United States Trustee filed an Application for Order Approving the Appointment of Christine C. Shubert as the interim Chapter 11 Trustee which application was approved pursuant to a Court Order entered on the same day.

9. A meeting of creditors commenced on January 11, 2018 which was continued and concluded on January 29, 2018 for the purpose of electing a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(b)(1) and Fed.R.Bankr.P. 2007.1.

10. On January 30, 2018, the United States Trustee for Region 3 filed its Report of Undisputed Election which provided, *inter alia*, that the Trustee was elected to serve as the trustee in this bankruptcy proceeding.

**PROPOSED RETENTION OF NEWBRIDGE**

11. The Trustee has determined that he requires the services of Newbridge to provide financial advisory services.

12. The services which Newbridge will provide to the Trustee include, but are not limited to, the following:

    (a) Provide general accounting and cost control services to the Trustee regarding the administration of the bankruptcy estate;

    (b) Oversee any construction and development projects;

    (c) Analyze proposals for development or sale of corporate assets;

(d) Assist in reviewing compliance with any regulatory requirements;

(e) Gather data required by tax advisors for the completion of state and federal tax returns;

(f) Review the Debtor's books and records to determine the existence of preferences, fraudulent conveyances or other monies owed to the Debtor's estate;

(g) Analyze and provide advice regarding any accounting, financial, valuation or related issues that may arise in the course of this proceeding;

(h) Assist the Trustee's attorneys in the preparation and evaluation of any potential litigation, as requested;

(i) Develop, prepare and present any potential operating plans and financial projections, as agreed upon;

(j) Develop, negotiate, and/or execute any plan of reorganization/liquidation, restructuring, or refinancing transaction, including a 363 sale process and its associated due diligence processes;

(k) Assist with analysis and reconciliation of financial information;

(l) Prepare projections, liquidation analyses and such other statements necessary in connection with the plan of reorganization/liquidation prepared by the Trustee;

(m) Assist the Trustee in complying with the reporting requirements of the Office of the United States Trustee, Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Rules of Bankruptcy Procedure including the preparation of monthly operating reports;

(n) Assist with the analyses and reconciliation of claims against the Debtor;

(o) Attendance at meetings that may include, among others, unsecured creditors, secured lenders, their attorneys and consultants and federal and state authorities, as necessary;

(p) Participate in court hearings and, if necessary, provide testimony in connection with any hearing before the court regarding the Debtor's proceeding; and

(q) Perform all other services for the Trustee which are appropriate and proper in this proceeding.

13. The Trustee has made a careful and diligent inquiry into the qualifications and competence of Newbridge and is advised that Newbridge is capable of providing the proper services in connection with this matter.

14. Newbridge is not an insider or affiliate of the Debtor. Newbridge has never received any payments by the Debtor and is not a creditor of the Debtor. The Trustee is the Managing Member of Newbridge. A Verified Statement asserting, among other things, that Newbridge does not hold any interest materially adverse to the Debtor's estate is attached hereto as Exhibit "A" and made a part hereof.

15. The Trustee understands that the compensation terms of Newbridge, subject to periodic adjustment to reflect the increased experience of its staff and changing market conditions, are:

| Professional | Hourly Rate |
|---|---|
| Directors | $250 |
| Consultants | $175 |

16. Newbridge will also seek to be reimbursed for reasonable out-of-pocket expenses.

17. Any and all compensation to be paid to Newbridge for services rendered and costs incurred on the Trustee's behalf shall be fixed by application to this Court in accordance with §§ 330 and 331 of the Bankruptcy Code, such Rules of Local and Federal Bankruptcy Procedure as may then be applicable, and/or any alternative arrangement for interim compensation as may be authorized by the Court.

18. The Trustee believes, and therefore avers, that the employment of Newbridge is necessary and in the best interest of the Debtor's estate.

**RELIEF REQUESTED**

19. By this Application, the Trustee requests that this Honorable Court enter an order authorizing the employment of Newbridge as financial advisors to provide the services described herein pursuant to 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014 *nunc pro tunc* to February 4, 2018 which is the first day upon which services were provided to the Trustee by Newbridge.

20. Newbridge has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

21. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

22. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of … other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's

connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

23. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

24. The Trustee contends that Newbridge's employment is necessary and in the best interests of the Debtor's estate.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an Order granting the relief requested herein and for such other and further relief as this Honorable Court deems just.

**Respectfully submitted,**

**KARALIS PC**

By: ___/s/ Aris J. Karalis___
ARIS J. KARALIS
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
Attorneys for the Trustee

Dated: February 8, 2018