**EXHIBIT "A"**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | BANKRUPTCY NO. 17-14454(ELF) |
| | : | |
| **Debtor** | : | |
| | : | |

**VERIFIED STATEMENT OF RALPH BROTHERTON IN SUPPORT OF APPLICATION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE, TO EMPLOY NEWBRIDGE MANAGEMENT, LLC AS FINANCIAL ADVISORS, *NUNC PRO TUNC* TO FEBRUARY 4, 2018, PURSUANT TO 11 U.S.C. §§ 327 AND 328(a) AND FED.R.BANKR.P. 2014**

I, Ralph Brotherton, hereby declare under penalty of perjury, and in connection with the above-captioned Chapter 11 bankruptcy case, that the following facts are true and correct to the best of my knowledge, information and belief:

1.  I am a Director of Newbridge Management, LLC ("Newbridge") with offices located in Atlanta, Georgia. The Trustee is the Managing Member of Newbridge.

2.  Newbridge has no connection with the Debtor, its creditors or any other party in interest.

3.  Newbridge is not an insider or affiliate of the Debtor and is not owed any money by the Debtor. Newbridge never received any payments from the Debtor.

4.  Newbridge does not hold nor represent any interests adverse to the Debtor, its creditors or estate in this matter, and is a disinterested person within the meaning of 11 U.S.C. § 101(14) in that Newbridge, its members and associates:

    a.  are not creditors, equity security holders or insiders of the Debtor;

    b.  are not and were not, within two (2) years before the date of this Verified Statement, a director, officer or employee of the Debtor;

    c. do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

  5. Pursuant to § 504 of the Bankruptcy Code, no agreement or understanding exists between Newbridge or any other person to share any compensation or reimbursement of expenses to be paid to Newbridge in this proceeding.

  6. To the best of my knowledge at this time, Newbridge has no connection with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee other than as previously mentioned.

  7. Newbridge has been employed by the Trustee in other unrelated matters.

  8. In addition, to the best of my knowledge, no principals or professionals assigned to this engagement by Newbridge are relatives of any District Judges or Bankruptcy Judges in this District, or in the Office of the United States Trustee.

  9. Any and all compensation to be paid to Newbridge for services rendered and costs incurred on the Trustee's behalf shall be fixed by application to this Court in accordance with §§ 330 and 331 of the Bankruptcy Code, such Rules of Local and Federal Bankruptcy Procedure as may then be applicable, and/or any alternative arrangement for interim compensation as may be authorized by the Court.

  10. Newbridge's hourly rates, subject to periodic review and adjustment, are:

| Professional | Hourly Rate |
|---|---|
| Directors | $250 |
| Consultants | $175 |

  11. Newbridge will also seek to be reimbursed for reasonable out-of-pocket expenses.

12. Newbridge intends to continue its conflict search if and when additional creditors and parties-in-interest are known. If any new, relevant facts or relationships are discovered or arise, Newbridge shall file and serve a Supplemental Verified Statement promptly.

NEWBRIDGE MANAGEMENT, LLC

By: *Ralph Brotherton* (signature)
Ralph Brotherton

Dated: February 8, 2018