IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| ISLAND VIEW CROSSING II, L.P. | : | BANKRUPTCY NO. 17-14454(ELF) |
| | : | |
| Debtor | : | |
| | : | |

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED.R.BANKR.P. 2014(a) AND LOCAL RULES 2014-1 AND 9013-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF STEVNE M. COREN ESQUIRE AND KAUFMAN, COREN & RESS, P.C. AS SPECIAL COUNSEL FOR KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE**

Kevin O'Halloran (the "Trustee"), the chapter 11 trustee for Island View Crossing, II, L.P. (the "Debtor"), by and through his counsel, Karalis PC, hereby requests the entry of an order, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed.R.Bankr.P. 2014(a) and Local Rules 2014-1 and 9013-1 authorizing the Trustee to retain and employ Steven M Coren, Esquire and Kaufman, Coren & Ress, P.C. (collectively, "KC&R") as his special counsel in this case (the "Application"). In support of this Application, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014-1 and Local Rules 2014-1 and 9013-1.

## BACKGROUND

I. **Procedural Background.**

4. On June 30, 2017 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. Since the Petition Date, the Debtor remained in possession of its assets and continued in the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed.

6. An Official Committee of Unsecured Creditors has not been appointed by the United States Trustee.

7. On August 4, 2017, Prudential Savings Bank filed a Motion of Prudential Savings Bank for an Order Converting Chapter 11 Bankruptcy Cases to Chapter 7 or in the Alternative Appointing a Chapter 11 Trustee (the "Motion") [D.I. 34].

8. On December 18, 2017, this Honorable Court entered an Order granting the Motion in part, denying the Motion in part, and deferring the Motion in part (the "Order") directing the appointment of a Chapter 11 Trustee [D.I. 141], and authorizing the Office of the United States Trustee to appoint a chapter 11 trustee in the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1104(a)(2).

9. On December 21, 2017, the United States Trustee filed an Application for Order Approving the Appointment of Christine C. Shubert as the interim Chapter 11 Trustee which application was approved pursuant to a Court Order entered on the same day [D.I. 145 & 146].

10. A meeting of creditors commenced on January 11, 2018 which was continued and concluded on January 29, 2018 for the purpose of electing a Chapter 11 Trustee pursuant to

11 U.S.C. § 1104(b)(1) and Fed.R.Bankr.P. 2007.1.

11. On January 30, 2018, the United States Trustee for Region 3 filed its Report of Undisputed Election which provided, *inter alia*, that the Trustee was elected to serve as the trustee in this bankruptcy proceeding [235].

**II.    Litigation against Prudential Savings Bank.**

12. Prior to the Petition Date, the Debtor and its principal, Renato J. Gualtieri, as plaintiffs, commenced a lender liability lawsuit in the Court of Common Pleas of Philadelphia County, Pennsylvania captioned *Island View Crossing II, L.P., et al. v. Prudential Savings Bank*, C.C.P. Phila. Cty., March Term, 2016, No. 03161 (the "Lender Liability Litigation").

13. After the Petition Date, defendant Prudential Savings Bank ("Prudential") removed the Lender Liability Litigation to this Honorable Court, and the case is now pending as an adversary proceeding docketed as Adversary No. 17-00202 (ELF) (the "Adversary Proceeding").

14. In the Debtor's bankruptcy proceeding, Prudential asserts claims against the Debtor, having filed the following proofs of claim: (i) Claim No. 23 in the amount of $4,092,443.58 (filed as secured) and (ii) Claim No. 24 in the amount of $1,470,569.25 (filed as secured) (collectively, the "Proofs of Claim").

15. In the Lender Liability Litigation/Adversary Proceeding, Prudential asserts claims against the Debtor in excess of Twelve Million Dollars ($12,000,000.00), some of which relates to the alleged debts covered by the Proofs of Claim and some of which relates to loans to entities other than the Debtor for which collateral mortgages were granted by the Debtor, including that certain Collateral Mortgage made on September 20, 2011 to secure a loan from Prudential to Steeple Run, L.P. in the amount of $3,911,250.00, and that certain Collateral Mortgage made on

3

May 30, 2014 to secure a loan from Prudential to Durham Manor, LLC in the amount of $5,136,000.00 (collectively, the "Collateral Mortgages"). The Proofs of Claim, Prudential's rights/claims under the Collateral Mortgages and any other current or future claim of Prudential against the Debtor are referred to collectively as the "Prudential Claims."

16. A review of the pleading filed in this bankruptcy case, and interviews conducted by the Trustee of the Debtor's principal, Debtor's counsel, and Debtor's special litigation counsel have revealed that the Lender Liability Litigation/Adversary Proceeding pending in this case is perceived as a significant asset of the Debtor's estate. In order to properly assess its value and to properly administer the Lender Liability Litigation/Adversary Proceeding the Trustee has determined that he requires the services of counsel who has expertise and experience in handling such matters.

17. The Trustee seeks to employ KC&R as his special litigation counsel in this case in connection with: (i) the Adversary Proceeding (as existing or as may be amended) and (ii) the potential dispute over and/or challenge to the Prudential Claims, including any such challenge in the Adversary Proceeding or other proceedings (which may include a request to avoid and/or equitably subordinate the Prudential Claims) (collectively, the "Litigation Claims"). The Trustee reserves the right to broaden or expand the engagement of KC&R as appropriate in the exercise of his business judgment, subject to the consent of KC&R, in which event the expanded engagement shall be disclosed to this Honorable Court by a Supplemental Affidavit to be filed by KC&R.

18. To the best of the Trustee's knowledge and except as disclosed in the affidavit of Steven M. Coren, Esquire (the "Coren Affidavit"), which is attached hereto and made a part hereof as Exhibit "A", KC&R has not represented and does not have any connection with

Debtor, its creditors, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matter relating to the Debtor or its estate.

19. To the best of Trustee's knowledge and except as otherwise disclosed in the Coren Affidavit, KC&R does not hold or represent any interest adverse to the Debtor's estate, and is a "disinterested person" as the phrase is defined in 11 U.S.C. § 101(14).

## **RELIEF REQUESTED**

20. By this Application, the Trustee seeks entry of an order pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed.R.Bankr.P. 2014(a) and Local Rules 2014-1 and 9013-1 authorizing the Trustee to retain and employ KC&R as his special litigation counsel to prosecute the Litigation Claims as described above.

21. The Trustee seeks to employ KC&R as its special litigation counsel because of its extensive experience and knowledge in lender liability matters including the type described herein as the Litigation Claims. The Trustee believes that KC&R's experience and expertise in lender liability matters will provide the Trustee with high quality, efficient, and cost effective legal services.

22. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

23. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

24. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

25. KC&R will provide all services required by the Trustee in connection to the Litigation Claims. KC&R's Fee Agreement (the "<u>Agreement</u>") is attached hereto as <u>Exhibit "B"</u> and made a part hereof. KC&R's representation of the Trustee will be limited to the Litigation Claims. Neither the Trustee, KC&R nor Karalis PC ("KPC"), the Trustee's general bankruptcy counsel, anticipate any overlap in responsibility or duplication of efforts between KC&R and KPC.

6

26. KC&R has advised the Trustee that it is prepared to accept this engagement as special litigation counsel on a contingent fee basis which the Trustee in his business judgment believes will be the most cost effective means by which to pursue the Litigation Claims and without burdening the estate with additional administrative claims unless a recovery is achieved.

27. Subject to Court approval, KC&R has agreed to be compensated on a contingent fee basis (the "Contingency Fee") as follows:

    (a) With respect to recoveries obtained before the filing by KC&R of a motion for leave to file an amended complaint in the Adversary Action or prior to the entry of a scheduling order should leave to file an amended complaint not be sought, KC&R shall be entitled to receive a contingent fee equal to Twenty Percent (20%) of the "Financial Benefit" (as defined below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

    (b) With respect to recoveries obtained after the events identified in subparagraph 27(a) above but before the first to occur of the conclusion of fact discovery or the filing of a motion for summary judgment against Prudential in the Adversary Proceeding, KC&R shall be entitled to receive a contingent fee equal to Thirty Percent (30%) of the "Financial Benefit" (as defined below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

    (c) With respect to recoveries obtained after the first to occur of the conclusion of fact discovery or the filing of a motion for summary judgment against the Debtor in the Adversary Proceeding, KC&R shall be entitled to receive a contingent fee equal to Thirty-Five Percent (35%) of the "Financial Benefit" (as defined below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

    (d) The "Financial Benefit" recovered by or on behalf of the Trustee and/or the Debtor shall include, but shall not necessarily be limited to, (i) all monies received or recovered (including all sums received on account of compensatory damages, punitive damages, and attorneys' fees), (ii) the fair market value of all other property recovered or received, and (iii) the value of any claim reduction, credits, setoffs, adjustments, reductions or forgiveness of or with respect to the Prudential Claims, subject to the

following: (a) in connection with the $3,911,250.00 collateral mortgage recorded on 8/25/03 against the real property owned by the Debtor but related to the loan due Prudential from Steeple Run, LP (the "Steeple Debtor"), for purposes of determining the Financial Benefit recovered by or on behalf of the Trustee and/or the Debtor, there shall be a reduction, credit, or setoff, as may be applicable, for the value of the real property owned by Steeple Debtor that is the primary collateral for the loan due Prudential from the Steeple Debtor, and (b) in connection with the $5,136,000.00 collateral mortgage recorded on 7/23/14 against the real property owned by the Debtor but related to the loan due Prudential from Calnshire Estates, LLC (the "Calnshire Debtor"), for purposes of determining the Financial Benefit recovered by or on behalf of the Trustee and/or the Debtor, there shall be a reduction, credit, or setoff, as may be applicable, for the value of the real property owned by the Calnshire Debtor that is the primary collateral for the loan due Prudential from the Calnshire Debtor.

*See*, Exhibit "B".

28. In addition, the Trustee from the Debtor's estate shall be responsible to pay, and shall reimburse KC&R for all authorized out-of-pocket costs and expenses incurred in connection with the engagement (collectively, the "Costs"), including, but not limited to, costs and expenses for filing fees, expert fees, postage, travel, couriers, meals, lodging, court reporters, transcripts, and photocopying. KC&R agrees to waive any administrative claim for costs and expenses advanced by it in connection with the Litigation Claims if and to the extent that any recovery obtained by KC&R is insufficient to pay such administrative claim.

29. The Trustee contends that KC&R's employment is necessary and in the best interests of the Trustee, the Debtor, its estate and its creditors.

## NOTICE

30. Notice of this Application has been provided to: (i) the Debtor and its counsel; (ii) the Office of the United States Trustee; (iii) the Debtor's secured creditors; (iv) the Debtor's 20 largest unsecured creditors; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that pursuant to Local Bankruptcy Rules 2014-1(a) and

9013-1(d), no further notice is required. The Trustee further requests that this Court determine the notice is adequate and proper.

**WHEREFORE,** the Trustee respectfully requests the entry of an order: (i) approving this Application, (ii) authoring the Trustee to employ Kaufman, Coren & Ress, P.C. as his special litigation counsel in this bankruptcy case in connection with the Adversary Proceeding pursuant to 11 U.S.C. §§ 328 and 328, Fed. R. Bankr. P. 2014, and Local Bankruptcy Rules 2014-1 and 9013-1, and (iii) granting such other relief as is just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Aris J. Karalis
 ARIS J. KARALIS
 ROBERT W. SEITZER
 1900 Spruce Street
 Philadelphia, PA 19103
 (215) 546-4500
 Attorneys for the Trustee

Dated: March 22, 2018