# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | CHAPTER 11 |
| ISLAND VIEW CROSSING II, L.P. : | BANKRUPTCY NO. 17-14454(ELF) |
| Debtor : | |

### AFFIDAVIT OF STEVEN M. COREN, ESQUIRE

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | SS |
| COUNTY OF PHILADELPHIA : | |

STEVEN M. COREN, being duly sworn according to law, deposes and says:

1. I am an officer, director and founding shareholder of Kaufman, Coren & Ress, P.C., a law firm with offices at 2001 Market Street, Suite 3900, Philadelphia, PA 19103. I am admitted to practice law in the Commonwealth of Pennsylvania and I am a member in good standing of the bars of the following courts: the Pennsylvania Supreme Court; the Supreme Court of the United States; the United States Courts of Appeal for the Third and Fourth Circuits; the United States District Court for the Eastern District of Pennsylvania; and, the United States Tax Court.

2. This Affidavit is being submitted in support of the application (the "Application") for the entry of an order, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014 and Local Bankruptcy Rules 2014-1 and 9013-1(d), authorizing Kevin O'Halloran, the Chapter 11 Trustee, to retain and employ Steven M. Coren, Esquire and Kaufman, Coren & Ress, P.C. (collectively, "KC&R") as his special litigation counsel to pursue the Litigation Claims as described in the Application.

3. To the best of my knowledge and except as set forth in paragraph 4 below, KC&R has not represented and does not have any connection with the Debtor, its creditors, or any other parties in interest or their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee in any matter relating to the Debtor or its estate.

4. KC&R currently represents Aris J. Karalis, Esquire, an officer, director and shareholder of Karalis PC, Trustee's general counsel, in a personal matter unrelated to this case.

5. KC&R does not hold or represent any interest materially adverse to the Debtor, its estate, or its creditors or other parties in interest and is a disinterested person within the meaning of 11 U.S.C. § 101-(14) and 327(a) and (c).

6. Subject to Court approval, KC&R has agreed to be compensated on a contingent fee basis, as follows:

    (a) With respect to recoveries obtained before the filing by KC&R of a motion for leave to file an amended complaint in the Adversary Action or prior to the entry of a scheduling order should leave to file an amended complaint not be sought, KC&R shall be entitled to receive a contingent fee equal to Twenty Percent (20%) of the "Financial Benefit" (as defined below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

    (b) With respect to recoveries obtained after the events identified in subparagraph 6(a) above but before the first to occur of the conclusion of fact discovery or the filing of a motion for summary judgment against the Debtor in the Adversary Proceeding, KC&R shall be entitled to receive a contingent fee equal to Thirty Percent (30%) of the "Financial Benefit" (as defined below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

    (c) With respect to recoveries obtained after the first to occur of the conclusion of fact discovery or the filing of a motion for summary judgment against the Debtor in the Adversary Proceeding, KC&R shall be entitled to receive a contingent fee equal to Thirty-Five Percent (35%) of

     the "Financial Benefit" (as defined below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

  (d) The "Financial Benefit" recovered by or on behalf of the Trustee and/or the Debtor shall include, but shall not necessarily be limited to, (i) all monies received or recovered (including all sums received on account of compensatory damages, punitive damages, and attorneys' fees), (ii) the fair market value of all other property recovered or received, and (iii) the value of any claim reduction, credits, setoffs, adjustments, reductions or forgiveness of or with respect to the Prudential Claims, subject to the following: (a) in connection with the $3,911,250.00 collateral mortgage recorded on 8/25/03 against the real property owned by the Debtor but related to the loan due Prudential from Steeple Run, LP (the "Steeple Debtor"), for purposes of determining the Financial Benefit recovered by or on behalf of the Trustee and/or the Debtor, there shall be a reduction, credit, or setoff, as may be applicable, for the value of the real property owned by Steeple Debtor that is the primary collateral for the loan due Prudential from the Steeple Debtor, and (b) in connection with the $5,136,000.00 collateral mortgage recorded on 7/23/14 against the real property owned by the Debtor but related to the loan due Prudential from Calnshire Estates, LLC (the "Calnshire Debtor"), for purposes of determining the Financial Benefit recovered by or on behalf of the Trustee and/or the Debtor, there shall be a reduction, credit, or setoff, as may be applicable, for the value of the real property owned by the Calnshire Debtor that is the primary collateral for the loan due Prudential from the Calnshire Debtor.

*See*, Exhibit "B" to the Application. Terms not otherwise defined herein shall have the meanings ascribed to them in the Application and Fee Agreement submitted in connection with the Application.

  7. In addition, the Trustee from the Debtor's estate shall be responsible to pay, and shall reimburse KC&R for all out-of-pocket costs and expenses incurred in connection with the engagement, including, but not limited to, costs and expenses for filing fees, expert fees, postage, travel, couriers, meals, lodging, court reporters, transcripts, and photocopying. KC&R agrees to waive any administrative claim for costs and expenses advanced by it in connection with the

3

Litigation Claims if and to the extent that any recovery obtained by KC&R is insufficient to pay such administrative claim.

8. No promises have been received by KC&R or by any partner, counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. KC&R has no agreement with any other person (other than customary agreements among the shareholders of KC&R) for the sharing of compensation to be received by KC&R in connection with services rendered in this case.

7. KC&R reserves the right to supplement this Affidavit should it discover further pertinent relationships that require disclosure in this case.

8. I declare under penalty that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

_____
Steven M. Coren, Esquire
Kaufman, Coren & Ress, P.C.

Sworn to and Subscribed
this ___ day of March, 2018

_____
Notary Public
My commission expires on _____

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JACQUELYN A. HANNIGAN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 6, 2021

4