# **EXHIBIT "B"**

## FEE AGREEMENT

THIS FEE AGREEMENT is entered into this 19th day of March, 2018, by and between KEVIN O'HALLORAN (the "Trustee"), Chapter 11 Trustee for the estate of ISLAND VIEW CROSSING II, L.P., Case No. 17-14454-ELF (the "Debtor"), and STEVEN M. COREN, ESQUIRE and KAUFMAN, COREN & RESS, P.C., a professional corporation engaged in the practice of law with offices at 2001 Market Street, Two Commerce Square, Suite 3900, Philadelphia, Pennsylvania 19103 (collectively, "KC&R").

## BACKGROUND OF AGREEMENT

A. The Debtor is a Chapter 11 debtor in a bankruptcy case pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania, captioned *In re Island View Crossing II L.P.*, U.S.B.C. E.D. PA, Case No. 17-14454 (ELF) (the "Bankruptcy Proceeding"). The Trustee is the court-appointed Chapter 11 Trustee of the Debtor.

B. Pre-petition, the Debtor and its principal Renato J. Gualtieri ("Gualltieri") were parties to state court litigation commenced and prosecuted on their behalf as plaintiffs in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned: *Island View Crossing II, L.P., et al. v. Prudential Savings Bank*, C.C.P. Phila. Cty., March Term, 2016, No. 03161 (the "State Court Litigation").

C. Post-petition, defendant Prudential Savings Bank ("Prudential") removed the State Court Litigation to this Court, and the case is now being prosecuted as an adversary proceeding docketed as: Adversary No. 17-00202 (ELF)(the "Adversary Proceeding").

D. In the Bankruptcy Proceeding, Prudential asserts claims against the Debtor, having filed the following proofs of claim (collectively, the "Proofs of Claim"): Claim No. 23 in the amount of $4,092,443.58 (filed as secured); and Claim No. 24 in the amount of $1,470,569.25 (filed as secured). In the State Court Litigation/Adversary Proceeding, Prudential asserts claims against the Debtor in excess of Twelve Million Dollars ($12,000,000.00), some of which relates to the alleged debts covered by the Proofs of Claim and some of which relates to loans to entities other than the Debtor for which collateral mortgages were granted by the Debtor, including that certain Collateral Mortgage made on September 20, 2011 to secure a loan from Prudential to Steeple Run, L.P. in the amount of $3,911,250.00, and that certain Collateral Mortgage made on May 30, 2014 to secure a loan from Prudential to Durham Manor, LLC in the amount of $5,136,000.00 (collectively, the "Collateral Mortgages"). The Proofs of Claim, Prudential's rights/claims under the Collateral Mortgages, and any other current or future claim of Prudential against the Debtor are referred to collectively as the "Prudential Claims."

E. The Trustee desires to engage KC&R as special counsel, and KC&R has agreed to accept the engagement and to represent the Trustee and the Debtor, in accordance with the terms and conditions herein set forth.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the parties agree as follows:

### 1. Incorporation of Background Paragraphs.

Background Paragraphs A. through E. above are incorporated herein in full and made a part hereof as if set forth herein in full.

### 2. Engagement of KC&R.

The Trustee hereby retains and engages KC&R and KC&R hereby accepts the engagement as special counsel to represent the Trustee and the Debtor's estate in connection with (collectively, the "Litigation Claims"): (i) the Adversary Proceeding (as existing or as amended); and, (ii) the potential dispute over or challenge to the Prudential Claims, including any such challenge in the Adversary Proceeding or other proceedings (which may include a request to avoid and/or equitably subordinate the Prudential Claims). The Trustee reserves the right to broaden or expand the engagement of KC&R as appropriate in the exercise of his business judgment, subject to the consent of KC&R, in which event the expanded engagement shall be disclosed to the Bankruptcy Court by a Supplemental Affidavit to be filed by KC&R.

### 3. Compensation to KC&R.

3.1   The Trustee hereby agrees that KC&R will be compensated for its services on a contingent fee basis, as follows.

    3.1.1   With respect to recoveries obtained before the filing by KC&R of a motion for leave to file an amended complaint in the Adversary Action or prior to the entry of a scheduling order should leave to file an amended complaint not be sought, KC&R shall be entitled to receive a contingent fee equal to Twenty Percent (20%) of the "Financial Benefit" (as defined in Section 3.2 below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

    3.1.2   With respect to recoveries obtained after the events identified in subparagraph 3.1.1 above but before the first to occur of the conclusion of fact discovery or the filing of a motion for summary judgment against the Debtor in the Adversary Proceeding, KC&R shall be entitled to receive a contingent fee equal to Thirty Percent (30%) of the "Financial Benefit" (as defined in Section 3.2 below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

    3.1.3   With respect to recoveries obtained after the first to occur of the conclusion of fact discovery or the filing of a motion for summary judgment against the Debtor in the Adversary

Proceeding, KC&R shall be entitled to receive a contingent fee equal to Thirty-Five Percent (35%) of the "Financial Benefit" (as defined in Section 3.2 below) hereafter recovered or obtained by or on behalf of the Trustee and/or the Debtor in connection with the Litigation Claims, whether recovered by settlement, judgment, award, verdict or otherwise.

        3.2     For purposes of this section, the "Financial Benefit" recovered by or on behalf of the Trustee and/or the Debtor shall include, but shall not necessarily be limited to, (i) all monies received or recovered (including all sums received on account of compensatory damages, punitive damages, and attorneys' fees), (ii) the fair market value of all other property recovered or received, and (iii) the value of any claim reduction, credits, setoffs, adjustments, reductions or forgiveness of or with respect to the Prudential Claims, subject to the following: (a) in connection with the $3,911,250.00 collateral mortgage recorded on 8/25/03 against the real property owned by the Debtor but related to the loan due Prudential from Steeple Run, LP (the "Steeple Debtor"), for purposes of determining the Financial Benefit recovered by or on behalf of the Trustee and/or the Debtor, there shall be a reduction, credit, or setoff, as may be applicable, for the value of the real property owned by Steeple Debtor that is the primary collateral for the loan due Prudential from the Steeple Debtor, and (b) in connection with the $5,136,000.00 collateral mortgage recorded on 7/23/14 against the real property owned by the Debtor but related to the loan due Prudential from Calnshire Estates, LLC (the "Calnshire Debtor"), for purposes of determining the Financial Benefit recovered by or on behalf of the Trustee and/or the Debtor, there shall be a reduction, credit, or setoff, as may be applicable, for the value of the real property owned by the Calnshire Debtor that is the primary collateral for the loan due Prudential from the Calnshire Debtor.

### 4. Payment of Costs and Expenses.

The Trustee from the Debtor's estate shall be responsible to pay, and shall reimburse KC&R for all out-of-pocket costs and expenses incurred in connection with the engagement, including, but not limited to, costs and expenses for filing fees, expert fees, postage, travel, couriers, meals, lodging, court reporters, transcripts, and photocopying. KC&R agrees to waive any administrative claim for costs and expenses advanced by it in connection with the Litigation Claims if and to the extent that any recovery obtained by KC&R is insufficient to pay such administrative claim.

### 5. Miscellaneous.

**5.1 Binding Nature of Agreement.** This Fee Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective trustees, personal representatives, successors and assigns.

**5.2 Entire Agreement.** This Fee Agreement contains the entire understanding and agreement of and between the parties with respect to the subject matter hereof, and supersedes all prior and contemporaneous agreements and understandings, inducements or conditions, express

or implied, oral or written, except as specifically provided herein. This Fee Agreement may not be modified or amended other than by an agreement in writing signed by all of the parties hereto.

**5.3 Coren to Lead KC&R's Team.** Coren shall lead KC&R's engagement in connection with the Litigation Claims and it is understood that Coren's availability to lead the engagement was a material consideration in the Trustee's engagement of KC&R.

**5.4 Receipt of Agreement.** The Trustee hereby acknowledges receipt of a duplicate copy of this Fee Agreement.

**5.5 Partial Invalidity.** Should any one or more of the provisions of this Fee Agreement be held, for any reason, to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Fee Agreement, this Fee Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein, and this Fee Agreement shall be construed to modify, limit and amend any such invalid, illegal or unenforceable provision(s) so as to be enforceable to the extent compatible with the applicable law as it shall then appear.

**5.6 Headings Not Part of Agreement.** Any headings preceding the text of any of the sections or subsections of this Fee Agreement are inserted solely for convenience of reference and shall not constitute a part of this Fee Agreement and therefore shall not affect its interpretation.

**5.7 Fee Agreement to be Submitted for Court Approval.** The parties acknowledge and agree that this Fee Agreement shall be submitted for the approval of the Court in the Bankruptcy Proceeding as part of an application to employ KC&R as special counsel. In the event that the Court does not approve this Fee Agreement, then this Fee Agreement shall be rendered null and void, and KC&R shall have no obligation to represent the Trustee or the Debtor. In the event that the Court approves the application to employ KC&R, such approval shall constitute preapproval of the terms of compensation set forth in this Fee Agreement under 11 U.S.C. Section 328(a).

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as

of the day and year set forth above.

_____
KEVIN O'HALLORAN
CHAPTER 11 TRUSTEE FOR DEBTOR
ISLAND VIEW CROSSING II, L.P.

*[signature]*
STEVEN M. COREN, ESQUIRE

KAUFMAN, COREN & RESS, P.C.
*[signature]*
By: Steven M. Coren, V.P.