# EXHIBIT B

## Promissory Note

# PROMISSORY NOTE

$4,700,000.00                                                                                      August __, 2018
                                                                                                            Philadelphia, Pennsylvania

**FOR VALUE RECEIVED, ISLAND VIEW CROSSING II, L.P.,** a Pennsylvania limited partnership (**"Maker"**), hereby promises to pay to the order of _____ (**"Lender"**), the principal sum and security of Four Million Seven Hundred Thousand Dollars ($4,700,000.00), or so much thereof as may be advanced hereunder (the **"Loan"**) pursuant to the terms of a certain Construction Loan and Security Agreement of even date herewith, by and between Maker and Lender, as the same may be amended, modified or supplemented from time to time (the **"Loan Agreement"**), together with interest thereon at the rate specified herein, as follows (any capitalized terms used herein, but not defined herein, shall have the meanings assigned to them in the Loan Agreement):

    1.    **Term.** The term of this Note shall expire on _____ [thirty (30) months after the date of this Note] (the **"Maturity Date"**); provided, however if the Loan is not in default, at the request of Maker, the term of this Note may be extended for an additional period of six (6) months at no additional cost to the Maker.

    2.    **Repayment Terms; Rate of Interest.**

        (a)    Interest shall accrue quarterly on the principal outstanding hereunder during the term of the loan at fixed rate of nine and one-quarter percent (9.25%) per annum. No monthly interest payments shall be due or payable to Lender until after Maker has closed on the sale of no less than thirty (30) Residential Units at the Project with all such unpaid quarterly interest payments to accrue until paid. At the Maker's sole discretion and subject to available cash flow, the Maker may commence making monthly interest payments to Lender at any time prior to closing on the thirtieth (30th) Residential Unit. The final payment of the remaining outstanding principal balance hereof, plus all accrued and unpaid interest thereon shall be due and payable on the Maturity Date.

        (b)    **Mandatory Prepayments.** Upon the sale of any of the Residential Units to be constructed thereon which constitute part of the Mortgaged Property, the Maker shall pay to Lender the release price specified and to be applied as set forth in Section 8 of the Loan Agreement, the terms of which are hereby incorporated herein by reference.

        (c)    **Default Rate.** Following the occurrence of any Event of Default (as defined in Paragraph 5 hereof) and/or after the Maturity Date (whether by acceleration or otherwise), both before and after judgment, the outstanding principal balance hereof shall bear interest at a rate per annum equal to one percent (1%) above the then applicable rate of interest described in Section 2(a) above (the **"Default Rate"**).

        (d)    **Calculations.** The interest rate hereunder shall be based on a year of 360 days and actual days elapsed.

(f)    **Late Payment Charge.**  If any payment is not paid within fifteen (15) days after it is due, Maker will pay a late charge equal to five percent (5%) of the overdue amount (regardless of whether part of the payment due had been made, and regardless of whether the payment due consists of principal and interest, principal only or interest only).

(g)    **Maximum Legal Rate.**  The Maker shall not be obligated to pay and Lender shall not collect interest at a rate in the excess of the maximum permitted by law or the maximum that will not subject the Lender to any civil or criminal penalties. If because of the acceleration of maturity, the payment of interest in advance or any other reason, the Maker is required, under the provisions of any Loan Document or otherwise, to pay interest at a rate in excess of such maximum rate, the rate of interest under such provisions shall immediately and automatically be reduced to such maximum rate, and any payment made in excess of such maximum rate, together with interest thereon at the rate provided herein from the date of such payment, shall be immediately and automatically applied to the reduction of the unpaid principal balance of this Note as of the date on which such excess payment is made. If the amount to be so applied to reduction of the unpaid principal balance exceeds the unpaid principal balance, the amount of such excess shall be refunded by the Lender to the Maker.

3.    **Prepayments.**  Other than mandatory prepayments as set forth in Section 2(b) hereof, Maker shall have the right, at its option to prepay the outstanding principal balance hereof in whole at any time or in part from time to time without a prepayment penalty.

4.    **Payments.**  All payments to be made hereunder or under any other Loan Document shall be payable on the day when due. Such payments shall be in funds immediately available without setoff, counterclaim or other deduction of any nature and shall be made by Lender disbursements of loan advances or if insufficient funds remain, by payment from Maker. Whenever any payment to be made under this Note or any other Construction Loan Document shall be stated to be due on a day which is not a business day, such payment shall be made on the next following business day and such extension of time shall be included in computing interest, if any, in connection with such payment. To the extent permitted by law, after there shall have become due (by acceleration or otherwise) interest or any other amounts due from Maker hereunder or under any other Loan Document, such amounts shall bear interest for each day until paid (before and after judgment), payable on demand, at the Default Rate.

5.    **Events of Default.**  The following events shall be deemed to be Events of Default hereunder, under the Mortgage, the Loan Agreement and all other documents executed in connection therewith, and in the event that:

(a)    The failure of Borrower to pay any amount of interest or other sums payable hereunder, on the date on which such payment is due, and such failure continues unremedied for a period of fifteen (15) days after the date such payment is first due;

(b)    The failure of Borrower to pay the principal, any unpaid interest or other sums payable hereunder at the stated maturity date;

2

   (c) The failure of Borrower to duly perform or observe any obligation, covenant or agreement on its part contained herein or in any other Loan Document not otherwise specifically constituting an Event of Default under **Section 13.1 of the Loan Agreement** and such failure continues unremedied for a period of thirty (30) days after written notice from Lender to Borrower of the existence of such failure;

   (d) If Borrower seeks to amend, supplement, stay, vacate or modify the Interim Order or the Final Order approving the Loan;

   (e) If the Bankruptcy Case is dismissed or converted or the Bankruptcy Court enters an order granting relief from the automatic stay to any party other than Lender with respect to any property of the Borrower's estate having a value in the aggregate of more than One Hundred Thousand Dollars ($100,000.00);

   (f) The occurrence of an Event of Default under the Mortgage; or

   (g) A plan is filed that is inconsistent with the terms of this Loan Agreement or any of the Loan Documents.

**THEN,** Lender may accelerate the indebtedness evidenced hereby and, in accordance with the provisions of the Mortgage, the Loan Agreement and the other Lender Documents, may exercise the other rights and remedies provided it in the Mortgages, the Loan Agreement and the other Lender Documents, as well as those it may have at law or in equity.

  6. **Remedies Cumulative.** The rights and remedies of Lender as provided herein, or in any other agreement securing repayment of, or relating to, any portion of the Obligations, or otherwise provided by law, shall be cumulative and may be pursued singly, concurrently, or successively in Lender's sole discretion, and may be exercised as often as necessary; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release of the same.

  7. **Miscellaneous.** This Note evidences the Loan and all other amounts payable by Maker hereunder or under any other Loan Document in connection with this Note. This Note is the **"Note"** referred to in, is entitled to the benefits of, and is secured by the Mortgage, the Loan Agreement and the other Loan Documents, which among other things provide for the acceleration of the maturity hereof upon the occurrence of certain events and for prepayments in certain circumstances and upon certain terms and conditions.

  The unpaid principal amount of this Note, the date and amount of each advance, the unpaid interest accrued hereon, the interest rate applicable to such unpaid principal amount, the date and amount of each payment made hereunder and the duration of such applicability shall at all times be ascertained from the books and records of Lender, which shall be conclusive absent manifest error.

  Maker hereby expressly waives presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this Note, the Loan Agreement, the Mortgage and the other Loan Documents,

3

except notices expressly required herein, and an action for amounts due hereunder or thereunder shall immediately accrue.

All notices, requests, demands, directions and other communications under the provisions hereof shall be in writing and, unless otherwise expressly permitted hereunder, shall be sent as provided in the Loan Agreement or other applicable Loan Document.

This Note may not be amended, modified or supplemented orally.

If any term or provision of this Note or the application thereof to any person or circumstance shall to any extent be invalid or unenforceable, the remainder of this Note, or the application of such term or provision to persons or circumstances other than those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Note shall be valid and enforceable to the fullest extent permitted by law.

This Note has been delivered to Lender and, accepted by Lender in the Commonwealth of Pennsylvania. Except as set forth hereinafter, this Note shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

10. **SERVICE OF PROCESS.** IN ANY LEGAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER, ARISING OUT OF OR RELATED TO THIS NOTE OR THE RELATIONSHIP EVIDENCED HEREBY, MAKER AGREES THAT SERVICE OF PROCESS IN ANY SUCH PROCEEDING MAY BE DULY EFFECTED UPON IT BY MAILING A COPY THEREOF, BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID, TO MAKER.

11. **WAIVER OF JURY TRIAL.** EACH UNDERSIGNED PARTY HEREBY WAIVES, AND LENDER BY ITS ACCEPTANCE HEREOF THEREBY WAIVES, TRIAL BY JURY IN ANY LEGAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE) IN ANY WAY ARISING OUT OF OR RELATED TO THIS NOTE OR THE RELATIONSHIP EVIDENCED HEREBY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO, ACCEPT OR RELY UPON THIS NOTE. MAKER REPRESENTS THAT COUNSEL HAS BEEN SPECIFICALLY CONSULTED AS TO THE WAIVER. MAKER CONSENTS TO PERSONAL JURISDICTION IN THE COMMONWEALTH OF PENNSYLVANIA.

12. **NO LIABILITY; NON-RECOURSE AS TO TRUSTEE.** NOTWITHSTANDING ANYTHING OTHERWISE CONTAINED HEREIN, KEVIN O'HALLORAN IS ACTING SOLELY AS A TRUSTEE ON BEHALF OF BORROWER UNDER THE BANKRUPTCY CASE AND LENDER'S RECOVERY UNDER THIS NOTE, THE LOAN AGREEMENT AND/OR THE MORTGAGE SHALL BE LIMITED TO THE ASSETS OF BORROWER AND ITS ESTATE INCLUDING THE MORTGAGED PROPERTY AND TRUSTEE WILL HAVE NO INDIVIDUAL LIABILITY TO LENDER UNDER THIS NOTE, THE LOAN AGREEMENT AND/OR THE MORTGAGE, OR FOR THE REPAYMENT OF THE LOAN.

**IN WITNESS WHEREOF,** Maker has duly executed and delivered this Note as of the date first above written.

                              **ISLAND VIEW CROSSING II, L.P.**

                              By: _____
                              Name/Title: Kevin O'Halloran, Chapter 11 Trustee