# EXHIBIT G

**Existing Cross Subordination Agreement**

## CROSS SUBORDINATION AGREEMENT

**THIS CROSS SUBORDINATION AGREEMENT** (the "Agreement") is by and among The Redevelopment Authority of Bucks County (the "Authority"), Island View Crossing, LP ("Island View") and Prudential Savings Bank ("Prudential").

### W I T N E S S E T H:

**WHEREAS,** Island View is the owner of a certain lot or piece of ground in Bristol Borough, Bucks County, Pennsylvania situate on Radcliffe Street and being Tax Parcel No. 4-27-119 (the "Premises"); and,

**WHEREAS,** the Authority has a Two Million Five Hundred Thousand ($2,500,000.00) Dollar first mortgage lien on the Premises; and,

**WHEREAS,** Island View desires to develop the Premises in three phases, the first being to make site improvements to the Premises as required by a certain Subdivision Development Improvement Agreement between Island View and Borough of Bristol; the second phase being the construction of town houses on that portion of the Premises designated on a certain Phasing Plan Exhibit of Proposed Residential Development of Island View Crossing II LP (the Phasing Plan") as "Phase I" and the third phase being the construction of condominium units on the portion of the Premises designated on the Phasing Plan as Phase II; and,

**WHEREAS,** the parties to the Agreement desire to set forth their rights, responsibilities and obligations with respect to development of the Premises.

### AGREEMENT

**NOW THEREFORE,** in consideration of the mutual promises hereinafter set forth and for other good and valuable consideration, the receipt of which is acknowledge, the parties hereto agree as follows:

1. **Incorporation of Recitals.** The recitals hereinbefore set forth are incorporated into and are a part of the Agreement as though they were set forth herein at length.

2. **The Phasing Plan.** By execution of the Agreement, the parties agree to development of the Premises as set forth on the Phasing Plan.

3. **Development Plan.** Island View shall obtain a final approved plan for development of

the Premises from Bristol Borough (the "Development Plan") and present it to the Authority and Prudential for their approval, which approval shall not be unreasonably withheld or delayed.

4. **Site Improvements**. Island View shall present a schedule of proposed improvements to the Premises to Prudential and the Authority (the "Site Improvements Schedule") for their approval, which approval shall not be unreasonably withheld or delayed.

5. **Construction of Houses**. Island View shall present to Prudential for its approval a Schedule of the cost of construction of the houses in Phase 2 of the Phasing Plan (the "House Construction Schedule"), which approval shall not be unreasonably withheld or delayed.

6. **Financing**.

6.1 (a) **Prudential** Subject to its approval of the Development Plan as hereinbefore set forth in Section 3, the Site Improvements Schedule as hereinbefore set forth in Section 4 and the House Construction Schedule as hereinbefore set forth in Section 5 and subject to compliance by Island View with Prudential's construction loan mortgage underwriting policy shall issue its commitment to Island View to provide mortgage financing for the cost of site improvements and construction of houses in Phase 1 of the Phasing Plan and Site Improvements in Phase 2 of the Phasing Plan. The financing from Prudential shall be secured by a second lien mortgage on the Premises under and subject to the Authority's first mortgage aforesaid.

6.1 (b) **Prudential** now has or may in the future have collateral mortgage liens on the Premises which are junior in lien priority to the Authority's first mortgage lien and to Prudential's mortgage liens hereinbefore set forth in Section 6.1 (a). In the event that Prudential forecloses on its collateral mortgage, it will cause the Authority's mortgage to be paid in full.

6.2 (a) **The Authority** consents to Prudential's second mortgage lien on the Premises.

6.2 (b) **The Authority** consents to Prudential's collateral mortgage liens hereinbefore set forth in Section 6.1(b).

6.3 (a) **Island View**, until its loan from the Authority secured by the Authority's Mortgage on the Premises is paid in full, shall continue to make all required mortgage payments and comply with all terms and conditions of the mortgage loan.

6.3. (b) **Island View** shall provide Prudential with such evidence as it may require that it has or will have at time of settlement on its mortgage loan from Prudential sufficient funds to pay for costs of the Site Improvements and construction of houses in excess of the funds to be provided by Prudential pursuant to Section 6.1 (a).

7. **Repayment of Financing**
7.1. **The Authority Mortgage Loan**. Upon settlement on the sale of each town house

and each condominium unit constructed on the Premises, Island View shall pay the Authority Twelve Thousand Three Hundred Fifty ($12,350.00) Dollars in reduction of the principal balance of the Authority's mortgage loan and in consideration of the payment, the Authority shall release the town house or condominium unit as the case may be, from the lien of its mortgage, all costs for preparation and filing of the release to be paid by Island View. Upon receipt of full payment of the mortgage loan, the Authority shall cause its mortgage to be marked satisfied of record.

   7.2. *Prudential's Mortgage Loan.* Upon settlement on the sale of each town house constructed on the Premises, Island View, after the payment to the Authority as hereinbefore set forth in section 7.1, shall pay Prudential the net proceeds of the sale in reduction of the principal balance and interest due on Prudential's mortgage loan and in consideration of the payment, Prudential shall release the town house from the lien of its mortgage, all costs for preparation and filing of the release to be paid by Island Vew. For purposes of this sub-paragraph, net proceeds shall mean the sale price of the town house less the seller's cost of sale and settlement, all as authorized and approved by Prudential.

  8. **Choice of Law** The Agreement will be governed, construed, and enforced in accordance with the laws of the Commonwealth of Pennsylvania without regard to its conflict of law rules.

  9. **Counterparts** This Agreement may be executed in one or more counterparts, each of which will be deemed an original, and all of which taken together will constitute one and the same instrument.

  10. **Entire Agreement** This Agreement contains the entire understanding of the parties with respect to the subject matter hereof, superseding all negotiations, prior discussions and preliminary agreements. This Agreement may be amended and modified only by a written instrument duly executed by the parties hereto.

  11. **Successors and Assigns** All other terms and provisions hereof will be binding on and insure to the benefit of and be enforceable by the successors and assigns of the parties hereto.

  12. **Waiver** No waiver of an provision of this Agreement and no waiver of any breach or default under this Agreement will be considered valid unless it is in writing and signed by the party giving the waiver. No sch waiver will be deemed a waiver of any other provision or any subsequent breach or default of a similar nature.

  13. **Severability** The invalidity or unenforceability of any particular provision of this Agreement will not affect the other provisions hereof, and this Agreement will be construed in all respects as if the invalid or unenforceable provisions were omitted. Anything to the contrary notwithstanding, the invalidity or unenforceability of any provision as aforesaid, shall have no effect on the validity or enforceability of the Authority's mortgage loan aforesaid.

IN WITNESS WHEREOF, the parties hereto, being duly authorized so to do, have caused this Agreement to be executed by their duly authorized officers on the date set forth beneath their names.

ISLAND VEW CROSSING II, L.P.
by: Island View Properties, Inc.,
    its General Partner

by: _____
    Renato J. Gualtieri, President

DATE: 11/26/2014

REDEVELOPMENT AUTHORITY OF
BUCKS COUNTY

by: _____
    Robert White, Executive Director

DATE: 12/10/2014

PRUDENTIAL SAVINGS BANK

by: _____
    Salvatore Fratanduono
    Sr. VP/CLO

DATE: 11/26/14