IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | **BANKRUPTCY NO. 17-14454(ELF)** |
| | : | |
| **Debtor** | : | |
| | : | |

### APPLICATION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE, TO EMPLOY KAPLIN STEWART MELOFF REITER & STEIN, PC AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FED.R.BANKR.P. 2014

Kevin O'Halloran, Chapter 11 Trustee (the "Trustee") for the estate of Island View Crossing, II, L.P. (the "Debtor"), by and through his counsel, Karalis PC, hereby makes this application to employ Kaplin Stewart Meloff Reiter & Stein, PC ("Kaplin Stewart") as special counsel pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed.R.Bankr.P. 2014 (the "Application"), and in support thereof, respectfully represent as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

### BACKGROUND

4. On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. Since the Petition Date, the Debtor remained in possession of its assets and

continued in the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed.

6. On December 18, 2017, this Honorable Court entered an Order directing the appointment of a Chapter 11 Trustee.

7. On December 21, 2017, the United States Trustee filed an Application for Order Approving the Appointment of Christine C. Shubert as the interim Chapter 11 Trustee which application was approved pursuant to a Court Order entered on the same day.

8. A meeting of creditors commenced on January 11, 2018 which was continued and concluded on January 29, 2018 for the purpose of electing a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(b)(1) and Fed.R.Bankr.P. 2007.1.

9. On January 30, 2018, the United States Trustee for Region 3 filed its Report of Undisputed Election which provided, *inter alia*, that the Trustee was elected to serve as the trustee in this bankruptcy proceeding.

## PROPOSED RETENTION OF KAPLIN STEWART

10. The Trustee has determined that he requires the services of Kaplin Stewart to modify and revise the Association Declaration and related development agreements for the Debtor's residential development. The proposed engagement agreement is attached hereto as Exhibit "A" and made a part hereof.

11. The Trustee has made a careful and diligent inquiry into the qualifications and competence of Kaplin Stewart and is advised that Kaplin Stewart is capable of providing the proper services in connection with this matter.

12. Kaplin Stewart represented the Debtor prior to the Petition Date and has filed a general unsecured proof of claim in the amount of $35,625.48 in the Debtor's bankruptcy case. Kaplin Stewart is not waiving this claim.

13. Kaplin Stewart is not an insider or affiliate of the Debtor. Kaplin Stewart did not receive any transfers from the Debtor on or within ninety (90) days of the Petition Date.

14. A Verified Statement executed by Gregg I. Adelman, Esquire asserting, among other things, that Kaplin Stewart does not hold any interest materially adverse to the Debtor's estate is attached hereto as Exhibit "B" and made a part hereof.

15. Kaplin Stewart's hourly rates, subject to periodic review and adjustment, are from a low of $175.00 for a paralegal to a high of $485.00 for an attorney. Kaplin Stewart's estimate for the services to be provided to the Trustee is approximately $5,000 to $7,000.

16. Kaplin Stewart will also seek to be reimbursed for reasonable out-of-pocket expenses.

17. Any and all compensation to be paid to Kaplin Stewart for services rendered and costs incurred on the Trustee's behalf shall be fixed by application to this Court in accordance with §§ 330 and 331 of the Bankruptcy Code, such Rules of Local and Federal Bankruptcy Procedure as may then be applicable, and/or any alternative arrangement for interim compensation as may be authorized by the Court.

18. The Trustee believes, and therefore avers, that the employment of Kaplin Stewart is necessary and in the best interest of the Debtor's estate.

## **RELIEF REQUESTED**

19. By this Application, the Trustee requests that this Honorable Court enter an order authorizing the employment of Kaplin Stewart as special counsel to provide the services described herein pursuant to 11 U.S.C. §§ 327 and 328 and Fed.R.Bankr.P. 2014.

20. Kaplin Stewart has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b).

21. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

22. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of ... other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and

accountants, the United States trustee, or any person employed in the office of the United States trustee.

23. Lastly, 11 U.S.C. § 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." *See*, 11 U.S.C. § 328(a).

24. The Trustee contends that Kaplin Stewart's employment is necessary and in the best interests of the Debtor's estate.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an Order granting the relief requested herein and for such other and further relief as this Honorable Court deems just.

                                        **Respectfully submitted,**

                                        **KARALIS PC**

                                        By: ___/s/ Robert W. Seitzer_____
                                                ARIS J. KARALIS
                                                ROBERT W. SEITZER
                                                1900 Spruce Street
                                                Philadelphia, PA 19103
                                                (215) 546-4500
                                                Attorneys for the Trustee

Dated: February 14, 2019