# **EXHIBIT "B"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | **BANKRUPTCY NO. 17-14454(ELF)** |
| | : | |
| **Debtor** | : | |
| | : | |

**VERIFIED STATEMENT OF GREGG I. ADELMAN, ESQUIRE IN SUPPORT OF APPLICATION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE, TO EMPLOY KAPLIN STEWART MELOFF REITER & STEIN, PC AS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FED.R.BANKR.P. 2014**

I, Gregg I. Adelman, Esquire, hereby declare under penalty of perjury, and in connection with the above-captioned Chapter 11 bankruptcy case, that the following facts are true and correct to the best of my knowledge, information and belief:

1. I am a principal of Kaplin Stewart Meloff Reiter & Stein, PC ("Kaplin Stewart") which has an office located at 910 Harvest Drive, P.O. Box 3037, Blue Bell, PA 19422-0765.

2. Other than as set forth herein, Kaplin Stewart has no connection with the Debtor, its creditors or any other party in interest.

3. Kaplin Stewart represented the Debtor prior to the Petition Date and has filed a general unsecured proof of claim in the amount of $35,625.48 in the Debtor's bankruptcy case. Kaplin Stewart is not waiving this claim.

4. Kaplin Stewart is not an insider or affiliate of the Debtor. Kaplin Stewart did not receive any transfers from the Debtor on or within ninety (90) days of the Petition Date.

5. Kaplin Stewart does not hold nor represent any interests materially adverse to the Debtor, its creditors or estate in this matter.

6. Pursuant to § 504 of the Bankruptcy Code, no agreement or understanding exists between Kaplin Stewart or any other person to share any compensation or reimbursement of

expenses to be paid to Kaplin Stewart in this proceeding.

7.     To the best of my knowledge at this time, Kaplin Stewart has no connection with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee other than as previously mentioned.

8.     Any and all compensation to be paid to Kaplin Stewart for services rendered and costs incurred on the Trustee's behalf shall be fixed by application to this Court in accordance with §§ 330 and 331 of the Bankruptcy Code, such Rules of Local and Federal Bankruptcy Procedure as may then be applicable, and/or any alternative arrangement for interim compensation as may be authorized by the Court.

9.     Kaplin Stewart's hourly rates, subject to periodic review and adjustment, are from a low of $175.00 for a paralegal to a high of $485.00 for an attorney. Kaplin Stewart's estimate for the services to be provided to the Trustee is approximately $5,000 to $7,000.

10.    Kaplin Stewart will also seek to be reimbursed for reasonable out-of-pocket expenses.

11.    Kaplin Stewart intends to continue its conflict search if and when additional creditors and parties-in-interest are known. If any new, relevant facts or relationships are discovered or arise, Kaplin Stewart shall file and serve a Supplemental Verified Statement promptly.

KAPLIN STEWART MELOFF REITER & STEIN, PC

By: _____
Gregg I. Adelman

Dated: February 14, 2019