# **EXHIBIT "B"**

## BUCKS COUNTY RECORDER OF DEEDS
### 55 East Court Street
### Doylestown, Pennsylvania  18901
### (215) 348-6209

Instrument Number - 2019073340
Recorded On 12/17/2019 At 3:51:17 PM                 * Total Pages - 15
* Instrument Type - DEED AGREEMENT - NO PROPERTY TRANSFER
Invoice Number - 1047745           User -  JLC
* Grantor - ISLAND VIEW CROSSING II L P
* Grantee - COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PRO
* Customer - SIMPLIFILE LC E-RECORDING
* **FEES**
  | RECORDING FEES | $112.75 |
  | TOTAL PAID     | $112.75 |

> Bucks County UPI Certification
> On December 17, 2019 By JJK

> This is a certification page
>
> # DO NOT DETACH
>
> This page is now part
> of this legal document.

RETURN DOCUMENT TO:
KAPLIN STEWART
910 HARVEST DRIVE&#10;POST OFFICE
BLUE BELL, PA 19422

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



Robin M. Robinson
Recorder of Deeds

\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

162758



```
CERTIFIED PROPERTY IDENTIFICATION NUMBERS
04-027-119-         -         BRISTOL BOR
     CERTIFIED 12/17/2019 BY JJK
```

**PREPARED BY:**
Island View Crossing II, L.P.
c/o Kevin O'Halloran as Chapter 11 Bankruptcy Trustee,
Box 1281
Largo, FL 33779
Telephone: (469) 243-8242

**RETURN TO:**
Island View Crossing II, L.P.
c/o Kevin O'Halloran as Chapter 11 Bankruptcy Trustee,
Box 1281
Largo, FL 33779
Telephone: (469) 243-8242

## ENVIRONMENTAL COVENANT

**RETURN TO:**
Island View Crossing II, L.P.
c/o Kevin O'Halloran as Chapter 11 Bankruptcy Trustee,
Box 1281
Largo, FL 33779
Telephone: (727) 538-4670

The Parcel Identification Number for the Property is: 04-027-119

**GRANTOR:** Island View Crossing II, L.P., Kevin O'Halloran as Chapter 11 Bankruptcy Trustee, c/o Box 1281, Largo, FL 33779

**PROPERTY ADDRESS:** 1600 Radcliffe Street, Bristol Borough, Bucks County, PA 19007

## ENVIRONMENTAL COVENANT
Dated:  12/12/19

This Environmental Covenant is executed pursuant to the Pennsylvania Uniform Environmental Covenants Act, Act No. 68 of 2007, 27 Pa. C.S. §§ 6501 – 6517 (UECA). This Environmental Covenant subjects the Property identified in Paragraph 1 to the activity and/or use limitations in this document. As indicated later in this document, this Environmental Covenant has been approved by the Pennsylvania Department of Environmental Protection (Department).

1. **Property affected.** The property affected ("Property") by this Environmental Covenant is located in Bristol Borough, Bucks County, Pennsylvania.

   a) The postal street address of the Property is: 1600 Radcliffe Street, Bristol, Pennsylvania 19007.

   b) The Parcel Identification Number for the Property is 04-027-119.

   c) The latitude and longitude of the approximate center of the Property affected by this Environmental Covenant is:  40.105016° North, -74.839304° West.

   d) The Property has been known by the following name(s):  Former Dial North Property on Property B of the Former Riverfront North Site

   e) The DEP Primary Facility ID Number for the Property is 663705.

   f) A complete description of the Property is attached to this Environmental Covenant as **Exhibit "A"**.

   g) A map of the Property is attached to this Environmental Covenant as **Exhibit "B"**.

1

2. **Property Owner / GRANTOR.** Island View Crossing II L.P., a Pennsylvania Limited Partnership, is the owner of the Property and the GRANTOR of this Environmental Covenant. The mailing address of the owner is Island View Crossing II, L.P., c/o Kevin O'Halloran as Chapter 11 Bankruptcy Trustee, Box 1281 Largo, FL 33779

3. **Holder(s) / GRANTEE.** The following is the Grantee and a "holder," as that term is defined in 27 Pa. C.S. § 6502, of this Environmental Covenant: The Townhomes at Radcliffe Court on the Delaware Community Association, a Pennsylvania non-profit corporation, 1600 Radcliffe Street, Bristol, PA, 19007

4. **Description of Contamination & Remedy.**

    The Property was historically part of a larger 40-acre industrial site. The contamination at the Property consists of soils impacted by metals, specifically lead, at concentrations exceeding residential Medium-Specific Concentrations (MSCs) developed pursuant to Pennsylvania's Land Recycling and Remediation Standards Act (Act 2). Several volatile organic compounds (VOCs) were detected at concentrations exceeding residential Act 2 MSCs in soil samples collected from the Property, including carbon tetrachloride, chloroform, cumene, trichloroethene (TCE), n-butylbenzene, sec-butylbenzene, and n-propylbenzene. Also, semi-volatile organic compounds (SVOCs), benzo(a)pyrene, benzo(b)fluoranthene, and dibenzo(a,h)anthracene were detected in soil samples at concentrations exceeding residential Act 2 MSCs.

    The areas of the Property with metal concentrations exceeding residential Act 2 MSCs were covered with an engineering control (capping mechanism) which included a minimum of 1-foot of soil cover and/or asphalt parking areas, buildings, or concrete sidewalks. A deed restriction prohibiting the disturbance or excavation of surface and subsurface soils at the Property, except as required for development activities, utility maintenance or routine landscaping activities will be entered for the Property. Additionally, the areas of the Property with VOC concentrations exceeding Act 2 MSCs, where worker exposure may be an issue during construction activities, were excavated and the soil placed in a pit (and capped) located on Phase II of the development (not part of the Property). Furthermore, a vapor mitigation system (VMS) will be installed and maintained in each residence to remediate any vapor intrusion issues.

    The identification, location, and concentration of the regulated substances discovered in soil underlying the Property are described in detail within the April 30, 2019 report entitled "Act 2 Final Report For Soils, Former Dial North Property, Phase 1 Of Property B Of The Former Riverfront North Site, 1600 Radcliffe Street, Bristol Borough, Bucks County, Pennsylvania" (the "Final Report"). The Final Report, which was approved by the Department on October 9, 2019, is incorporated herein by reference and is available for public view at the Pennsylvania Department of Environmental Protection Southeastern Regional Office located at 2 East Main Street, Norristown, PA 19401 in accordance with the Department's or its successor agency's document retention and public access policies.

5. **Activity & Use Limitations.** The Property is subject to the following activity and use limitations, which the then current owner of the Property, and its tenants, agents, employees and other persons under its control, shall abide by:
Soils

The implemented Cleanup Plan for the Property required the capping of impacted soils through the use of concrete building slabs and walkways, asphalt parking lots and roadways and a one-foot buffer of clean soil in landscaped areas. The capping mechanism will act as an engineering control and will have to be maintained at the Property to eliminate the direct contact pathway for soil. A Site Layout Map showing the capped areas and the capping mechanism is included as **Exhibit "C"**. To ensure the integrity of the cap, the following post-remediation care activities will be performed by the Home Owners Association (Grantee):

1. The capped areas of the Property will be maintained by the Grantee.
2. The capped areas will be inspected annually.
3. Any damage to the cap will be repaired within 30 days of the damage being observed. The cap will be assumed to have been damaged if there is a crack at least ½-inch wide by one-foot long.
4. The berms must be inspected semi-annually for loss of the cover material and otherwise maintained in good aesthetic condition. Any loss of cover material due to erosion or other mechanisms must be replaced as soon as practical (within two weeks). Additionally, the shape and grade of the berms must be maintained in good condition to minimize the potential for erosion.
5. A record of the annual inspection and documentation of any repairs to the cap will be maintained with the Grantee. This report will include all observations regarding the cap integrity and a description of any repairs that were performed during the reporting period. All inspection work will be conducted by a qualified environmental professional chosen by the Grantee.

In addition, a Site-Specific Health and Safety Plan (HASP) will be required for any construction/maintenance workers disturbing capped areas of the Property.

Ground Water

The use of ground water beneath the Property for any purpose is prohibited.

Vapor

The Department-approved Cleanup Plan for the Property requires the installation and maintenance of a VMS within the sub-slab area of each residence. These VMS will eliminate unacceptable vapor intrusion into the indoor air pathway. To ensure the VMS are maintained and working properly, the following post-remediation care activities will be required:

3

1. Semi-annual inspections of the fans, blowers, and venting systems will be conducted by the Grantee or their qualified designee to ensure each are working properly.
2. The Grantee or their qualified designee will repair or replace system components immediately upon discovery of a malfunction. These actions will be documented in inspection logs/reports. The Grantee will maintain these logs/reports.
3. In addition, the floors will be maintained as a barrier to vapor intrusion. As part of this process, the Grantee or their qualified designee will inspect the floors and exterior foundations (where visible) annually for evidence of cracking.
4. Any damage to these floors/foundations will be repaired within 30 days of the damage being observed and such will be recorded on the Grantee-maintained logs.
5. A record of the annual inspection and documentation of any repairs to the floors will be maintained by the Grantee. This report will include all observations pertaining to the floor's integrity and a description of any repairs that were implemented during the reporting period. All inspection work will be conducted by a qualified professional chosen by the Grantee with experience in the maintenance of VMS.

Additionally, indoor air quality (IAQ) samples will be collected by the Grantee from each residence prior to occupancy. If IAQ samples are collected from a residence at a time outside of the heating season (a time when a temperature differential of 15 °F between the minimum indoor air and average outdoor temperature is met), an additional round of IAQ samples will be collected during the heating season from only those residences. If initial IAQ sampling results suggest the VMS is not working properly, the VMS will be modified and a second round of IAQ samples will be collected from those residences, regardless of the date of collection of the initial IAQ sample. IAQ samples will be collected following Department guidelines and will be analyzed for site-specific compounds of concern, specifically benzene, bromodichloromethane, chloroform, ethylbenzene, and trichloroethene, using EPA Method TO-15. Results of the analyses will be provided in hardcopy format to the Department as they are collected and documented for each residence.

6. **Notice of Limitations in Future Conveyances.** Each instrument hereafter conveying any interest in the Property subject to this Environmental Covenant shall contain a notice of the activity and use limitations set forth in this Environmental Covenant and shall provide the recorded location of this Environmental Covenant.

7. **Compliance Reporting.** After written request by the Department, or by the end of February 2021 and yearly thereafter, the then current owner of the Property shall submit, to the Department and any Holder listed in Paragraph 3, written documentation stating whether or not the required annual inspections of the VMS installed in each residence are being abided by. In addition, within 1 month after any of the following events, the then current owner of the Property shall submit, to the Department and any Holder listed in Paragraph 3, written documentation: noncompliance with the activity and use limitations in this Environmental Covenant; transfer of the Property; changes in use of the Property; or filing of applications for building permits for the Property and any proposals for any site work, if the building or proposed site work will affect the contamination on the Property subject to this Environmental Covenant. Reporting for other controls at the Property may be required upon request.

8. **Access by the Department.** In addition to any rights already possessed by the Department, this Environmental Covenant grants to the Department a right of reasonable access to the Property in connection with implementation or enforcement of this Environmental Covenant.

9. **Recordation & Proof of Notification.** Within thirty (30) days after the date of the Department's approval, Grantor shall file this Environmental Covenant with the Recorder of Deeds for Bucks County, and send a file-stamped copy of this Environmental Covenant to the Department within sixty (60) days of recording. Within that time period, Grantor shall also send a file-stamped copy to each of the following: Bristol Borough and Bucks County; any Holder identified in this Environmental Covenant listed in Paragraph 3; each person holding a recorded interest in the Property; and each person in possession of the Property.

10. **Termination or Modification.**

    (a) This Environmental Covenant may only be terminated or modified in accordance with 27 Pa. C.S. §§ 6509 or 6510, or in accordance with this paragraph.

    (b) This Environmental Covenant may be amended or terminated as to any portion of the Property that is acquired for use as state highway right-of-way by the Commonwealth provided that: (1) the Department waives the requirements for an environmental covenant and for conversion pursuant to 27 Pa. C.S. §6517 to the same extent that this Environmental Covenant is amended or terminated; (2) the Department determines that termination or modification of this Environmental Covenant will not adversely affect human health or the environment; and (3) the Department provides 30-days advance written notice to the current property owner, each holder, and, as practicable, each person that originally signed the Environmental Covenant or successors in interest to such persons.

    (c) This Environmental Covenant shall terminate upon attainment, in accordance with 35 P.S. §§ 6026.101 – 6026.908, with an unrestricted use remediation standard for the above-described contamination at the Property. The Department must approve, in writing, of such termination.

11. **Notices.**

    (a) Communications with the Department regarding this Environmental Covenant shall be sent to:

      Environmental Cleanup Manager
      Department of Environmental Protection
      Southeast Regional Office
      2 East Main Street
      Norristown, PA 19401

5

12. **Severability.** The paragraphs of this Environmental Covenant shall be severable and should any part hereof be declared invalid or unenforceable, the remainder shall continue in full force and effect between the parties.

IN WITNESS WHEREOF, Owner(s) and any Holder(s) have executed this Environmental Covenant as of the date first written above.

Date: _____

Island View Crossing II, L.P., Kevin O'Halloran as Chapter 11 Bankruptcy Trustee, Grantor
By: _/s/_____
Name: KEVIN O'HALLORAN
Title: CHAPTER 11 TRUSTEE

Date: _____

The Townhomes at Radcliffe Court on the Delaware Community Association, a Pennsylvania non-profit corporation, Grantee
By: _/s/_____
Name: KEVIN O'HALLORAN
Title: MEMBER

Date: _____

APPROVED, by Commonwealth of Pennsylvania, Department of Environmental Protection
By: _____
Name: _____
Title: _____

– SEE NEXT PAGE –

**Property Owner:**     Island View Crossing, II, L.P., Kevin O'Halloran as Chapter II Bankruptcy Trustee, c/o Box 1281

Largo, FL 33779

**Property Address:**   1600 Radcliffe Street

Bristol, PA 19007

Bristol Borough

Bucks County

APPROVED, by Commonwealth of Pennsylvania,

Department of Environmental Protection

Date: 12/16/2019

By: _____

Name: Ragesh R. Patel

Title: Environmental Cleanup & Brownfields Program Manager

PA DEP – Southeast Regional Office

**COMMONWEALTH OF PENNSYLVANIA**

**COUNTY OF MONTGOMERY**

On this 16th day of December, 2019, before me, the undersigned officer, personally appeared Ragesh R. Patel, who acknowledged himself to be the Environmental Cleanup & Brownfields Program Manager of the Commonwealth of Pennsylvania, Department of Environmental Protection, Southeast Regional Office, whose name is subscribed to this Environmental Covenant, and acknowledged that he executed same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Vanetta Bouknight Ross, Notary Public
Montgomery County
My commission expires December 1, 2021
Commission number 1193448
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

~~COMMONWEALTH OF PENNSYLVANIA~~ STATE OF TEXAS
COUNTY OF ~~BUCKS~~ DALLAS                              SS.

On this 12th day of DECEMBER, 2019, before me, the undersigned officer, personally appeared KEVIN O'HALLORAN * [Owner, Grantor] who acknowledged himself/herself to be the person whose name is subscribed to this Environmental Covenant, and acknowledged that s/he executed same for the purposes therein contained.   *as Chapter 11 Bankruptcy Trustee of Island View Crossing II, L.P.

In witness whereof, I hereunto set my hand and official seal.

MICHELLE Z. FORREST
Notary Public, State of Texas
Comm. Expires 09-26-2023
Notary ID 10888140

_____
Notary Public

~~COMMONWEALTH OF PENNSYLVANIA~~ STATE OF TEXAS
COUNTY OF ~~BUCKS~~ DALLAS                              SS.

On this 12th day of DECEMBER, 20 19 before me, the undersigned officer, personally appeared KEVIN O'HALLORAN * [Holder, Grantee] who acknowledged himself/herself to be the person whose name is subscribed to this Environmental Covenant, and acknowledged that s/he executed same for the purposes therein contained.   *Member of The Townhomes at Radcliffe Court on the Delaware Community Association, a Pennsylvania non-profit corporation

In witness whereof, I hereunto set my hand and official seal.

MICHELLE Z. FORREST
Notary Public, State of Texas
Comm. Expires 09-26-2023
Notary ID 10888140

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF BUCKS                                         SS.

On this ___ day of _____, 20__, before me, the undersigned officer, personally appeared _____, who acknowledged himself/herself to be the _____ [Title] of the Commonwealth of Pennsylvania, Department of Environmental Protection, _____ [insert name of regional office], whose name is subscribed to this Environmental Covenant, and acknowledged that s/he executed same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

7

**Control Point Associates, Inc.**
traditional methods | modern approaches

EXHIBIT A  1/3

New Britain Corporate Center
1600 Manor Drive, Suite 210,
Chalfont, PA 18914
Tel. 215.712.9800
Fax. 215.712.9802
www.cpasurvey.com

FEBRUARY 26, 2015
REVISED March 3, 2015
CP05063.03

METES AND BOUNDS DESCRIPTION
MASTER UNIT 1
PART OF T.M.P. 4-27-119
LANDS NOW OR FORMERLY
ISLAND VIEW CROSSINGS II, L.P.
BRISTOL BOROUGH, BUCKS COUNTY
COMMONWEALTH OF PENNSYLVANIA

BEGINNING AT A POINT ON THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF RADCLIFFE STREET (A.K.A. S.R. 2002, 60 FOOT WIDE RIGHT-OF-WAY), AT THE INTERSECTION OF THE DIVIDING LINE BETWEEN MASTER UNIT 1 AND MASTER UNIT 2, AND FROM SAID POINT OF BEGINNING RUNNING, THENCE;

1. ALONG THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF RADCLIFFE STREET, NORTH 35 DEGREES - 55 MINUTES - 10 SECONDS EAST, A DISTANCE OF 669.94 FEET TO A POINT, THENCE;

2. ALONG THE DIVIDING LINE BETWEEN MASTER UNIT 1 AND T.M.P. 4-27-119-1, LANDS NOW OR FORMERLY RIVERBIRCH ENTERPRISES, L.P., SOUTH 54 DEGREES - 04 MINUTES - 50 SECONDS EAST, A DISTANCE OF 499.01 FEET TO A POINT, THENCE;

THE FOLLOWING FIFTEEN (15) COURSES AND DISTANCES ALONG THE DIVIDING LINE BETWEEN MASTER UNIT 1 AND MASTER UNIT 2:

3. SOUTH 35 DEGREES - 55 MINUTES - 01 SECONDS WEST, A DISTANCE OF 39.36 FEET TO A POINT, THENCE;

4. NORTH 54 DEGREES - 04 MINUTES - 50 SECONDS WEST, A DISTANCE OF 29.96 FEET TO A POINT, THENCE;

5. SOUTH 35 DEGREES - 54 MINUTES - 38 SECONDS WEST, A DISTANCE OF 31.05 FEET TO A POINT, THENCE;

6. SOUTH 13 DEGREES - 58 MINUTES - 39 SECONDS WEST, A DISTANCE OF 41.09 FEET TO A POINT, THENCE;

7. SOUTH 30 DEGREES - 05 MINUTES - 53 SECONDS WEST, A DISTANCE OF 28.61 FEET TO A POINT, THENCE;

8. SOUTH 03 DEGREES - 16 MINUTES - 09 SECONDS EAST, A DISTANCE OF 71.13 FEET TO A POINT, THENCE;

9. SOUTH 14 DEGREES - 51 MINUTES - 13 SECONDS WEST, A DISTANCE OF 75.13 FEET TO A POINT, THENCE;

10. SOUTH 33 DEGREES - 07 MINUTES - 57 SECONDS WEST, A DISTANCE OF 92.70 FEET TO A POINT, THENCE;

Corporate Office
35 Technology Drive, Warren, NJ 07059
tel: 908.668.0099 fax: 908.668.9595

Branch Office
352 Turnpike Road, Suite 201, Southborough, MA 01772
tel: 508.948.3000 fax: 508.948.3003

Professional Land Surveying and Consulting Services

**CONTROL POINT ASSOCIATES, INC.**
traditional methods | modern approaches

EXHIBIT A 2/3
February 26, 2015
Revised March 3, 2015
CP05063.03
Bristol Borough, Bucks County, PA
Page 2

11. SOUTH 42 DEGREES – 25 MINUTES – 49 SECONDS WEST, A DISTANCE OF 155.75 FEET TO A POINT, THENCE;

12. SOUTH 26 DEGREES – 39 MINUTES – 07 SECONDS WEST, A DISTANCE OF 76.30 FEET TO A POINT, THENCE;

13. SOUTH 35 DEGREES – 53 MINUTES – 25 SECONDS WEST, A DISTANCE OF 47.20 FEET TO A POINT, THENCE;

14. SOUTH 29 DEGREES – 25 MINUTES – 42 SECONDS WEST, A DISTANCE OF 15.95 FEET TO A POINT, THENCE;

15. NORTH 54 DEGREES – 04 MINUTES – 50 SECONDS WEST, A DISTANCE OF 113.19 FEET TO A POINT, THENCE;

16. NORTH 82 DEGREES – 18 MINUTES – 41 SECONDS WEST, A DISTANCE OF 46.58 FEET TO A POINT, THENCE;

17. NORTH 54 DEGREES – 04 MINUTES – 50 SECONDS WEST, A DISTANCE OF 406.00 FEET TO THE POINT AND PLACE OF BEGINNING.

CONTAINING 356,638 SQUARE FEET OR 8.187 ACRES

THIS PROPERTY SUBJECT TO RESTRICTIONS, COVENANTS AND/OR EASEMENTS EITHER WRITTEN OR IMPLIED.

THIS DESCRIPTION WAS WRITTEN BASED UPON A MAP ENTITLED "MASTER PLANNED COMMUNITY PLAN, ISLAND VIEW CROSSING II, L.P., PROPOSED RESIDENTIAL LAND DEVELOPMENT, 1600 RADCLIFFE STREET, BRISTOL BOROUGH, BUCKS COUNTY, PENNSYLVANIA", PREPARED BY BOHLER ENGINEERING PA, LLC, DATED 2/24/2015, LAST REVISED 2/26/15, PROJECT NO. P131250, SHEET 1 OF 1.

CONTROL POINT ASSOCIATES, INC.

Inst. # 2019073340 - Page 13 of 15
Case 17-14454-elf  Doc 422-2  Filed 12/20/19  Entered 12/20/19 13:33:29  Desc
Exhibit B  Page 14 of 16

EXHIBIT A 3/3





EXHIBIT C

