# **EXHIBIT "F"**

# PROMISSORY NOTE

**$443,352.00**　　　　　　　　　　　　　　　　　　　　　　　　　**January __, 2020**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Philadelphia, Pennsylvania**

**FOR VALUE RECEIVED, ISLAND VIEW CROSSING II, L.P.,** a Pennsylvania limited partnership **("Borrower"),** hereby promises to pay to the order of **BKRE INVESTMENTS, LLC ("Lender")**, the principal sum of Four Hundred and Forty Three Thousand Three Hundred and Fifty Two Dollars ($443,352.00) (this **"Loan"**) together with interest thereon at the rate specified herein as set forth below; provided however, only $200,000.00 of the amount of the Loan will be advanced to the Borrower upon Bankruptcy Court approval of this Loan (the "**Initial Advance**") and the balance ($243,352.00) of the Loan (the "**2nd Advance**") will be advanced to Borrower only at such time as the Additional Conditions (as defined below) are satisfied:

　　　　1.　　**Term.** The term of this Loan shall expire twelve (12) months after this Loan is approved by the Bankruptcy Court at which time the unpaid principal balance of this Loan is due and payable (the "**Maturity Date**").

　　　　2.　　**Repayment Terms; Rate of Interest.**

　　　　　　(a)　　**Repayment Terms**.  This Loan may be repaid at any time, in whole, or in part, at the Borrower's sole discretion and subject to available cash flow.

　　　　　　(b)　　**Interest Rate**.  Interest shall accrue on the unpaid principal balance of this Loan outstanding at fixed rate of nine and one-quarter percent (9.25%) per annum until the entire outstanding principal balance has been paid and satisfied in full; provided, however, that if Borrower repays to Lender the entire unpaid principal balance of this Loan due to Lender on or before the Maturity Date, then the principal balance of this Loan shall accrue no interest.  The interest rate hereunder shall be based on a year of 360 days and actual days elapsed.

　　　　　　(c)　　**Maximum Legal Rate.**  The Borrower shall not be obligated to pay and Lender shall not collect interest at a rate in the excess of the maximum permitted by law or the maximum that will not subject the Lender to any civil or criminal penalties. If because of the acceleration of maturity, the payment of interest in advance or any other reason, the Borrower is required, under the provisions of any Loan Document or otherwise, to pay interest at a rate in excess of such maximum rate, the rate of interest under such provisions shall immediately and automatically be reduced to such maximum rate, and any payment made in excess of such maximum rate, together with interest thereon at the rate provided herein from the date of such payment, shall be immediately and automatically applied to the reduction of the unpaid principal balance of this Note as of the date on which such excess payment is made. If the amount to be so applied to reduction of the unpaid principal balance exceeds the unpaid principal balance, the amount of such excess shall be refunded by the Lender to the Borrower.

　　　　　　(d)　　**Additional Fees or Costs**.  Except for the Interest set forth above, no additional fees or costs are being charged by the Lender for this Loan.

(e) **Use of Loan Advances**. The Initial Advance of $200,000 shall be used to fund the costs for the installation of the exterior siding, brick façade, garage doors, and trim to complete the exterior of buildings numbered 3 and 8 in Phase 1, the sidewalk improvements to the entrance of the Project and expenses for Phase 1. Subject to the Additional Condition being satisfied, the balance in the amount of $243,352.00, the 2nd Advance will be provided to fund the costs to complete the four residential units within building number 3 in Phase 1.

3. **Prepayments.** Borrower shall have the right, at its option to prepay the outstanding principal balance hereof in whole at any time or in part from time to time without a prepayment penalty.

4. **Payments.** All payments to be made hereunder shall be payable on the day when due. Such payments shall be in funds immediately available without setoff, counterclaim or other deduction of any nature and shall be made by payment from Borrower. Whenever any payment to be made under this Note shall be stated to be due on a day which is not a business day, such payment shall be made on the next following business day and such extension of time shall be included in computing interest, if any, in connection with such payment. To the extent permitted by law, after there shall have become due (by acceleration or otherwise) interest or any other amounts due from Borrower hereunder or under any other Loan Document, such amounts shall bear interest for each day until paid (before and after judgment), payable on demand.

5. **Additional Condition.** The 2nd Advance will only be made to Borrower in the sole and absolute discretion of the Lender.

6. **Priority**. This Loan shall be characterized as an allowed administrative expense claim as specified in Section 503(b)(1) of the Bankruptcy Code in the Borrower's bankruptcy case styled *Island View Crossing II, L.P.* pending in the Eastern District of Pennsylvania, (Case No. 17-14454(ELF)).

7. **Event of Default.**    The failure of Borrower to pay the principal balance of the Loan on or before the Maturity Date.

**THEN,** Lender may accelerate the indebtedness evidenced hereby, may exercise the other rights and remedies herein, as well as those it may have at law or in equity.

6. **Remedies Cumulative.** The rights and remedies of Lender as provided herein, or otherwise provided by law, shall be cumulative and may be pursued singly, concurrently, or successively in Lender's sole discretion, and may be exercised as often as necessary; and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release of the same.

7. **Miscellaneous.** This Note evidences the Loan and all other amounts payable by Borrower hereunder. The unpaid principal amount of this Note, the date and amount of each advance, the unpaid interest accrued hereon, the interest rate applicable to such unpaid principal amount, the date and amount of each payment made hereunder and the duration of such

applicability shall at all times be ascertained from the books and records of Lender, which shall be conclusive absent manifest error.

Borrower hereby expressly waives presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this Note, except notices expressly required herein, and an action for amounts due hereunder or thereunder shall immediately accrue.

All notices, requests, demands, directions and other communications under the provisions hereof shall be in writing.

This Note may not be amended, modified or supplemented orally.

If any term or provision of this Note or the application thereof to any person or circumstance shall to any extent be invalid or unenforceable, the remainder of this Note, or the application of such term or provision to persons or circumstances other than those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Note shall be valid and enforceable to the fullest extent permitted by law.

This Note has been delivered to Lender and, accepted by Lender in the Commonwealth of Pennsylvania. Except as set forth hereinafter, this Note shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

10. **SERVICE OF PROCESS.** **IN ANY LEGAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER, ARISING OUT OF OR RELATED TO THIS NOTE OR THE RELATIONSHIP EVIDENCED HEREBY, BORROWER AGREES THAT SERVICE OF PROCESS IN ANY SUCH PROCEEDING MAY BE DULY EFFECTED UPON IT BY MAILING A COPY THEREOF, BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID, TO BORROWER.**

11. **WAIVER OF JURY TRIAL.** **EACH UNDERSIGNED PARTY HEREBY WAIVES, AND LENDER BY ITS ACCEPTANCE HEREOF THEREBY WAIVES, TRIAL BY JURY IN ANY LEGAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE) IN ANY WAY ARISING OUT OF OR RELATED TO THIS NOTE OR THE RELATIONSHIP EVIDENCED HEREBY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO, ACCEPT OR RELY UPON THIS NOTE. BORROWER REPRESENTS THAT COUNSEL HAS BEEN SPECIFICALLY CONSULTED AS TO THE WAIVER. BORROWER CONSENTS TO PERSONAL JURISDICTION IN THE COMMONWEALTH OF PENNSYLVANIA.**

12. **NO LIABILITY; NON-RECOURSE AS TO TRUSTEE**. **NOTWITHSTANDING ANYTHING OTHERWISE CONTAINED HEREIN, KEVIN O'HALLORAN IS ACTING SOLELY AS A TRUSTEE ON BEHALF OF BORROWER UNDER THE BANKRUPTCY CASE AND LENDER'S RECOVERY UNDER THIS NOTE, THE LOAN AGREEMENT AND/OR THE MORTGAGE SHALL BE LIMITED TO THE ASSETS OF BORROWER AND ITS ESTATE INCLUDING THE MORTGAGED PROPERTY AND TRUSTEE WILL HAVE NO INDIVIDUAL LIABILITY TO LENDER**

3

**UNDER THIS NOTE, THE LOAN AGREEMENT AND/OR THE MORTGAGE, OR FOR THE REPAYMENT OF THE LOAN**.

    **IN WITNESS WHEREOF,** Borrower has duly executed and delivered this Note as of the date first above written.

    **ISLAND VIEW CROSSING II, L.P.**

By: _____
Name/Title: Kevin O'Halloran, Chapter 11 Trustee

4