IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | **BANKRUPTCY NO. 17-14454(ELF)** |
| | : | |
| **Debtor** | : | |
| | : | |

**FINAL ORDER AUTHORIZING TRUSTEE (I) TO OBTAIN POST-PETITION
UNSECURED FINANCING FROM BKRE INVESTMENTS LLC AS AN
ADMINISTRATIVE EXPENSE PURSUANT TO §§ 105 AND 364(b) OF THE
BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001;
(II) TO ENTER INTO THE PROMISSORY NOTE;
AND (III) GRANTING RELATED RELIEF**

This matter coming to be heard on the Motion (the "Motion")[1] of Kevin O'Halloran, the Trustee ("Trustee") for Island View Crossing II, L.P. (the "Debtor" also referred to as "Borrower" under the Second Loan), for Entry of a Final Order Authorizing Trustee (I) to Obtain Post-Petition Unsecured Financing from BKRE Investments LLC as an Administrative Expense Pursuant to §§ 105 and 364(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001; (II) to enter into the Promissory Note; and (III) Granting Related Relief seeking (a) authorization and approval under §§ 105 and 364(b) of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), for a second post-petition loan (the "Second Loan") from BKRE Investments LLC (the "Lender"), (b) to obtain a post-petition loan from the Lender under the terms and conditions set forth in the Motion with administrative expense status of the kind specified in § 503(b) of the Bankruptcy Code pursuant to § 364(b) of the Bankruptcy Code, and (c) seeking related relief; and upon all of the pleadings filed with the Court and all of the proceedings held before the Court; and after due deliberation and consideration and good and sufficient cause

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

appearing therefore, and

A hearing having been held by this Court on January \_\_\_\_, 2020 (the "Hearing"), and upon the record made by the Trustee at the Hearing, and after due deliberation and consideration and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1. *Petition Date*. On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

2. *Appointment of Trustee.* On December 18, 2017, this Court entered an Order directing the appointment of a Chapter 11 Trustee. On December 21, 2017, the United States Trustee filed an application for entry of an order approving the appointment of Christine C. Shubert as the interim Chapter 11 Trustee (the "Interim Trustee") which application was approved pursuant to an Order entered on the same day. A meeting of creditors commenced on January 11, 2018 which was continued and concluded on January 29, 2018 for the purpose of electing a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(b)(1) and Fed.R.Bankr.P. 2007.1. On January 30, 2018, the United States Trustee for Region 3 filed its Report of Undisputed Election which provided, *inter alia*, that the Trustee was elected to serve as the trustee in this bankruptcy proceeding. The Debtor is out of possession and the Trustee is in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. *Jurisdiction*. This Court has core jurisdiction over this case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2

4.  *Notice.* The Motion, and Notice of the Hearing was served by the Trustee, through his counsel via ECF transmission, e-mail, or first class mail upon (a) the Office of the United States Trustee, (b) counsel for the Lender, (c) counsel for Prudential, (d) counsel for RDA, (e) all applicable taxing authorities, including (i) the Internal Revenue Service; (ii) the Commonwealth of Pennsylvania, Department of Labor and Industry; and (iii) the Commonwealth of Pennsylvania, Department of Revenue; and (f) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In addition, notice of the Motion, the relief requested therein and the Hearing was served by first class mail, postage prepaid, upon all creditors listed on the Debtor's matrix mailing list in this Bankruptcy Case. Under the circumstances, the notice given by the Trustee of the Motion, the relief requested therein, and the Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001(c), and no further notice of the relief sought at the Hearing is necessary or required.

5.  *Objections.* All objections and responses concerning the Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Hearing, and those that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

6.  *Findings Regarding the Second Loan.*

    (a)    Good cause has been shown for the entry of this Order.

    (b)    The Trustee has an immediate need to obtain the Second Loan for the Winter Sealing Expenditures and the Building 3 Expenditures and preserve the going concern value of the Debtor's residential subdivision project for the benefit of the Debtor's estate and its creditors.

(c) The Trustee is unable to obtain financing on more favorable terms from sources other than the Lender pursuant to, and for the purposes set forth in the Note.

(d) The terms and conditions of the Second Loan pursuant to this Order and the Note are fair, reasonable and the best available under the circumstances, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties and constitute reasonably equivalent value and fair consideration.

(e) Proceeds of the Second Loan shall be used in a manner consistent with the terms and conditions of the Note and this Order.

(f) The Note has been the subject of extensive negotiations conducted in good faith and at arm's length and the use of the proceeds to be extended under the Second Loan will be so extended in good faith, and for valid business purposes and uses, as a consequence of which all of the obligations under the Note shall be deemed to have been extended by the Lender in "good faith" as such term is used in section 364(e) of the Bankruptcy Code, and in express reliance upon the protections set forth therein, and the Lender shall be entitled to the full protection and benefits of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed, or modified on appeal or otherwise.

(g) The Second Loan must be approved and consummated promptly in order to preserve the viability of the Debtor's estate and to maximize the value of the Debtor's estate. Time is of the essence in consummating the Second Loan.

7. *Authorization of the Second Loan and the Note.*

(a) The Second Loan and Note are approved in the amount of $443,352.00 and the Trustee is hereby authorized to enter into and perform under the Note and to immediately borrow under the Note the Initial Advance in the amount of $200,000.00 to pay for the Winter

Sealing Expenditures. In the event the Additional Condition is satisfied under the Note to the Lender's satisfaction, the Trustee is hereby authorized to borrow the 2nd Advance under the Note being the balance of the Second Loan in the amount of $243,352.00 to pay for the Building 3 Expenditures.

(b) In furtherance of the foregoing and without further approval of this Court, the Trustee is authorized to perform all acts and to execute and deliver all instruments and documents that the Lender determines to be reasonably required or necessary for the Trustee's performance of its obligations under the Note.

(c) Upon execution and delivery of the Note, the Note shall constitute valid and binding obligations of the Debtor's estate, enforceable against the Debtor's estate, in accordance with the terms of this Order and the Note. No obligation, payment, or transfer by the Debtor's estate under the Note or this Order shall be stayed, voidable, avoidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law (including without limitation, under sections 502(d) or 548 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim.

8. *Grant of Allowed Administrative Expense Claim.* The Lender in accordance with § 364(b) of the Bankruptcy Code is granted an allowed administrative expense claim of the kind specified in Section 503(b)(1) of the Bankruptcy Code in the amount of the actual advances it makes to the Trustee on behalf of the Debtor under the Second Loan and Note not to exceed the amount of $443,352.00.

9. *Preservation of Rights Granted Under the Order*

(a) If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacatur shall not affect in any manner whatsoever the validity, priority or enforceability of any obligations under the Note incurred prior to the actual receipt of written notice by the Lender of the effective date of such reversal, stay, modification or vacatur. Notwithstanding any such reversal, stay, modification or vacatur, any obligations incurred to the Lender prior to the actual receipt of written notice by the Lender of the effective date of such reversal, stay, modification or vacatur shall be governed in all respects by the original provisions of this Order, and the Lender shall be entitled to all of the rights, remedies, privileges and benefits granted in section 364(e) of the Bankruptcy Code, this Order and pursuant to the Note with respect to all obligations under the Note.

(b) Except as expressly provided in this Order or in the Note, all other rights and remedies of the Lender granted by this Order and the Note shall survive, and shall not be modified, impaired or discharged by the entry of an order (i) converting the case to a case under chapter 7 of the Bankruptcy Code, (ii) dismissing the case or by any other act or omission, or (iii) confirming a plan of reorganization in the case. The terms and provisions of this Order and the Note shall continue in the case, or in any superseding chapter 7 case under the Bankruptcy Code. The obligations under the Note and all other rights and remedies of the Lender granted by this Order and the Note shall continue in full force and effect until all obligations under the Note are indefeasibly paid in full in cash.

10. *Binding Effect; Successors and Assigns.* The Note and the provisions of this Order, including all findings herein, shall be binding upon all parties-in-interest in the bankruptcy cases, including without limitation, the Lender, the Trustee, the Debtor, the Debtor's estate and its

6

respective successors and assigns (including any chapter 7 trustee hereinafter appointed or elected for the Debtor's estate, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtor's estate or with respect to the property of the estate of the Debtor's estate) and shall inure to the benefit of the Lender and the Debtor's estate and its respective successors and assigns; *provided* that, except to the extent expressly set forth in this Order, the Lender shall have no obligation to extend any financing to any chapter 7 trustee.

11.    *Limitation of Liability.*  In determining to make any loan under the Second Loan or in exercising any rights or remedies as and when permitted pursuant to this Order or the Note the Lender shall not be deemed to be in control of the operations of the Debtor's estate or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor's estate (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 *et seq.* as amended, or any similar federal or state statute). Furthermore, nothing in this Order or in the Note shall in any way be construed or interpreted to impose or allow the imposition upon the Lender any liability for any claims arising from the pre-petition or post-petition activities of the Debtor.

12.    *Effectiveness.*  This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof as of the Petition Date, and there shall be no stay of execution of effectiveness of this Order.

**BY THE COURT:**

Dated _____    _____
ERIC L. FRANK,
UNITED STATES BANKRUPTCY JUDGE