IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| ISLAND VIEW CROSSING II, L.P. | : | BANKRUPTCY NO. 17-14454(ELF) |
| | : | |
| Debtor | : | |
| | : | |

**PROPOSED ORDER**
**[Subject to change to provide for an individual order**
**for each Residential Unit being sold]**

**AND NOW**, upon consideration of the Motion of Kevin O'Halloran, Chapter 11 Trustee, for Entry of an Order under 11 U.S.C. §§ 105(a), and 363, and Fed. R. Bankr. P. 2002, and 6004; Authorizing the Sale of Certain Residential Units in Phase 1 Free and Clear of all Liens, Claims, and Interests, and for Related Relief (the "Motion")[1], and after notice to creditors and parties in interest; and the Court having considered (i) the arguments of counsel made and (ii) the evidence proffered or adduced at the hearing on the Motion (the "Hearing"); and it appearing that the relief requested in the Motion is in the best interests of the Trustee, the Debtor's estate, creditors and other parties in interest; and after due deliberation thereon and good cause appearing therefore it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. All objections and responses concerning the Motion or the relief requested therein are resolved in accordance with the terms of this Order and as set forth on the record for the Hearing; and those that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are overruled on the merits.

3. Each Sale Agreement and the transactions contemplated therein including the transfer of the Under-Contract Residential Units by the Trustee to each Buyer as provided in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

each Sale Agreement, are approved and authorized under Bankruptcy Code Sections 105 and 363 and the Trustee and each Buyer is authorized to perform their respective obligations under its Sale Agreement and consummate the sale of its Under-Contract Residential Unit and to take all actions necessary to carry out the terms of and conditions of its Sale Agreement and this Order.[2]

4.  The Trustee is authorized, empowered and directed to execute and deliver all necessary documents to transfer and sell each Under-Contract Residential Unit to its respective Buyer pursuant to the terms and conditions of its respective Sale Agreement.

5.  Except for the Permitted Exceptions set forth in the Sale Agreement, pursuant to 11 U.S.C. § 363(b) and upon consummation of each Sale Agreement, the transfer of each Under-Contract Residential Unit by the Trustee to each Buyer shall vest the Buyer with good and indefeasible title to their respective Under-Contract Residential Unit free and clear of any and all liens, claims, community interests, security interests, mortgages, conditions, encumbrances, pledges, restrictions, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interests, successor, products, tax and other liabilities and claims against the Trustee, Debtor or its property, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, disputed or undisputed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Interests"); and any such Interests which existed prior to the closing shall attach to the proceeds of the sale in the same order and priority as existed before the sale under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code, and subject to any claims and defenses that the Trustee may possess with

---

[2] Attached to this Order is a Schedule of each Under-Contract Residential Unit which details, inter alia, the applicable lot number, property address, name of the Buyer and the purchase price for each Under-Contract Residential Unit approved by this Order.

respect thereto.

6. The transfers of each Under-Contract Residential Unit to the respective Buyer constitutes a legal, valid and effective transfer of each Under-Contract Residential Unit and shall vest the respective Buyer with all right, title and interest of the Trustee in and to the Under-Contract Residential Unit, free and clear of all Interests.

7. The purchase price offered by each Buyer for their respective Under-Contract Residential Unit is fair and reasonable. The purchase price for each Under-Contract Residential Unit was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)."

8. The Trustee is authorized and empowered to carry out all of the provisions of this Order; to issue, execute, deliver, file, and record, as appropriate, such other documents as may be necessary evidencing and consummating this Order and each Sale Agreement.

9. The transactions contemplated by this Order are undertaken by each Buyer in good faith, as that term is used in 11 U.S.C. § 363(m), and each Buyer is entitled to the rights and protections granted thereby.

10. The transfer of each Under-Contract Residential Unit is in exchange for consideration being paid by each Buyer that constitutes reasonable equivalent value and fair consideration.

11. At the time of closing on each Under-Contract Residential Unit, the Trustee is authorized to pay from the proceeds of sale of each Under-Contract Residential Unit the following:

    a. First, the amount needed to satisfy any outstanding post-petition property

taxes and post-petition municipal liens due the applicable governmental authorities;

        b.      Second, the normal and customary closing costs including, but not limited to, transfer taxes and any recording fees;

        c.      Third, the sum of $12,350.00 to the Redevelopment Authority of Bucks County;

        d.      Fourth, the sum of $25,000.00 to Prudential Bank; and

        e.      the balance shall be retained and utilized by the Trustee to finance the construction and completion of the remaining Residential Units in Phase 1.

12.    This Order shall be effective immediately upon entry of same and the fourteen (14) day stay as provided for in Fed. R. Bankr. P. 6004(h) shall be, and hereby is, waived without further notice.

13.    This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

**BY THE COURT:**

Dated: _____

_____
ERIC L. FRANK,
UNITED STATES BANKRUPTCY JUDGE