## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | **BANKRUPTCY NO. 17-14454(ELF)** |
| | : | |
| **Debtor** | : | |
| | : | |

## ORDER

**AND NOW**, upon consideration of the Motion of Kevin O'Halloran, Chapter 11 Trustee, for Entry of an Order under 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002 and 6004 (I) Authorizing the Sale of a Residential Unit in Phase 1 Free and Clear of all Liens, Claims, and Interests, (II) Authorizing Procedures for the Approval of Future Sales of Residential Units in Phase 1 Free and Clear of all Liens, Claims, and Interests, (III) Limiting Notice of Future Sales of Residential Units, and (IV) for Related Relief (the "Motion")[1], and after notice to creditors and parties in interest; and the Court having considered (i) the arguments of counsel made and (ii) the evidence proffered or adduced at the hearing on the Motion (the "Hearing"); and it appearing that the relief requested in the Motion is in the best interests of the Trustee, the Debtor's estate, creditors and other parties in interest; and after due deliberation thereon and good cause appearing therefore it is hereby **ORDERED** that:

1.    The Motion is **GRANTED**.

2.    All objections and responses concerning the Motion or the relief requested therein are resolved in accordance with the terms of this Order and as set forth on the record for the Hearing; and those that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are overruled on the merits.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## A.   Sale of Under-Contract Residential Unit

3.     The Sale Agreement and the transactions contemplated therein including the transfer of the Under-Contract Residential Unit by the Trustee to the Buyer as provided in the Sale Agreement, are approved and authorized under Bankruptcy Code Sections 105 and 363 and the Trustee and the Buyer are authorized to perform their respective obligations under the Sale Agreement and consummate the sale of the Under-Contract Residential Unit and to take all actions necessary to carry out the terms of and conditions of the Sale Agreement and this Order.[2]

4.     The Trustee is authorized, empowered and directed to execute and deliver all necessary documents to transfer and sell the Under-Contract Residential Unit to the Buyer pursuant to the terms and conditions of the Sale Agreement.

5.     Except for the Permitted Exceptions set forth in the Sale Agreement, pursuant to 11 U.S.C. § 363(b) and upon consummation of the Sale Agreement, the transfer of the Under-Contract Residential Unit by the Trustee to the Buyer shall vest the Buyer with good and indefeasible title to the Under-Contract Residential Unit free and clear of any and all liens, claims, community interests, security interests, mortgages, conditions, encumbrances, pledges, restrictions, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interests, successor, products, tax and other liabilities and claims against the Trustee, Debtor or its property, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, disputed or undisputed, contingent or noncontingent, liquidated or unliquidated, matured or

---

[2] Attached as Exhibit "A" to this Order is a Schedule of the Under-Contract Residential Unit which details, inter alia, the applicable lot number, property address and name of the Buyer for the Under-Contract Residential Unit approved by this Order.

unmatured, known or unknown (collectively, the "Interests"); and any such Interests which existed prior to the closing shall attach to the proceeds of the sale in the same order and priority as existed before the sale under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code, and subject to any claims and defenses that the Trustee may possess with respect thereto.

6.      The transfer of the Under-Contract Residential Unit to the Buyer constitutes a legal, valid and effective transfer of the Under-Contract Residential Unit and shall vest the Buyer with all right, title and interest of the Trustee in and to the Under-Contract Residential Unit, free and clear of all Interests.

7.      The purchase price offered by the Buyer for the Under-Contract Residential Unit is fair and reasonable.   The purchase price for the Under-Contract Residential Unit was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)."

8.      The Trustee is authorized and empowered to carry out all of the provisions of this Order; to issue, execute, deliver, file, and record, as appropriate, such other documents as may be necessary evidencing and consummating this Order and the Sale Agreement.

9.      The transactions contemplated by this Order are undertaken by the Buyer in good faith, as that term is used in 11 U.S.C. § 363(m), and the Buyer is entitled to the rights and protections granted thereby.

10.      The transfer of the Under-Contract Residential Unit is in exchange for consideration being paid by the Buyer that constitutes reasonable equivalent value and fair consideration.

11.   At the time of closing on the Under-Contract Residential Unit, the Trustee is authorized to pay from the proceeds of sale of the Under-Contract Residential Unit the following:

      a.   First, the amount needed to satisfy any outstanding post-petition property taxes and post-petition municipal liens due the applicable governmental authorities;

      b.   Second, the amount needed to satisfy the real estate commissions due the Trustee's Broker, if applicable;

      c.   Third, the normal and customary closing costs including, but not limited to, transfer taxes and any recording fees;

      d.   Fourth, the sum of $12,350.00 to the Redevelopment Authority of Bucks County;

      e.   Fifth, the sum of $25,000.00 to Prudential Bank; and

      f.   the balance shall be retained and utilized by the Trustee to finance the construction and completion of the Remaining Residential Units in Phase 1.

12.   This Order shall be effective immediately upon entry of same and the fourteen (14) day stay as provided for in Fed. R. Bankr. P. 6004(h) shall be, and hereby is, waived without further notice.

## B.   Procedures for Approval of Future Sales of Remaining Residential Units free and clear of the Interests

13.   The Procedures for the sale of the Remaining Residential Units in Phase 1 set forth in the Motion are **APPROVED**.

14.   The Trustee is authorized to proceed with obtaining approval of the sale of the Remaining Residential Units in Phase 1 in accordance with the Procedures.

15.     No less than twenty-one (21) days prior to the proposed closing on the sale of a

Remaining Residential Unit, the Trustee shall file with this Court and serve the Sale Notice

(attached as Exhibit E to the Motion) and a proposed form of Order (in substantially the same

form as this Order) approving the proposed sale of Remaining Residential Unit(s) via ecf

transmission, e-mail, or regular mail upon (i) the Office of the United States Trustee; (ii) all

parties requesting notice under Fed. R. Bankr. P. 2002; and (iii) all parties holding secured

claims.

16.     Any party-in-interest shall have fourteen (14) days from the date of the Sale

Notice to file a response to the proposed sale set forth in the Sale Notice with this Court

and serve a copy upon Trustee's counsel.

17.     If no response is filed within fourteen (14) days after the date of the Sale Notice,

the Trustee shall certify the same to the Court and request entry of the Order authorizing the sale

of the Remaining Residential Unit(s).

18.     If a response is filed to a Sale Notice, and such dispute cannot be resolved

consensually by the Trustee and the objecting party, the Trustee will contact the Court to obtain a

hearing date and time to consider the Sale Notice and the response thereto.  The Trustee shall

serve a notice of hearing in connection with the Sale Notice and the response thereto via ecf

transmission, e-mail, or regular mail upon (i) the Office of the United States Trustee; (ii) all

parties requesting notice under Fed. R. Bankr. P. 2002; (iii) all parties holding secured claims

informing them of the upcoming sale and (iv) the person(s) that filed the response to the Sale

Notice.

19.     Notice of the Sale Notice and notice of any hearing in connection with a Sale

Notice is limited to the parties identified in paragraphs 15 and 18 of this Order.

20.    The procedures set forth above to obtain approval of a future sales of Residential

Units in Phase 1 shall be considered compliant with Local Bankruptcy Rule 9014-3.

21.    This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

**BY THE COURT:**

Dated: _____

_____
ERIC L. FRANK,
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**Townhomes at Radcliffe Court on the Delaware**

**Under Contract Residential Units**

| No. | Lot No. | Property Address | Date of Agreement of Sale | Buyer(s) |
|---|---|---|---|---|
| 1 | 44 | 16707 Riverview Drive, Bristol, PA | 12/20/2019 | Ronald Small |
| 2 | 47 | 16701 Riverview Drive, Bristol PA | 1/10/2020 | Linda Walder |
| 3 | 41 | 16713 Riverview Drive, Bristol, PA | 1/17/2020 | Edward Donahue and Colleen Deighan |
| 4 | 11 | 16773 Riverview Drive, Bristol, PA | 2/13/2020 | Robert J. Pfau |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |