IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| ISLAND VIEW CROSSING II, L.P. | BANKRUPTCY NO. 17-14454(ELF) |
| Debtor | |

## ORDER

**AND NOW**, upon consideration of (i) the Notice of Proposed Sale of Residential Unit(s) in Phase 1 dated May 6, 2020 ("Sale Notice") and (ii) this Court's Order dated March 19, 2020 [D.I. 464] that approved inter alia the procedures for the sale of the remaining Residential Units in Phase 1, as set forth in the Motion of Kevin O'Halloran, Chapter 11 Trustee, for Entry of an Order under 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002 and 6004 (I) Authorizing the Sale of a Residential Unit in Phase 1 Free and Clear of all Liens, Claims, and Interests, (II) Authorizing Procedures for the Approval of Future Sales of Residential Units in Phase 1 Free and Clear of all Liens, Claims, and Interests, (III) Limiting Notice of Future Sales of Residential Units, and (IV) for Related Relief (the "Motion")[1], and after notice of the Sale Notice and upon consideration of the Trustee's certification of no answer, objection, or other responsive pleading to the Sale Notice, and good cause appearing therefore it is hereby **ORDERED** that:

1. The relief requested in the Sale Notice is **GRANTED**.

2. No objections and responses concerning the Sale Notice or the relief requested therein have been filed.

3. The Sale Agreement and the transactions contemplated therein including the transfer of the Under-Contract Residential Unit by the Trustee to the Buyer as provided in the Sale

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Agreement, are approved and authorized under Bankruptcy Code Sections 105 and 363 and the Trustee and the Buyer are authorized to perform their respective obligations under the Sale Agreement and consummate the sale of the Under-Contract Residential Unit and to take all actions necessary to carry out the terms of and conditions of the Sale Agreement and this Order.[2]

4. The Trustee is authorized, empowered and directed to execute and deliver all necessary documents to transfer and sell the Under-Contract Residential Unit to the Buyer pursuant to the terms and conditions of the Sale Agreement.

5. Except for the Permitted Exceptions set forth in the Sale Agreement, pursuant to 11 U.S.C. § 363(b) and upon consummation of the Sale Agreement, the transfer of the Under-Contract Residential Unit by the Trustee to the Buyer shall vest the Buyer with good and indefeasible title to the Under-Contract Residential Unit free and clear of any and all liens, claims, community interests, security interests, mortgages, conditions, encumbrances, pledges, restrictions, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interests, successor, products, tax and other liabilities and claims against the Trustee, Debtor or its property, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, disputed or undisputed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Interests"); and any such Interests which existed prior to the closing shall attach to the proceeds of the sale in the same order and priority as existed before the sale under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code, and subject to any

---

[2] Attached as Exhibit "A" to this Order is a Schedule of the Under-Contract Residential Unit which details, inter alia, the applicable lot number, property address and name of the Buyer for the Under-Contract Residential Unit approved by this Order.

claims and defenses that the Trustee may possess with respect thereto.

6. The transfer of the Under-Contract Residential Unit to the Buyer constitutes a legal, valid and effective transfer of the Under-Contract Residential Unit and shall vest the Buyer with all right, title and interest of the Trustee in and to the Under-Contract Residential Unit, free and clear of all Interests.

7. The purchase price offered by the Buyer for the Under-Contract Residential Unit is fair and reasonable. The purchase price for the Under-Contract Residential Unit was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)."

8. The Trustee is authorized and empowered to carry out all of the provisions of this Order; to issue, execute, deliver, file, and record, as appropriate, such other documents as may be necessary evidencing and consummating this Order and the Sale Agreement.

9. The transactions contemplated by this Order are undertaken by the Buyer in good faith, as that term is used in 11 U.S.C. § 363(m), and the Buyer is entitled to the rights and protections granted thereby.

10. The transfer of the Under-Contract Residential Unit is in exchange for consideration being paid by the Buyer that constitutes reasonable equivalent value and fair consideration.

11. At the time of closing on the Under-Contract Residential Unit, the Trustee is authorized to pay from the proceeds of sale of the Under-Contract Residential Unit the following:

    a. First, the amount needed to satisfy any outstanding post-petition property taxes and post-petition municipal liens due the applicable governmental authorities;

3

   b. Second, the amount needed to satisfy the real estate commissions due the Trustee's Broker, if applicable;

   c. Third, the normal and customary closing costs including, but not limited to, transfer taxes and any recording fees;

   d. Fourth, the sum of $12,350.00 to the Redevelopment Authority of Bucks County;

   e. Fifth, the sum of $25,000.00 to Prudential Bank; and

   f. the balance shall be retained and utilized by the Trustee to finance the construction and completion of the Remaining Residential Units in Phase 1.

 12. This Order shall be effective immediately upon entry of same and the fourteen (14) day stay as provided for in Fed. R. Bankr. P. 6004(h) shall be, and hereby is, waived without further notice.

Dated: 10/9/20

_____
ERIC L. FRANK,
UNITED STATES BANKRUPTCY JUDGE

4

EXHIBIT "A"

| LOT NO. | PROPERTY ADDRESS | DATE OF AGREEMENT OF SALE | BUYER(S) | PURCHASE PRICE | DEPOSIT AMOUNT | CLOSING DATE |
|---|---|---|---|---|---|---|
| 7 | 16781 River View Circle | 9/9/20 | Thomas Laurie Shultz and Linda D. Bentley-Shultz | $360,000.00 | $36,000.00 | 10/15/20 |