**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | **CHAPTER 11** |
| **ISLAND VIEW CROSSING II, L.P.**<br>**Debtor** | **BANKRUPTCY NO. 17-14454 (ELF)** |

**OBJECTION OF RENATO J. GUALTIERI TO THE CHAPTER 11 TRUSTEE'S
MOTION FOR ENTRY OF AN ORDER APPROVING (I) DISCLOSURE
STATEMENT; (II) PROCEDURES FOR THE SOLICITATION AND TABULATION
OF VOTES TO ACCEPT OR REJECT THE TRUSTEE'S CHAPTER 11 PLAN; AND
(III) RELATED NOTICE AND OBJECTION PROCEDURES**

Renato J. Gualtieri ("Gualtieri"), the president the Debtor's general partner, Island
View Properties, Inc., hereby objects to the approval of the Chapter 11 Trustee's Motion for
Entry of an Order Approving (I) Disclosure Statement; (ii) Procedures for the Solicitation and
Tabulation of Votes to Accept or Reject the Trustee's Chapter 11 Plan; and (iii) Related Notice
and Objection Procedures filed on April 20, 2021 (the "Motion") [D.I. 619], and in support
thereof avers as follows.

## I.     FACTUAL BACKGROUND

1.      On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for
relief with the Court under chapter 11 of title 11 of the Bankruptcy Code.

2.      The Court appointed a Chapter 11 trustee.

3.      On April 20, 2021, the Trustee filed his Plan of Liquidation (the "Trustee's
Plan") [D.I. 617], its related Disclosure Statement [D.I. 618], and the Motion.

4.      The Trustee's Plan provides for the continued operation of the bankruptcy estate, the future sale of real estate, and prosecution of certain claims of the bankruptcy estate, with a contemplated payout to creditors over a three-year period.

5.      Gualtieri is the president of the Debtor's general partner and holds 96% of the Debtor's partnership interests.

6.      On the date hereof, Gualtieri filed his Plan of Reorganization for the Bankruptcy Estate of Island View Crossing II, LP (the "Gualtieri Plan") which will pay out more money to creditors with interest on a faster timetable, with all contemplated payments to secured creditors being made within 90 days from the date the Court confirms his plan and payments to unsecured creditors being completed within one year.

## II.    ARGUMENT

7.      The Disclosure Statement proposed by the Trustee should not be approved, as it is deficient, because it does not include information regarding the Gualtieri Plan, thereby failing to provide sufficient information to allow creditors to make an informed decision regarding the Trustee Plan.

### A.    Legal Standard for Approval of Disclosure Statement

8.      The primary purpose of a disclosure statement is to give creditors the information necessary for them to decide whether to accept a proposed plan. *See In re Monroe Well Service, Inc.*, 80 B.R. 324, 330 (Bankr. E.D. Pa. 1987). Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" to mean:

> Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records that would enable a hypothetical investor typical of holders of claims

2

> or interests of the relevant class to make an informed judgment
> about the plan.

11 U.S.C. § 1125(a)(1). Thus, a disclosure statement must, as a whole, provide information

that is "reasonably practicable" to permit an informed judgment by impaired creditors

entitled to vote on the plan. *See, e.g.*, *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th

Cir. 1988); *In re Dakota Rail, Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (finding that

the court has "wide discretion to determine . . . whether a disclosure statement contains

adequate information without burdensome, unnecessary and cumbersome detail"); *In re*

*Civitella*, 15 B.R. 206 (Bankr. E.D. Pa. 1981).   As recognized by this Court, "[i]t is clear that

Congress intended for bankruptcy judges to exercise a great deal of discretion when

considering the 'adequacy of information' provided   by a disclosure statement." *Monroe*, 80

B.R. at 331.

9.      For a disclosure statement to be approved, it must contain all pertinent

information bearing upon the success or failure of the proposals contained in the plan of

liquidation and should set forth all material information relating to the risks posed to creditors.

*See, e.g.*, *In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990). It is

apparent that the Disclosure Statement does not contain sufficient information to allow

creditors to make an informed decision to accept or reject the Trustee Plan, as the information

that is presented is incomplete. The specific omissions in the Disclosure Statement will be

discussed in greater detail below.

### B.      The Disclosure Statement Does Not Contain Adequate Information Pursuant to Section 1125(a).

10.     As indicated above, a disclosure statement generally must provide "[a]ny

financial information . . . that would be relevant to creditors' determinations of whether to

accept or reject the plan." *Dakota*, 104 B.R. at 142. Such information contained in the Disclosure Statement is not sufficient to meet this standard.

11.     The Gualtieri Plan  will pay creditors more than the amount to be paid under the Trustee plan and on a much faster timetable, with fewer contingencies.  As such, the Gualtieri Plan is eminently more obviously feasible than the Trustee Plan and must be disclosed to creditors in order for the to make an informed decision to accept or reject any plan filed in this case.  To the extent the Court determines that the Trustee Plan's confirmation process should move forward, the Trustee's Disclosure Statement should be amended to include this information to be meaningful to creditors.

12.     For the foregoing reasons, the Disclosure Statement contains inadequate information and should not be approved.

WHEREFORE, Gualtieri respectfully requests that this Court enter an Order denying the Trustee's Motion.

Dated: May 18, 2021                        **DAILEY LLP**

                                By: /s/ Jeffery A. Dailey
                                Jeffery A. Dailey (85993)
                                John H. Strock (308290)
                                Dailey LLP
                                1650 Market Street, Suite 3600
                                Philadelphia, PA 19103
                                Phone: (215) 367-1640
                                Facsimile: (484) 445-2122

                                *Counsel for Gualtieri*