**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| In re: | Case No. 17-14454-elf |
|---|---|
| ISLAND VIEW CROSSING II, L.P., | Chapter 11 |
| Debtor. | |

OPPOSITION OF BONNIE FINKEL, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATES OF CALNSHIRE ESTATES, LLC TO THE PLAN OF LIQUIDATION PROPOSED BY KEVIN O'HALLORAN, AS CHAPTER 11 TRUSTEE FOR
THE BANKRUPTCY ESTATE OF ISLAND VIEW CROSSING II, L.P.

PRELIMINARY STATEMENT

Bonnie Finkel, Chapter 7 Trustee of Calnshire Estates, LLC (Bankr. No. 17-14457-elf) ("**Finkel**"), by her undersigned attorneys, hereby objects to the *Plan of Liquidation Proposed by Kevin O'Halloran, as Chapter 11 Trustee for the Bankruptcy Estate of Island View Crossing II, L.P.* (D.I. 617)(the "**Plan**"), as the Plan violates 11 U.S.C. §§ 1123 and 1127. Calnshire Estates, LLC ("**Calnshire**"), the holder of a scheduled general unsecured claim (Class 9). Calnshire is being discriminated against, as opposed to other members of Class 9, because insiders such as Calnshire are not paid until non-insiders within the class have been paid.

OBJECTION

1. On December 20, 2017, Finkel was appointed as the Chapter 7 Trustee for Calnshire. (Bankr. No. 17-14457-elf at D.I. No. 93).

2. Calnshire is a scheduled creditor of Island View Crossing II, L.P. ("**Debtor**"), having a non-priority unsecured claim in the amount of $175,519.28. ("**Calnshire Claim**") (D.I. 31, Schedule E/F at claim 3.8).

3. Calnshire is a related entity to the Debtor, and is an insider as defined by the Plan. (D.I. 617 at ¶ 1.58).

1

4. The Plan defines a General Unsecured Claim as "all Claims, including Rejection Claims that are not Administrative Claims, Priority Tax Claims, Class 1 Claims, Class 2 Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims, Class 6 Claims, Class 7 Claims, Class 8 Claims, Class 10 Interests or Class 11 Interest." (D.I. 617 at ¶1.51). Accordingly, the Calnshire Claim is a general unsecured claim and falls within Class 9 as classified by the Plan.

5. The Plan provides that Class 9 General Unsecured Claims are impaired, and that each holder of an Allowed General Unsecured Claim shall receive its Pro Rata share of the Class 9 Unsecured Creditor Fund. (D.I. 617 at ¶ 3.9.1).

6. An "Allowed" claim includes "any Claim against the Debtor that has been listed by the Debtor in the Schedules …." (D.I. 617 at ¶ 1.6). Accordingly, as the Calnshire Claim is a scheduled claim, it is an Allowed claim.

7. However, the definition of "Permitted Claims," elevates certain Allowed Claims; that is, all Allowed Claims except for "claims held by Insiders …." (D.I. 617 at ¶ 1.68). The Calnshire Claim is not a Permitted Claim because it is held by an Insider.

8. Class 4, 5 and 6 claims are subordinate to Permitted Claims. (D.I. 617 at ¶ 3.4.2 ["To the extent Allowed … the Class 4 Claim may hold a valid, perfected enforceable Lien … subordinate to … the payment of the other Permitted Claims …."]; ¶ 3.4.5 [*sic* follows 3.5.1]["To the extent Allowed … the Class 5 Claim may hold a valid, perfected enforceable Lien … subordinate to … the payment of the other Permitted Claims …."]; and ¶ 3.62 ["To the extent allowed … the Class 6 Claim may hold a valid, perfected enforceable Lien … subordinate to … the payment of the other Permitted Claims…."]).

9. Although Class 4, 5 and 6 claims are subordinated to non-insider general unsecured claims, those classes are <u>not</u> subordinated to the Calnshire Claim, because the Calnshire Claim is held by an insider.

10. 11 U.S.C. § 1123(a)(4) requires a plan to "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to less favorable treatment…." The Third Circuit has stated that "courts have interpreted the 'same treatment' requirement to mean that all claimants in a class must have 'the same opportunity' for recovery." *In re W.R. Grace & Co.*, 729 F.3d 311, 327 (3d Cir. 2013).

11. Here, because Calnshire is an insider, it is not provided with the same opportunity as non-insiders within Class 9, and is discriminated against in that the allowed claims of other members of Class 9 prime Class 4, 5 and 6 claims, whereas Calnshire's claim does not receive such preferential treatment. Thus, all other holders of allowed general unsecured claims will be paid ahead of Calnshire, pushing Calnshire's claim further down the totem pole.

12. 11 U.S.C. § 1129(a)(7)(A)(ii) provides that an impaired class of claims must "receive or retain under the plan on account of such claim … as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date." Under a chapter 7 liquidation, a non-priority, non-insider claims would not prime superior classes. Accordingly, under a chapter 7 liquidation, all non-priority general unsecured claims would receive the same pro rata treatment, regardless of whether the claimant is an insider or non-insider, and

       Calnshire should not be pushed further down the totem pole as opposed to all other allowed general unsecured claim holders.

13. Accordingly, the Plan violates 11 U.S.C. § 1123(a)(4) and 11 U.S.C. § 11129(a)(7)(A)(ii) and should deemed not confirmable by the Court.

       WHEREFORE, Bonnie B. Finkel, Chapter 7 Trustee for the Estate of Calnshire Estates, LLC, respectfully requests that the Court deny confirmation of the Plan and grant such other relief as is appropriate.

       Respectfully Submitted,

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
*Counsel for Bonnie B. Finkel*
*Chapter 7 Trustee for Estate of Calnshire Estates, LLC*

Dated: July 9, 2021    By:  */s/ Gary Bressler*
Gary Bressler, Esq. (PA No. 35224)
1 Penn Center – Suburban Station
1617 JFK Blvd., Suite 1500
Philadelphia, Pennsylvania 19103-1815
Tel: (215) 557-2900
Fax: (215) 557-2990
gbressler@mdmc-law.com

4