## NOTE

$2,500,000.00                                                                                                       JUNE 13, 2003

FOR VALUE RECEIVED, and Intending to be legally bound, the undersigned, **ISLAND VIEW CROSSING I, L.P., A Pennsylvania Limited Partnership** and **ISLAND VIEW CROSSING II, L.P., A Pennsylvania Limited Partnership** (collectively the "Obligor"), promises to pay to the order of the **REDEVELOPMENT AUTHORITY OF THE COUNTY OF BUCKS** ("Authority"), the principal sum of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00) lawful money of the United States of America secured by a First Mortgage on Tax Parcel Numbers 4-22-48 and 4-22-49 owned by Island View Crossing I, L.P.; and a First Mortgage on Tax Parcel Number 4-27-119 owned by Island View Crossing II, L.P.

Under a Note dated June 13, 2003, the Authority has borrowed the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) from Afterwatch & Co, ("Holder") as nominee for Money Market Obligations Trust on behalf of its Government Obligations Fund issued pursuant to the United States Department of Housing and Urban Development Section 108 Loan Guarantee Program (hereinafter referred to as the "HUD Note"). In accordance with the HUD Note, the Authority entered into a Contract for Loan Guarantee Assistance with the County of Bucks ("County") and the Secretary of Housing and Urban Development ("Secretary") also dated June 13, 2003 ("HUD Contract"). The terms and conditions of the HUD Note and HUD Contract are incorporated herein as if set forth at length.

The Obligor agrees to assume, perform and make payment of all obligations of the Authority as set forth in the HUD Note and HUD Contract, except as modified as hereinafter set forth:

1.      The Obligor shall be required to make all payments of interest and principal, including any redemption or prepayment amount as authorized by and defined in the HUD Note, by check or wire transfer directly into a custodial account to be designated by the

230167.2

Authority in accordance with the provisions of the HUD Contract on or before the fourteenth Business Day (as defined in the HUD Note) prior to the appropriate Interim Payment Date, Interest Due Date, Prepayment Date (all as defined in the HUD Note), as applicable.

2. The Obligor shall be required to pay the variable interest rate for each Advance (as defined in the HUD Note) in accordance with the provisions of Section B of the HUD Note, provided that the Obligor will be required to pay to the Authority an additional one (1%) percent per annum above the Applicable LIBO Rate (as defined in the HUD Note).

3. The Obligor may redeem this Note in accordance with Section I.D of the HUD Note, provided, however, the Obligor must obtain the consent of the Authority and the Secretary and give fourteen Business Days notice to the Authority.

4. If Obligor shall fail to perform after the expiration of any applicable notice periods any of the terms, conditions or covenants as contained in this Note, the HUD Note, the Loan Agreement and the HUD Contract, which are incorporated herein by reference and made a part hereof, Authority may, in its discretion, upon three (3) days notice to Obligor, but without any duty to do so and without waiving any default, perform any of such terms, conditions and covenants, in part or in whole; and any sums advanced or expended by Authority in or toward the fulfillment of such terms, conditions or covenants, shall become part of and be added to the indebtedness evidenced by this Note and shall

be due and payable together with interest thereon from the date of the respective Advance or expenditure at the interest rate set forth in this Note.

Should any default be made in the payment of any installment of principal and/or interest and/or any other sum due hereunder as aforesaid on the date which it shall fall due, or in the performance or observance of any of the terms, conditions or covenants contained in this Note, the HUD Note, the Loan Agreement and the HUD Contract, or should there occur an Event of Default as defined in the Loan Agreement, HUD Contract or HUD Note (any such default or Event of Default being hereinafter called an "Event of Default"), then the entire unpaid balance of said principal sum and all other sums due by Obligor hereunder together with interest accrued thereon at the rate hereinbefore specified, shall at the option of Authority and without notice to Obligor, become due and payable immediately and payment of the same may be recovered in whole or in part at any time by one or more of the remedies provided to Authority in this Note; and in such case, Authority may also recover all costs of suit and other expenses in connection therewith, together with a reasonable attorney's fees but not less than five percent (5%) of the amount then in default by Obligor to Authority.

OBLIGOR HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR ATTORNEYS OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, TO APPEAR FOR OBLIGOR IN ANY SUCH COURT, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD AND THEREIN TO CONFESS OR ENTER JUDGMENT AGAINST OBLIGOR IN FAVOR OF AUTHORITY FOR ALL SUMS DUE OR TO BECOME DUE BY OBLIGOR TO AUTHORITY UNDER THIS NOTE, WITH COSTS OF SUIT AND RELEASE OF ERRORS AND WITH A REASONABLE ATTORNEYS FEE, BUT NOT LESS THAN FIVE PERCENT (5%) OF THE AMOUNT THEN IN DEFAULT; AND FOR DOING SO THIS NOTE OR A COPY VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. SUCH AUTHORITY AND POWER SHALL NOT

BE EXHAUSTED BY ANY EXERCISE THEREOF, AND JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS OFTEN AS THERE IS OCCASION THEREFOR.

It is understood and agreed that an Event of Default shall be deemed to have occurred upon the happening of any one of the following: (i) Obligors' failure to perform any of the obligations under this Note, the Loan Agreement, the HUD Note or HUD Contract; or (ii) the declaration of a default under the HUD Note by the Secretary.

The remedies of Authority as provided herein shall be cumulative and concurrent and may be pursued singly, successively or together against Obligor at the sole discretion of Authority, and such remedies shall not be exhausted by any exercise thereof but may be exercised as often as occasion therefor shall occur.

Authority shall not by any act or omission or commission be deemed to have waived any of its rights or remedies hereunder unless such waiver be in writing and signed by Authority, and then only to the extent specifically set forth therein; a waiver on one event shall not be construed as continuing or as a bar to or waiver of such right or remedy on a subsequent event.

Obligor hereby waives and releases all errors, defects and imperfections of a procedural nature in any proceedings instituted by Authority under the terms of this Note or the HUD Note, as well as all benefits that might accrue to Obligor by virtue of any present or future laws exempting any other property, real or personal, or any part of the proceeds arising from any sale of such property, from attachment, levy or sale under execution, or providing for any stay of execution, exemption from civil process or extension of time for payment, as well as the right of inquisition on any real estate that may be levied upon under a judgment obtained by virtue hereof, and Obligor hereby voluntarily condemns the same and authorizes the entry of such voluntary condemnation on any writ of execution issued thereon, and agrees that such real estate may be sold upon any such writ in whole or in part and in any order desired by Authority.

Except as otherwise provided herein, Obligor and all endorsers, sureties, and guarantors hereof jointly and severally and intending to be legally bound, waive presentment for payment, demand, notice of non-payment, notice of protest, and protest of this Note, the HUD Note, the Loan Agreement and the HUD Contract and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note, the HUD Note, the HUD Contract and the Loan Agreement and they agree that the liability of each of them shall be unconditional without regard to the liability of any other party and shall not be in any manner affected by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Authority; and Obligor all endorsers, sureties, and guarantors hereof consent to any and all extensions of time, renewals, waivers, or modifications that may be granted by Authority with respect to the payment or other provisions of this Note, the HUD Note, the HUD Contract and the Loan Agreement and to the releases of the security for this Note, the HUD Note, the HUD Contract and the Loan Agreement or any part thereof, with or without substitution, and agree that additional Obligor, endorsers, guarantors, or sureties may become parties hereto without notice to them or affecting their liability hereunder.

THIS INSTRUMENT PROVIDES FOR THE REMEDY OF CONFESSION OF JUDGMENT AND SETS FORTH AND CONTAINS WARRANTS OF AUTHORITY FOR AN ATTORNEY TO CONFESS JUDGMENT AGAINST OBLIGOR, ISSUE A WRIT OF EXECUTION AND OBTAIN POSSESSION OF OBLIGOR'S PROPERTY WITHOUT NOTICE OR A HEARING. IN GRANTING THESE WARRANTS OF ATTORNEY TO CONFESS JUDGMENT, OBLIGOR HEREBY KNOWINGLY, INTENTIONALLY, VOLUNTARILY AND UNCONDITIONALLY WAIVES ALL ITS RIGHTS, IF ANY, TO PRIOR NOTICE AND AN OPPORTUNITY FOR HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA BEFORE THE ENTRY OF SUCH JUDGMENT. OBLIGOR ACKNOWLEDGES THAT IT IS REPRESENTED BY COUNSEL AND THAT COUNSEL HAS REVIEWED WITH AND EXPLAINED TO OBLIGOR THE MEANING OF THIS REMEDY.

All rights and obligations under this Note, the HUD Note, the Loan Agreement and the HUD Contract shall extend to and be binding upon the respective successors and assigns of the Obligor and Authority.

The Obligors s shall be jointly and severally liable under the obligations of this Note, the HUD Note, the Loan Agreement, the HUD Contract and the Collateral Documents as defined herein.

EXECUTED by Obligor under seal the day and year first above written.

ISLAND VIEW CROSSING I, L.P.
A Pennsylvania Limited Partnership
By its General Partner:

ISLAND VIEW CROSSING I, INC.

By: _____

Attest: _____

ISLAND VIEW CROSSING II, L.P.
A Pennsylvania Limited Partnership
By its General Partner:

ISLAND VIEW CROSSING II, INC.

By: _____

Attest: _____

230167.2

-6-