## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | **CHAPTER 11** |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | **BANKRUPTCY NO. 17-14454(ELF)** |
| | : | |
| **Debtor** | : | |
| | : | |

### MOTION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE, FOR ENTRY OF AN ORDER APPROVING LOAN MODIFICATION AGREEMENT WITH BKRE INVESTMENTS, LLC PURSUANT TO 11 U.S.C. §§ 105(a) AND 364

Kevin O'Halloran, Chapter 11 Trustee (the "Trustee") for the estate of Island View Crossing, II, L.P. (the "Debtor"), by and through his counsel, Karalis PC, hereby moves this Honorable Court for the entry of an Order approving Loan Modification Agreement (the "Agreement") with BKRE Investments, LLC ("BKRE") pursuant to 11 U.S.C. §§ 105(a) and 364 (the "Motion"), and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     Venue of the Debtor's Chapter 11 case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief requested herein are Sections 105(a) and 364 of the Bankruptcy Code.

### BACKGROUND

**A.     Procedural Background.**

4.     On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

5.      Since the Petition Date, the Debtor remained in possession of its assets and continued in the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until the Bankruptcy Court by order dated December 18, 2017 ordered the appointment of a chapter 11 trustee.

6.      On December 21, 2017, the United States Trustee filed an Application for Order Approving the Appointment of Christine C. Shubert as the interim Chapter 11 Trustee which application was approved pursuant to a Court Order entered on the same day.   Thereafter the creditors of the Debtor's estate elected the Trustee.

7.      On January 30, 2018, the United States Trustee for Region 3 filed its Report of Undisputed Election which provided, *inter alia*, that the Trustee was elected to serve as the trustee in this bankruptcy proceeding.

**B.      The Post-Petition Financing provided by BKRE.**

8.      On August 17, 2018, the Trustee filed the Motion for Entry of Final Order Authorizing (I) Trustee to Obtain Secured Post-Petition Financing Pursuant to §§ 105, 361, 364(c)(1) and 364(d)(1) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 4001, (II) Trustee to Enter into the Promissory Note; (III) Granting an Allowed Super Priority Administrative Expense Claim With Priority Over Any and All Administrative Expenses of the Kind Specified in Bankruptcy Code Section 503(B) or 507(B); (IV) Granting a Lien on All Assets of the  Estate (Except for the Excluded Assets) Senior to All Other Liens (Except for the Permitted Liens) Pursuant to Section 364(D)(1) of Bankruptcy  Code; (V) Approving the Release of Liens Agreement Between the Trustee and Prudential Bank Pursuant to Federal Rule of Bankruptcy Procedure 9019; and (VI) Granting Related Relief (the "Financing/Approval Motion").

2

9.      By Order of this Court dated September 12, 2018, the Financing/Approval Motion was approved (the "Financing Order").   The closing on the loan (the "Loan") was concluded on or about September 26, 2018.

10.     The Loan is evidenced by the loan documents (collectively, the "Loan Documents") including, but not limited to, the Note dated September 12, 2018 in the amount of Four Million Seven Hundred Thousand Dollars ($4,700,000.00) (the "Note") executed on behalf of the Trustee and delivered to and payable to the order of BKRE.   The original maturity date of the Loan was March 12, 2021.

11.     As provided by the provisions of the Loan Documents, by prior request of the Trustee, the maturity date of the Note was extended for an addition six (6) months.   The current Maturity Date of the Loan is September 12, 2021.

12.     The Loan is secured by (i) the Construction Loan and Security Agreement between the Trustee and BKRE dated September 12, 2018; (ii) an Open-End Mortgage and Security Agreement dated September 12, 2018 granted by Trustee on the mortgaged property which mortgage was duly recorded on October 26, 2018 with the Recorder of Deeds, Bucks County, PA at Instrument Number 2018059405; and (iii) the Financing Order.

13.     The Trustee has requested that BKRE modify the Loan pursuant to the terms of the Agreement to provide for an extension of the current maturity date of September 12, 2021, as provided by the Agreement.   The Agreement is attached hereto as Exhibit "A" and made a part hereof.

**C.      The Trustee's Plan of Liquidation.**

14.     On April 20, 2021, the Trustee filed a Plan of Liquidation dated April 19, 2021 for the Estate of the Debtor (the "Plan"), a Disclosure Statement dated April 19, 2021 with respect to

3

the Plan (the "Disclosure Statement"), and a Motion for the Entry of an Order Approving (i) the

Disclosure Statement, (ii) Procedures for Solicitation and Tabulation of Votes to accept or reject

the Plan, and related notice and objection procedures.

15.    The Plan provides for the development, completion and/or sale of Phase 1 and

Phase 2 of the Debtor's real property, in whole or in part, by the Trustee and distribution of the

proceeds under the provisions of the Plan in resolution of all outstanding claims against, and

interests in, the Debtor.

16.    On May 26, 2021, this Court entered an Order, *inter alia*, approving the Trustee's

Disclosure Statement and scheduling a confirmation hearing on the Plan for July 21, 2021.   After

a number of objections were filed to confirmation of the Plan, the confirmation hearing was

conducted as a pretrial conference.

17.    On July 20, 2021, the Trustee filed a Motion for the entry of an Order determining:

(a) the value of the Debtor's Real Property, (b) the amount of the secured claim of Prudential Bank

pursuant to 11 U.S.C. § 506(a), (c) the amount of Prudential Bank's interest, fees, costs or other

charges pursuant to 11 U.S.C. § 506(b), (d) the amount of the Estate's surcharge of Prudential

Bank's collateral pursuant to 11 U.S.C. §506(c), (e) the Trustee's entitlement to use the proceeds

from the sale of residential units in Phase 1 (after payment of the Release Prices set forth in the

Prudential Release of Liens Agreement) to pay Permitted Claims under the Plan, (f) the bankruptcy

estate's entitlement to relief under the equities of the case exception pursuant § 552(b)(1), and (g)

granting related relief (the "Trustee's Motion").

18.    Following the status hearing held on July 21, 2021, this Court entered an Order,

*inter alia*, continuing the hearing on confirmation of the Plan pending resolution of the Trustee's

Motion, fixing a discovery deadline of September 24, 2021 and scheduling a final pretrial

conference for September 29, 2021.

19.    For these reasons, the Trustee needs to extend the current maturity date of the Loan

from September 12, 2021 to at least a date on or after the hearing on confirmation of the Plan. The

Trustee has requested that the maturity date of the Loan be extended to January 31, 2022 and

subject to the terms of the Agreement, the Lender has agreed to extend the maturity date.

## **RELIEF REQUESTED AND BASIS THEREFOR**

20.    Pursuant to 11 U.S.C. §§ 105(a) and 364, the Trustee seeks approval of the

Agreement.

21.    The terms and conditions of the Agreement provide, *inter alia*, as follows:

(a)    <u>Ratification, Representations and Acknowledgements</u>.    Debtor and
Trustee, as applicable, (a) ratify, reaffirm and confirm the Loan Documents,
(b) represent and warrant that they have taken all necessary action to
authorize the execution and delivery of the Agreement by them, (c)
represent that they are not aware of the existence of an Event of Default
under the Loan Documents, (d) acknowledge and agree that (i) the recitals
therein are true and correct, (ii) the Loan Documents are valid, binding and
fully enforceable in accordance with their terms, and that they shall continue
to comply with all terms of the Loan Documents, as amended by the
Agreement, and (iii) BKRE is not waiving or agreeing to defer any
covenants or amounts due under the Loan Documents, except as expressly
provided in the Agreement.

(b)    <u>Conditions Precedent</u>.    BKRE's agreement to modify the Loan pursuant to
the terms of the Agreement is expressly conditioned upon receipt by BKRE
of the Agreement fully executed by the Trustee and Bankruptcy Court
Approval of the Agreement.

(c)    <u>Confirmation of Indebtedness</u>.

i.    Trustee hereby confirms, acknowledges, and agrees that as of July
31, 2021, the following amounts are outstanding and owing pursuant
to the Loan Documents:

| | |
|---|---|
| Funded Amount: | $ 4,732,376.96 |
| Release Payments paid: | $   (210,000.00) |
| Principal balance | $ 4,522,376.96 |
| Accrued Interest: | $ 1,243,188.89 |

Loan balance as of July 31, 2021:          $ 5,765,565.85

Interest continues to accrue on the Loan pursuant to the Loan Documents.

(d)        Modification of Loan Documents.

   i.      BKRE agrees that the as of the date of the Agreement, the defined term "Maturity Date" in the Loan Documents shall mean January 31, 2022.

   ii.     The Agreement is being executed by BKRE to accommodate the request of the Trustee, and Debtor and Trustee understand and agree that BKRE has no obligation to grant additional modifications in the future.

(e)        Fees and Expenses.  BKRE agrees that there will be no extension fee assessed for the accommodation provided to the Trustee pursuant to the Agreement.

(f)        Counterparts and Execution and Delivery by Electronic Transmission. The Agreement may be executed in separate counterparts, each of which shall be considered an original and all of which together shall comprise one and the same document.  Furthermore, the Agreement may be executed and delivered by electronic transmission.  The parties intend that electronic (e.g. pdf format) signatures constitute original signatures and that an electronic copy or counterparts of the Agreement containing signatures (original or electronic) of a party is binding on that party.

(g)        Modification Agreement Part of the Loan Documents.  The Agreement shall be deemed to be a part of the Loan Documents, and shall be governed and interpreted in accordance with the terms and provisions thereof as if set forth therein.  To the extent there are any conflicts between any of the terms or provisions of the Loan Documents and any of the terms or provisions of the Agreement, the terms and provisions of the Agreement shall control.

*See*, Exhibit "A".

22.      The discussion of the terms contained in the Agreement is intended as a summary only and all parties in interest are encouraged to read the Agreement.   To the extent that there are

any discrepancies between the summary contained in the Motion and the terms contained in the

Agreement, the terms of the Agreement shall control.

23.     The Trustee believes in his business judgment that the approval of the Agreement

is in the best interest of the Debtor's creditors and bankruptcy estate.

24.     Creditors and other parties in interest will not be prejudiced by the approval of the

Agreement.

25.     Extending the Maturity Date in the Loan Documents to January 31, 2022 will avoid

the Trustee and the bankruptcy estate from being in default of the Loan Documents and allow the

Trustee to continue with the administration of the bankruptcy estate and his efforts to confirm the

Plan.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court enter an Order

(i) granting the relief requested herein and (ii) for such other relief as this Court deems just and

proper.

<div style="margin-left: 40%;">

**Respectfully submitted,**

**KARALIS PC**

By:    /s/ Aris J. Karalis
       ARIS J. KARALIS
       ROBERT W. SEITZER
       1900 Spruce Street
       Philadelphia, PA 19103
       (215) 546-4500
       akaralis@karalislaw.com
       rseitzer@karalislaw.com

*Attorneys for the Trustee*

</div>

Dated: August 3, 2021