IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| ISLAND VIEW CROSSING II, L.P. | BANKRUPTCY NO. 17-14454(ELF) |
| Debtor | |

**LIMITED OBJECTION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE, TO THE FIRST AND FINAL FEE APPLICATION OF STRADLEY RONON STEVENS & YOUNG, LLP AS SPECIAL LITIGATION COUNSEL TO ISLAND VIEW CROSSING II, L.P. FOR THE PERIOD FROM JULY 18, 2017 THROUGH FEBRUARY 28, 2018**

Kevin O'Halloran, Chapter 11 Trustee (the "Trustee") for the estate of Island View Crossing II, L.P. (the "Debtor"), by and through his counsel, Karalis PC, hereby submits this limited objection (the "Objection") to the First and Final Fee Application of Stradley Ronon Stevens & Young, LLP ("Stradley") as Special Litigation Counsel to Island View Crossing II, L.P. for the Period from July 18, 2017 through February 28, 2018 (the "Fee Application"), and in support thereof, respectfully avers as follows:

**I.    Employment of Stradley and Fee Application.**

1. On September 6, 2017, the Debtor filed an Application to Employ Stradley as Debtor's Special Litigation Counsel Nunc Pro Tunc to June 30, 2017 (the "Employment Application") [Docket No. 66].

2. On September 27, 2017, this Honorable Court entered an Order approving the Employment Application nunc pro tunc to July 18, 2017 [Docket No. 78].

3. On July 12, 2021, Stradley filed the Fee Application [Docket No. 755].

4. In the Fee Application, Stradley is seeking a final award of fees in the amount of $366,220.50 and a final award of costs in the amount of $980.14 for the period from July 18, 2017 through February 28, 2018.

5. The period covered by the Fee Application relates to services rendered substantially prior to the Trustee's appointment on January 30, 2018.

## LIMITED OBJECTION

6. Since, substantially all of the services requested in the Fee Application were performed prior to the Trustee's appointment, the Trustee defers to the Court's judgment on reviewing and approving the amount of fees and costs requested in the Fee Application.

7. Until such time as the Trustee has confirmed his liquidating plan, paid the allowed secured claims of the estate including the estate's post-petition loan, and the Trustee's litigation against Prudential Bank has been determined by a final order, the Trustee will not be able to (a) determine with certainty the amount of unencumbered funds available to pay any fees or expenses that may be awarded to Stradley with respect to the Fee Application, or (b) pay any fees or expenses that may be awarded to Stradley with respect to the Fee Application.

8. Accordingly, the Trustee requests that any order awarding fees provide that the Trustee is authorized, but not directed, to pay any fees awarded to Stradley.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an Order (i) granting the relief requested herein and (ii) granting such other and further relief it deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: __/s/ Aris J. Karalis__
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Attorneys for the Trustee

Dated: August 30, 2021