IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 11 |
| | : |
| ISLAND VIEW CROSSING II, L.P. | : BANKRUPTCY NO. 17-14454(ELF) |
| | : |
| Debtor | : |
| | : |

**LIMITED OBJECTION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE,
TO THE MOTION OF STRADLEY RONON STEVENS & YOUNG, LLP FOR AN
ORDER ALLOWING ADMINISTRATIVE EXPENSE PURSUANT TO SECTIONS
503(b)(3)(D) AND 503(b)(4) OF THE BANKRUPTCY CODE**

Kevin O'Halloran, Chapter 11 Trustee (the "Trustee") for the estate of Island View Crossing II, L.P. (the "Debtor"), by and through his counsel, Karalis PC, hereby submits this limited objection (the "Objection") to the Motion of Stradley Ronon Stevens & Young, LLP ("Stradley") for an Order allowing Administrative Expense pursuant to Sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code (the "Motion"), and in support thereof, respectfully avers as follows:

**I.    Background**

1. On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

2. The Debtor remained in possession of its assets and continued in the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until the Bankruptcy Court by order dated December 18, 2017 ordered the appointment of a chapter 11 trustee.

3. On December 21, 2017, the United States Trustee filed an Application for entry of Order Approving the Appointment of Christine C. Shubert as the interim Chapter 11 Trustee which application was approved pursuant to an order entered on the same day. Thereafter the creditors of the Debtor's estate elected the Trustee.

4. On January 30, 2018, the United States Trustee for Region 3 filed its Report of Undisputed Election which provided, *inter alia*, that the Trustee was elected to serve as the trustee in this bankruptcy proceeding.

## II. Employment of Stradley and its Fee Application

5. On September 6, 2017, the Debtor filed an Application to Employ Stradley as Debtor's Special Litigation Counsel Nunc Pro Tunc to June 30, 2017 (the "Employment Application") [Docket No. 66].

6. On September 27, 2017, this Honorable Court entered an Order approving the Employment Application *nunc pro tunc* to July 18, 2017 [Docket No. 78].

7. On July 12, 2021, Stradley filed its Fee Application [Docket No. 755].

8. In the Fee Application, Stradley is seeking a final award of fees in the amount of $366,220.50 and costs in the amount of $980.14 for the period from July 18, 2017 through February 28, 2018.

9. The period covered by the Fee Application relates to services rendered substantially prior to the Trustee's appointment on January 30, 2018.

10. The Trustee filed a Limited Objection to the Fee Application requesting that any Order awarding fees and costs with respect to the Fee Application provide that the Trustee is "authorized" but not directed, to pay any amount awarded for the reasons set forth in that objection.

## III. Stradley's Motion

11. On July 12, 2021, Stradley filed the Motion seeking $211,450.00 as reimbursement for the time expended by its professionals and paraprofessionals as an administrative expense pursuant to Sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code (the "Contribution Fees"). In addition, Stradley is requesting reimbursement of $63.10 for costs it incurred that are attributable to its contribution to the estate (the "Contribution Costs").

2

12. In total, Stradley is seeking reimbursement from the bankruptcy estate of Contribution Fees and Contribution Costs in the amount of $211,513.10 (the "Stradley Contribution Claim"). The Stradley Contribution Claim is in addition to the fees and costs totaling $367,200.64 requested by Stradley in the Fee Application.

13. The Motion separates the Contribution Fees into the following five categories:

   i. $64,174.50 for its efforts to pursue the Creditor Election and to nominate and obtain the appointment of Mr. O'Halloran as the permanent chapter 11 trustee ("Category 1");

   ii. $48,035.50 for its efforts to defend and obtain estimation of its claim in order to ensure its participation in the Creditor Election and prevent a usurpation of the Creditor Election by the Interim Trustee and/or Prudential ("Category 2");

   iii. $23,517.00 for its efforts in the weeks and months after Mr. O'Halloran's appointment, through numerous meetings, communications, and information sharing, to assist Mr. O'Halloran with this transition into his role as the chapter 11 trustee ("Category 3");

   iv. $41,192.00 for its efforts to share discovery documents and other information in connection with the Lender Liability Action, including preparing the Joint Prosecution Agreement and reviewing, preparing, and producing tens of thousands of pages of documents obtained by Stradley prior to the Trustee's appointment and engagement of his own special litigation counsel ("Category 4"); and

   v. $34,531.00 for its efforts in prosecuting the Lender Liability Action, but only for the time period running from the Petition date to July 17, 2017, the day prior to Stradley's appointment as special litigation counsel ("Category 5").

14. Stradley alleges that, *inter alia*, its efforts have conferred a substantial benefit upon the bankruptcy estate and therefore is entitled to recover from the bankruptcy estate an amount equal to the Stradley Contribution Claim.

15. Stradley acknowledges that (a) prior to the Petition Date it represented the Debtor and its affiliates, including Mr. Gualtieri, in the Lender Liability Action and other litigation; (b) after the Petition Date it continued to represent Mr. Gualtieri, and certain non-debtor affiliates in

3

related state court proceedings until late 2018 and/or early 2019, when it filed motions to withdraw as counsel; and (c) presently it no longer represents Mr. Gualtieri, certain non-debtor affiliates, or the affiliated debtors in any capacity.

## **LIMITED OBJECTION**

16. The Trustee acknowledges that after his appointment Mr. Cordone, then a partner of Stradley, took part in numerous meetings, communications, and information sharing, assisted the Trustee, his bankruptcy and special litigation counsel by producing documents obtained by Stradley prior to the Trustee's appointment and for this reason the Trustee does not object to reimbursement of the fees set forth in Category 3.

17. The Trustee also acknowledges that Stradley cooperated in transferring its files to the Trustee's special litigation counsel, however, the turnover of estate's files to replacement counsel does not support the request for the reimbursement of the fees set forth in Category 4.

18. The Trustee also objects to the allowance of all the fees set forth in Category 1, and Category 2, and Category 5 for which Stradley seeks reimbursement as an allowed administrative claim pursuant to 11 U.S.C. § 503(b)(3)(D).

19. Creditors seeking an award of administrative expenses are, in particular, "presumed to be self-interested unless they establish that their actions are designed to benefit others who would foreseeably be interested in the estate." *See, Lebron v. Mechem Fin. Inc.*, 27 F.3d 937 at 946 (3d Cir. 1994).

20. The Bankruptcy Code does not define "substantial contribution," but nearly all courts and the leading bankruptcy treatise agree that the contribution must provide "tangible, clearly demonstrable benefits to the estate." *See, 5 Collier on Bankruptcy,* ¶ 503.10[a] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. 2015) (collecting cases).

4

21. As with all of the Bankruptcy Code's priority statutes, section 503(b)(3) is strictly construed to keep administrative expenses to a minimum. *See, In re Columbia Gas Sys., Inc.*, 224 B.R. 540, 548 (Bankr. D. Del. 1998). A bankruptcy court may find that a creditor made a substantial contribution to a Chapter 11 case if the creditor's services directly and materially contributed to a reorganization. *See, Lebron v. Mechem Fin. Inc.*, 27 F.3d at 944. Such actions must have "been undertaken absent an expectation of reimbursement from the estate." *See, Id.*

22. While the phrase "substantial contribution" does not lend itself to a set of exacting criteria, a well-developed body of case law teaches that the sort of contribution that reaches the substantial threshold is exceedingly narrow: extensive and active participation alone does not qualify, *In re Bayou Grp., LLC*, 431 B.R. 549, 556 (Bankr. S.D.N.Y. 2010), services that are duplicative of other estate professionals are insufficient, *In re Worldwide Direct, Inc.*, 334 B.R. 112, 134 (Bankr. D. Del. 2005); and activities that primarily further the movant's self-interest do not suffice, *Lebron,* 27 F.3d at 944.

23. As such, it is not clear how the services set forth in Category 1, Category 2, Category 4 and Category 5 could constitute a substantial contribution.

24. Additionally, until such time as the Trustee has confirmed his liquidating plan, paid the allowed secured claims of the bankruptcy estate including the estate's post-petition loan, and the Trustee's litigation against Prudential Bank has been determined by a final order, the Trustee will not be able to determine with certainty the amount of unencumbered funds available to pay any administrative claim that may be awarded to Stradley with respect to the Motion.

25. Accordingly, the Trustee requests that any order awarding an administrative claim to Stradley provide that the Trustee is authorized, but not directed, to pay any administrative claim awarded to Stradley.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an Order (i) granting the relief requested herein and (ii) granting such other and further relief it deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By:   /s/ Aris J. Karalis
      ARIS J. KARALIS
      ROBERT W. SEITZER
      1900 Spruce Street
      Philadelphia, PA 19103
      (215) 546-4500
      Attorneys for the Trustee

Dated: September 27, 2021