**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : |
| | : CHAPTER 11 |
| ISLAND VIEW CROSSING II, L.P., | : |
| | : BANKRUPTCY NO. 17-14454 (ELF) |
| Debtor. | : |
| | : |

**STIPULATION AND AGREED ORDER GRANTING PRUDENTIAL SAVINGS BANK**
**LIMITED RELIEF FROM THE AUTOMATIC STAY**

This Stipulation and Agreed Order (the "Stipulated Order") entered into this 1st day of October, 2021 is made between Prudential Savings Bank ("Prudential") and Kevin O'Halloran (the "Trustee"), Chapter 11 Trustee of the bankruptcy estate of Island View Crossing II, L.P. ("Island View").  In relation thereto, Prudential and the Trustee (collectively referred to as the "Parties") stipulate and request the entry of this Stipulated Order as an Order of this Court and represent as follows:

WHEREAS on June 30, 2017, Island View and affiliated entities Calnshire Estates, LLC ("Calnshire") [Bankruptcy No. 17-14457-elf]; Steeple Run, L.P. ("Steeple" or collectively with Island View and Calnshire, the "Debtors") [Bankruptcy No. 17-14458-elf] each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"); and

WHEREAS, Prudential is a prepetition secured lender to the Debtors; and

WHEREAS, on or about August 4, 2017, Prudential filed a Motion to Convert the Debtors' bankruptcy cases or appoint a Chapter 11 Trustee (the "Conversion Motion"), and on or about December 18, 2017, the Bankruptcy Court converted the Calnshire and Steeple Chapter 11 bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code; and

4813-3423-8461

WHEREAS, on December 20, 2018, Bonnie B. Finkel was appointed as Chapter 7 Trustee of the estates of Calnshire and Steeple (the "Caln/Steeple Trustee"); and

WHEREAS, the Caln/Steeple Trustee agreed to the terms of a consent order which provided, *inter alia*, for the entry of judgments of foreclosure on both the Calnshire Property and the Steeple Property (the "Consent Order") and on or about July, 24, 2020, the Bankruptcy Court entered the Consent Order, as amended; and

WHEREAS, Prudential and the Caln/Steeple Trustee were ultimately able to resolve all of their differences in the Calnshire bankruptcy case, the Steeple bankruptcy case and the Adversary Proceedings (the "Settlement Agreement") whereby Prudential was permitted to proceed to sheriff sale on the property owned by Calnshire (the "Calnshire Property") and the property owned by Steeple (the "Steeple Property"); and

WHEREAS, on or about January 13, 2021, the Bankruptcy Court entered an Order approving the Settlement Agreement in the Calnshire bankruptcy case, the Steeple bankruptcy case and the Adversary Proceedings (the "January 13 Order") which included the following language required by the Trustee:

> Nothing in this Order or in the Settlement Agreement (i) waives the benefits of the Pennsylvania Deficiency Judgment Act, 42 Ps. C.S.A. § 1803 as applicable to the bankruptcy estates of Island View Crossing II, L.P. ("Island View"), Calnshire, or Steeple Run, or (ii) releases Prudential or any assignee from compliance with the provisions of the Pennsylvania Deficiency Judgment Act, if Prudential or any assignee seeks to pursue a deficiency claim against the estates of Island View, Calnshire, or Steeple Run.

WHEREAS, the Calnshire Property and the Steeple Property were respectively sold at sheriff's sale on or about May 20, 2021 and May 14, 2021; in each case, back to Prudential for costs; and

4813-3423-8461                                                   2

WHEREAS, Prudential intends to file Petitions to Fix Fair Market Value of the Calnshire Property and the Steeple Property at Sheriff's Sale pursuant to the Pennsylvania Deficiency Judgment Act 42 Pa.C.S. 8103 (the "FMV Petitions") and requires relief from the automatic stay under section 362(a) of the Bankruptcy Code to name Island View as a respondent to the FMV Petitions and to proceed with the FMV Petitions; and

WHEREAS, in an effort to avoid the cost of a Motion for Relief and potential litigation associated therewith, Prudential has provided to the Trustee copies of the FMV Petitions and its appraisal reports for the Calnshire Property and Steeple Run Property that it intends to file before the applicable court of common pleas; and

WHEREAS, as a result of these disclosures the Trustee consents to relief from the automatic stay for the limited purpose of permitting Prudential to file and prosecute to final order the FMV Petitions so as to determine the fair market value of the Calnshire Property and Steeple Run Property; and

WHEREAS, Prudential shall serve notice of this Stipulated Order and seek its approval and entry by the Bankruptcy Court; and

**NOW, THEREFORE, THE PARTIES HERETO, INTENDING TO BE LEGALLY BOUND, HEREBY STIPULATE, AGREE AND REQUEST A COURT ORDER AS FOLLOWS:**

1. Prudential is hereby granted relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d) for the limited purpose of permitting Prudential to file its FMV Petitions, name Island View and any other obligors as respondents, so as to determine the fair market value of the Calnshire Property and Steeple Run Property by a final order pursuant to the Pennsylvania Deficiency Judgment Act, 42 Pa. C.S.A. § 8103.

2. Except as set forth above, the Parties retain all of their rights and remedies and preserve all defenses.

3. The Parties hereto each represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or cause of action relating to any matter covered herein.

4. This Stipulated Order and the Order Granting Relief shall be binding upon and inure to the benefit of the Parties hereto and their heirs, executors, administrators, predecessors, trustees, successors and assigns.

5. The Parties agree that this Stipulated Order shall be governed by the Bankruptcy Code and the laws of the Commonwealth of Pennsylvania.

6. This Stipulated Order may be executed in one or more counterparts, each of which shall be deemed an original for all purposes, and all of which taken together shall constitute one and the same instrument. The delivery of a telecopy, PDF or facsimile signature by any Party hereto shall have same legally binding effect as the delivery of an original signature.

[SIGNATURES AND ORDER CONTAINED ON FOLLOWING PAGE]

| | |
|---|---|
| OBERMAYER REBMANN MAXWELL & HIPPEL LLP | KARALIS, P.C. |
| By: *s/ Michael D. Vagnoni*<br>Michael D. Vagnoni, Esquire<br>One Penn Center, Suite 1900<br>1617 John F. Kennedy Boulevard<br>Philadelphia, PA  19103<br>215-665-3066<br>michael.vagnoni@obermayer.com<br>*Counsel to Prudential Savings Bank* | By: *s/ Aris J. Karalis*<br>Aris J. Karalis, Esquire<br>1900 Spruce Street<br>Philadelphia, PA  19103<br>215-546-4500<br>akaralis@karalislaw.com<br>*Counsel to Chapter 11 Trustee* |
| Dated: 10/1/21 | Dated: 10/1/21 |

**AND NOW**, this _____ day of _____, 2021, this Stipulated Order is hereby approved and entered as an Order by the Bankruptcy Court.

_____
The Honorable Eric L. Frank
United States Bankruptcy Judge

4813-3423-8461                        5