IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | **BANKRUPTCY NO. 17-14454(ELF)** |
| | : | |
| Debtor | : | |

**FIRST INTERIM APPLICATION FOR COMPENSATION & REIMBURSEMENT
OF EXPENSES OF NEWBRIDGE MANAGEMENT, LLC, AS FINANCIAL
ADVISORS FOR KEVIN O'HALLORAN, THE CHAPTER 11
TRUSTEE FOR ISLAND VIEW CROSSING II, L.P.
FOR THE PERIOD FROM FEBRUARY 4, 2018 THROUGH JULY 31, 2021**

**TO: THE HONORABLE ERIC L. FRANK, U.S. BANKRUPTCY JUDGE:**

Newbridge Management, LLC (the "Applicant"), as financial advisors for Kevin O'Halloran, the Chapter 11 Trustee, ("Trustee") for Island View Crossing II, L.P. ("Debtor"), in accordance with Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rule 2016-2, applies under §§ 330 of title 11 of the United States Code for allowance of its first interim request for compensation and reimbursement of actual, necessary expenses (the "Application") for the period from February 4, 2018 through July 31, 2021 (the "Compensation Period") and in support thereof represents as follows:

**PART A Preliminary Statement**

1. Applicant are financial advisors for the Trustee, Kevin O'Halloran, effective as of February 4, 2018.

2. All services rendered, and expenses incurred, for which compensation or reimbursement is requested were performed or incurred for or on behalf of the Trustee.

3. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

4. The expenses described in this Application are actual, necessary expenses.

5.  This First Interim Application is for fees for services rendered, and reimbursement of expenses, incurred during the Compensation Period as follows:

**Compensation Period:** February 4, 2018 through July 31, 2021, a forty-two (42) month period.

**First Interim Fee Application**

<u>Requested</u>

| | |
|---|---|
| Fees | $1,032,340.00 |
| Expenses | $  103,708.73 |
| Total | $1,136,048.73 |

### PART B General Information

1.  **General Information:**

    A.  Date case filed: June 30, 2017

    B.  Date application to approve employment filed: February 8, 2018 Nunc Pro Tunc to February 4, 2018

    C.  Date employment approved: February 21, 2018

    D.  First date services rendered in the case: February 4, 2018

    E.  Compensation requested is under §330.

    F.  Any fees awarded will be paid by the estate.

2.  **Prior Fee Applications**

    No prior applications have been filed.

3.  **Professionals Billing**

| NAME OF PROFESSIONAL | RATE | HOURS WORKED | HOURS REQUESTED | TOTAL $ REQUESTED |
|---|---|---|---|---|
| Ralph Brotherton | $250.00 | 7,611.90 | 3,126.40 | $781,600.00 |
| Carol Davis | $175.00 | 2,707.90 | 1,432.80 | $250,740.00 |
| **TOTAL** | | **10,319.80** | **4,559.20** | **$1,032,340.00** |

2

4.  **Billing Rates**

The billing rates set forth in this application were the normal hourly rates charged by Applicant at the time the Court approved the Motion to retain the Applicant in February 2018, and Applicant has not sought to charge its increased rates through the intervening years.

### Part C Billing Summary for the Compensation Period

Description of Services. Applicant and the Trustee have carefully examined each of the entries in this Application for services rendered. Applicant is not requesting payment for a number of services performed and has removed duplications such as (i) attendance at meetings with the Trustee, (ii) services that might be considered to be the responsibility of the Trustee (to be compensated by the award of the Trustee's commission), and (iii) other services that the Applicant performed during the course of the case but that should not be charged to the Estate. Therefore, the compensation being requested is only for reasonable and necessary services performed for the Trustee and reimbursement of expenses during the Compensation Period. These services are identified by categorical listing as follows:

1.  Asset Analysis and Recovery (Fees: $50,572.50; Total Hours Worked 220.00; Total Hours Billed 208.50; Average Hourly Rate $242.55). This category represents time spent by Applicant during the Compensation Period for identification and review of potential assets.

2.  Asset Disposition (Fees: $00; Total Hours Worked 00; Total Hours Billed 00; Average Hourly Rate $00). During the Compensation Period no tasks were billed to this category.

3.  Assumption & Rejection Contracts (Fees: $00; Total Hours Worked 00; Total Hours Billed 00; Average Hourly Rate $00). During the Compensation Period no tasks

3

were billed to this category.

4. <u>Avoidance Action Analysis</u> (Fees: $00; Total Hours Worked 00; Total Hours Billed 00; Average Hourly Rate $00).  During the Compensation Period no tasks were billed to this category.

5. <u>Budgeting – (Case) Admin</u> (Fees: $6,577.50; Total Hours Worked 26.40; Total Hours Billed 26.40; Average Hourly Rate $249.15). This category represents time spent by Applicant during the Compensation Period for reviewing and discussing with Trustee cash flow development for budgeting.

5a. <u>Budgeting – Creditor/Real Estate</u> (Fees: $37,155.00; Total Hours Worked 157.60; Total Hours Billed 154.80; Average Hourly Rate $240.02). This category represents time spent by Applicant during the Compensation Period for analysis of pre-petition loans, cash projection of townhome construction and negotiations with RDA and Prudential Bank for post-petition financing.

5b. <u>Budgeting – BKRE</u> (Fees: $18,317.50; Total Hours Worked 76.90; Total Hours Billed 76.90; Average Hourly Rate $238.20). This category represents time spent by Applicant during the Compensation Period for cash projections analysis and modifications to the post petition financing from BKRE Investments, LLC ("BKRE").

5c. <u>Budgeting – Construction</u> (Fees: $114,507.50; Total Hours Worked 611.60; Total Hours Billed 470.00; Average Hourly Rate $243.63).  This category represents time spent by Applicant during the Compensation Period monitoring construction cost budget and updating cash projection analysis during townhome construction.

6. <u>Business Operations</u> (Fees: $9,155.00; Total Hours Worked 110.50; Total Hours Billed 49.70; Average Hourly Rate $184.21).  This category represents time spent by

4

Applicant during the Compensation Period reviewing general business issues onsite.

7. <u>Case Administration</u> (Fees: $81,330.00; Total Hours Worked 635.60; Total Hours Billed 331.80; Average Hourly Rate $245.12). This category represents general case administration activities. During the Compensation Period, the Applicant assisted the Trustee in reviewing, analyzing and resolving various issues that arose during the administration of the case.

8. <u>Claims Administration & Objections</u> (Fees: $2,812.50; Total Hours Worked 12.60; Total Hours Billed 12.60; Average Hourly Rate $223.21). This category represents time spent by Applicant during the Compensation Period reviewing and working with counsel and the Trustee on various claims in the case.

9. <u>Employment and Fee Applications</u> (Fees: $700.00; Total Hours Worked 2.80; Total Hours Billed 2.80; Average Hourly Rate $250.00). This category represents time spent by Applicant during the Compensation Period to review fee applications filed.

10. <u>Financing, Cash Collateral and Objections</u> (Fees: $44,022.50; Total Hours Worked 182.00; Total Hours Billed 178.40; Average Hourly Rate $246.76). This category represents time spent by Applicant during the Compensation Period reviewing and preparing schedules and exhibits for agreements, hearings regarding post-petition financing, reviewing and providing information to the various secured lenders.

11. <u>Insurance</u>    (Fees: $28,392.50; Total Hours Worked 155.60; Total Hours Billed 134.90; Average Hourly Rate $210.47). This category represents time spent by Applicant during the Compensation Period reviewing and confirming insurance requirements and coverages purchased; and providing documentation and reports as required by various parties.

12. <u>Litigation</u> (Fees: $00; Total Hours Worked 00; Total Hours Billed 00; Average Hourly Rate $00). During the Compensation Period there were no tasks billed to this

5

category.

13. <u>Litigation – Lender Liability</u> (Fees: $53,362.50; Total Hours Worked 277.30; Total Hours Billed 218.40; Average Hourly Rate $244.33). This category represents time spent by Applicant during the Compensation Period working with the Trustee and his counsel reviewing documents, providing damage calculations and information regarding the construction and sale of the Debtor's residential subdivision, and responding to requests for information for the Lender Liability Lawsuit.

14. <u>Meetings & Communications with Creditors</u> (Fees: $00; Total Hours Worked 00; Total Hours Billed 00; Average Hourly Rate $00). During the Compensation Period there were no tasks billed to this category.

14a. <u>Meetings and Communications with Prudential Bank</u> (Fees: $3,225.00; Total Hours Worked 12.90; Total Hours Billed 12.90; Average Hourly Rate $250.00). This category represents time spent by Applicant during the Compensation Period in meetings and communications with Prudential Bank regarding cash projections, insurance coverage issues, site visits, and additional information requests.

14b. <u>Meetings and Communications with Bristol Borough & RDA</u> (Fees: $7,675.00; Total Hours Worked 31.80; Total Hours Billed 30.70; Average Hourly Rate $250.00). This category represents time spent by Applicant during the Compensation Period assisting with communications with Bristol Borough regarding zoning, site requirements, certificates of occupancy, permits and claims, as well as communications with RDA regarding principal and fees due on the RDA loan.

14c. <u>Meetings and Communications with McGrath</u> (Fees: $39,865.00; Total Hours Worked 222.30; Total Hours Billed 161.20; Average Hourly Rate $247.30). This category

6

represents time spent by Applicant during the Compensation Period assisting in the negotiating and finalizing the Construction Management Agreement, oversight of the project, hiring of subcontractors, operations at the development, sales of extras and options, agreement with various subcontractors, and termination of the Construction Management Agreement with McGrath.

14d. Meetings and Communications with Counsel (Fees: $50,420.00; Total Hours Worked 277.10; Total Hours Billed 201.80; Average Hourly Rate $249.85). This category represents time spent by Applicant during the Compensation Period working with counsel on various case issues, post-petition financing, the construction management agreement, lender liability lawsuit, HOA, claims and property issues.

15. Non-Working Travel Time to PA (Fees: $00; Total Hours Worked 801.40; Total Hours Billed 0; Average Hourly Rate $00). This category represents time spent by Applicant traveling to/from the Debtor's offices in Newtown, Pennsylvania and the Debtor's construction project in Bristol, Pennsylvania for meetings with the Trustee, the Debtor and its owners to review records, meetings with other parties involved in the case, as well as attendance in Court and meetings at the construction project.

16. Plan and Disclosure Statement (Fees: $7,277.50; Total Hours Worked 43.70; Total Hours Billed 29.20; Average Hourly Rate $249.23). This category represents time spent by Applicant assisting counsel with information for preparation of Plan and Disclosure Statement.

17. Real Estate Development (Fees: $00; Total Hours Worked 2,149.30; Total Hours Billed 00; Average Hourly Rate $00). This category represents time spent by Applicant working with or for the Trustee reviewing budgets associated with site development, construction and contractor issues.

17a. Sales & Marketing (Fees: $152,227.50; Total Hours Worked 786.30; Total

7

Hours Billed 622.50; Average Hourly Rate $244.54). This category represents time spent by Applicant working with the Trustee and title company, and other closing agents in the coordination of sales contracts and closings on these contracts to insure proper receipt and distributions of funds.

17b. HOA (Fees: $10,320.00; Total Hours Worked 45.90; Total Hours Billed 45.90; Average Hourly Rate $224.84). This category represents time spent by Applicant assisting counsel with establishment of the Homeowner's Association and budgeting.

17c. Sales Extras (Fees: $30,317.50; Total Hours Worked 206.10; Total Hours Billed 164.80; Average Hourly Rate $183.97). This category represents time spent by Applicant developing procedures for analyzing cost of extras and determination of profit owed to construction manager under the construction management agreement.

18. Relief of Stay & Adequate Protection (Fees: $00; Total Hours Worked 00; Total Hours Billed 00; Average Hourly Rate $00). During the Compensation Period no tasks were billed to this category.

19. Reporting (Fees: $115,842.50; Total Hours Worked 606.80; Total Hours Billed 606.80; Average Hourly Rate $190.91). This category represents time spent by Applicant for the maintenance and reporting of cash management and project costs for development.

19a. Reporting – UST/Court (Fees: $78,860.00; Total Hours Worked 424.40; Total Hours Billed 424.10; Average Hourly Rate $185.95). This category represents time spent by Applicant preparing Monthly Operating Reports, completing tasks requested by the Office of the UST and processing quarterly fee payments.

19b. Reporting – Lenders (Fees: $00; Total Hours Worked 00; Total Hours Billed 00; Average Hourly Rate $00). During the Compensation Period no tasks were billed to this category.

19c. Reporting – A/P (Fees: $00; Total Hours Worked 1,625.30; Total Hours Billed 00;

Average Hourly Rate $00). This category represents time spent by Applicant assisting the Trustee in reviewing and processing payables, invoices, including contractor invoices and payments, mail and related reporting.

19d.    Reporting – Home Sales (Fees: $63,567.50; Total Hours Worked 298.60; Total Hours Billed 275.00; Average Hourly Rate $231.15). This category represents time spent by Applicant processing reporting related to sale of townhomes.

20.    Site/Security (Fees: $13,290.00; Total Hours Worked 246.80; Total Hours Billed 53.70; Average Hourly Rate $247.49). This category represents time spent by Applicant assisting the Trustee in managing site operations, meeting/communicating with security personnel regarding site and property issues.

21.    Tax Related Items (Fees: $12,547.50; Total Hours Worked 72.20; Total Hours Billed 65.40; Average Hourly Rate 191.86). This category represents time spent by Applicant reviewing tax notices, providing tax data for accountants, preparing 1099's, process and mailing of tax returns.

B.    The Applicant advised the Trustee with respect to financial matters in connection with these bankruptcy cases and performed the professional services detailed in the attached Exhibits 1 through 21. Detailed statements of each category of service (identified herein) pursuant to L.R.B.P. 2016-2 are attached hereto as Exhibits 1 through 21 and made a part hereof, which list the name of the professional, date, activity, and time expended in connection with the services rendered. Applicant requests allowance of interim compensation in the amount of $1,032,340.00 for 4,559.20 hours of services performed (even though the total hours of services provided by Applicant was 10,319.80 hours, an amount substantially higher than the compensation requested).

9

C. **Summary of professional time Expended by Category:**

| CATEGORY | HOURS | VALUE | EXHIBIT |
|---|---|---|---|
| 1.) ASSET ANALYSIS AND RECOVERY | 208.50 | $50,572.50 | 1 |
| 2.) ASSET DISPOSITION | 00 | $00 | 2 |
| 3.) ASSUMPTION & REJECTION CONTRACTS | 00 | $00 | 3 |
| 4.) AVOIDANCE ACTION ANALYSIS | 00 | $00 | 4 |
| 5.) BUDGETING – (CASE) – ADMIN | 26.40 | $6,577.50 | 5 |
| 5a.) BUDGETING – CREDITOR/REAL ESTATE | 154.80 | $37,155.00 | 5a |
| 5b.) BUDGETING – BKRE | 76.90 | $18,317.50 | 5b |
| 5c.) BUDGETING – CONSTRUCTION | 470.00 | $114,507.50 | 5c |
| 6.) BUSINESS OPERATIONS | 49.70 | $9,155.00 | 6 |
| 7.) CASE ADMINISTRATION | 331.80 | $81,330.00 | 7 |
| 8.) CLAIMS ADMINISTRATION & OBJECTIONS | 12.60 | $2,812.50 | 8 |
| 9.) EMPLOYMENT AND FEE APPLICATIONS | 2.80 | $700.00 | 9 |
| 10.) FINANCING, CASH COLLATERAL AND OBJECTIONS | 178.40 | $44,022.50 | 10 |
| 11.) INSURANCE | 134.90 | $28,392.50 | 11 |
| 12.) LITIGATION | 00 | $00 | 12 |
| 13.) LITIGATION – LENDER LIABILITY | 218.40 | $53,362.50 | 13 |
| 14.) MEETINGS & COMMUNICATION WITH CREDITORS | 00 | $00 | 14 |
| 14a.) MEETINGS AND COMMUNICATIONS WITH PRUDENTIAL BANK | 12.90 | $3,225.00 | 14a |
| 14b.) MEETINGS AND COMMUNICATIONS WITH BRISTOL BOROUGH & RDA | 30.70 | $7,675.00 | 14b |
| 14c.) MEETINGS AND COMMUNICATIONS WITH MCGRATH | 161.20 | $39,865.00 | 14c |
| 14d.) MEETINGS AND COMMUNICATIONS WITH COUNSEL | 201.80 | $50,420.00 | 14d |
| 15.) NON-WORKING TRAVEL TIME TO PA | 00 | $00 | 15 |
| 16.) PLAN AND DISCLOSURE STATEMENT | 29.20 | $7,277.50 | 16 |
| 17.) REAL ESTATE DEVELOPMENT | 00 | $00 | 17 |
| 17a.) SALES & MARKETING | 622.50 | $152,227.50 | 17a |
| 17b.) HOA | 45.90 | $10,320.00 | 17b |
| 17c.) SALES EXTRAS | 164.80 | $30,317.50 | 17c |
| 18.) RELIEF FROM STAY 7 ADEQUATE PROTECTION | 00 | $00 | 18 |
| 19.) REPORTING | 606.80 | $115,842.50 | 19 |
| 19a.) REPORTING – UST/COURT | 424.10 | $78,860.00 | 19a |

| CATEGORY | HOURS | VALUE | EXHIBIT |
|---|---|---|---|
| 19b.) REPORTING – LENDERS | 00 | $00 | 19b |
| 19c.) REPORTING – A/P | 00 | $00 | 19c |
| 19d.) REPORTING – HOME SALES | 275.00 | $63,567.50 | 19d |
| 20.) SITE/SECURITY | 53.70 | $13,290.00 | 20 |
| 21.) TAX RELATED ITEMS | 65.40 | $12,547.50 | 21 |
| TOTAL | 4,559.20 | $1,032,340.00 | |

### Part D: Expense Summary for Compensation Period

1. For the Compensation Period, Applicant expended $103,708.73 for expenses in connection with serviced provided to Trustee as financial advisors. Set forth in the attached Exhibit "22" is a list that shows the type of expenses for which reimbursement is sought. Expenses are primarily for travel and related costs to perform services in PA. All airfare was for Economy purchase, and hotel stays were at budgeted/negotiated reduced rates.

2. Applicant seeks reimbursement of the full amount $103,708.73 for such expenses.

### Part E: History of Administration and Present Status of Case

1. At the time the Trustee was elected to serve as chapter 11 trustee in this bankruptcy case and the Applicant was retained as his financial advisors, the Debtor's real property was sitting dormant for over two years since the end of 2016, the Debtor's request for authority to obtain DIP financing had been denied by this Court, and the estate had no cash.

2. The history of the case from February 4, 2018 to July 31, 2021 and its present status are as follows:[1]

    a. after his appointment the Trustee began to review and gather the Debtor's books and records and spent time at the offices of the debtors to accomplish these tasks. At those

---

[1] A more detailed statement of the events that occurred after the Trustee was appointed through early April of 2021 can be found in Section 5.5 of the Disclosure Statement. [Docket No. 618].

11

offices, and with the Applicant's assistance, the Trustee conducted a review of the Debtor's historical records and accounts to look at different options and valuations associated with the assets of the estate, including a determination of the reasonableness of the various pre-petition mortgages granted by the Debtor;

  b. working with and assisting counsel and the Trustee the Applicant spent time on establishing the manner and the relationship between funds provided to Island View Crossing II, LP for construction purposes and actual funds spent at the project so as to assist counsel in advising on the priority of mortgages and other liabilities.

  c. the Applicant worked directly with the Trustee on developing budgets to determine and distinguish between potential recoveries to creditors from a build out of the project as compared to a sale of the approved and partially improved project;

  d. the Applicant worked with the Trustee in developing his plans for financing and working with the existing lenders, as well as prospective lenders for post-petition construction financing;

  e. the Applicant assisted the Trustee in establishing contact with construction trade companies, including developing credit relationships, implementing appropriate insurance rules and requirements, and then assisting in the implementation and management of these requirements:

  f. the Trustee began the completion of the remaining environmental remediation work at the Debtor's real property required by the DEP and he retained Penn E&R to complete the environmental reports needed to obtain the final approval from the DEP under PA Act 2 for Phase 1. The applicant worked with both the Trustee and Penn E&R in this process;

   g. On October 9, 2019, final PA Act 2 approval for Phase 1 was received from the DEP and on December 16, 2019 the DEP issued the environmental covenant for Phase 1 (the "Environmental Covenant"). On or about December 17, 2019 the Trustee had the Environmental Covenant recorded against the Real Property. The Trustee procured final approval from the DEP pursuant to Pennsylvania Act 2 for Phase 1 of the Real Property;

   h. The final DEP approval for Phase 1 took substantially longer than the Trustee had anticipated and resulted in no residential units being sold during the 2019 calendar year. The Trustee's original projections for the completion of Phase 1 were extended by one year due to the additional period of time that was required to obtain final DEP approval for Phase 1 under PA Act 2. The Applicant assisted the Trustee in preparing amended cash flow projections for Phase 1;

   i. On December 3, 2018, the Trustee through his special litigation counsel, Kaufmann, Coren and Ress P.C. filed a complaint in the Bankruptcy Court against Prudential Bank asserting avoidance and subordination claims. In the avoidance and subordination action, the Trustee seeks to *inter alia* avoid and recover constructively fraudulent transfers and to equitably subordinate Prudential Bank's rights below those of other creditors in the bankruptcy case. The Bankruptcy Court consolidated the lender liability action filed by the Debtor against Prudential Bank prior to the Petition Date with the Trustee's Avoidance and Subordination Action into a single adversary proceeding which is collectively referenced as the Trustee's Actions against Prudential Bank. The Applicant assisted counsel in confirming the various accounting and financial records for this litigation and continues to assist counsel and the Trustee in this litigation.

   j. The Trustee completed and paid for site improvements with respect to the Debtor's real property totaling approximately $1,311,000. There are additional site improvements

13

that will need to be completed as the closings on the sale of the remaining units in Phase 1 are completed and additional site improvements that cannot be completed until Phase 2 is developed;

k. Prepetition the Debtor entered into the Subdivision Financial Security Agreement dated March 4, 2015 and related agreements by and among Bristol Borough, Bristol Borough Water & Sewer Authority, Prudential Bank and the Debtor (the "Subdivision Site Improvement Agreement") for the installation of the public improvements required for development of the Real Property. In accordance with the Subdivision Site Improvement Agreement, Prudential Bank issued the Bristol Borough Letter of Credit in the original amount of $2,091,381.19. As of the Petition Date the undrawn balance under the Bristol Borough Letter of Credit had been reduced to $1,231,087.02. The Applicant continues to monitor and assist the Trustee in tracking site improvement expenditures, approval of work by the Borough's engineer and corresponding reduction of the letter of credit.

l. As a result of site improvement work performed by the Trustee at the Project, Bristol Borough issued certificate of completion No. 7 dated February 10, 2020 in the amount of $143,381.70 less a ten percent (10%) retention by the Borough, which authorized the Borough to reduce the letter of credit/deposit by the sum of ($129,043.53) pursuant to the site improvement security agreement.[2] The Trustee expects that he will be submitting an 8th certificate of completion to Bristol Borough based on the site improvement work performed by the Trustee for the period from December 2019 through November 30, 2021 in an approximate amount of $100,000 which upon approval by Bristol Borough will further reduce the letter of credit issue by

---

[2] Prudential Bank had also issued a letter of credit in the amount of $293,445.50 to Aqua Pennsylvania, Inc. for a water main extension to provide water to the Real Property (the "Aqua Letter of Credit"). By letter dated February 7, 2020, Aqua confirmed to the Trustee that the original letter of credit issued by Prudential Bank, LOC #IVC-2, was released in its entirety and returned to Gualtieri of Americorp on October 18, 2017.

Prudential Bank to Bristol Borough as financial security for the completion of the site improvements for the Real Property;

  m. As a result of the COVID-19 crisis and the related orders of the Governor of Pennsylvania, the Trustee was directed to shutdown construction and close the sales office at the Real Property during March 2020. Construction was suspended from the middle of March 2020 through September 2020 which impaired the Trustee's ability to build and sell units at the Real Property for approximately seven (7) months during the 2020 calendar year. The Applicant also assisted the Trustee in preparing amended cash flow projections for Phase 1 as a result of the COVID-19 crisis;

  n. The Trustee has constructed, sold and closed on the sale of twenty-nine (29) residential units in Phase 1 as of July 31, 2021;

  o. As of July 31, 2021, the Trustee also has under construction at various stages of completion an additional twenty-nine (29) residential units.

    i. Twenty-two (22) of these units are sold with closings scheduled to occur at various dates later this year. The Trustee has also sold a 23rd unit, the existing model home which is scheduled to close next year. The agreements of sale for these twenty-three (23) units reflect gross sales prices totaling approximately $8,000,000;

    ii. The remaining six (6) units are listed at sales prices that total approximately $2,500,000; and

  p. The Trustee also has 15 "river front" lots that have not yet been released to the market for sale, for which construction projected to start in November 2021. The list prices for these waterfront units are expected to total approximately $10,000,000.

    q.    The gross proceeds received by the Trustee from the closings on the sale of the first twenty-nine (29) residential units totaled approximately $11,376,000 from which the Trustee paid release prices totaling $1,293,150 to the RDA, BKRE and Prudential Bank as set forth below:

    i.    to the RDA the amount of $358,150;[3]

    ii.    to BKRE the amount of $210,000; and

    iii.    to Prudential Bank the amount of $725,000.

    r.    On December 20, 2019, we filed a Motion for entry of a Final Order authorizing Trustee to obtain an unsecured loan up to $443,352 from the Post-Petition Lender as an Administrative Expense Claim (the "Second Post-Petition Loan").  Due to Prudential Bank's objection to the Second Post-Petition Loan, the Trustee was only able to borrow $200,000 of the amount available under the Second Post-Petition Loan by an Order dated January 27, 2020.

    s.    On January 21, 2021, the Trustee paid in full the $200,000 that was borrowed under the Second Post-Petition Loan.  Since the Second Post-Petition Loan was repaid before its maturity date of one year after the loan was approved, the estate incurred no interest charges in connection with this Loan.

    t.    As of July 31, 2021, the Trustee was holding in his Trustee accounts, non-restricted funds totaling $1,971,921.  In addition, the Trustee was holding restricted funds of $726,359 representing deposits collected from buyers that entered into agreements of sale for the purchase and sale of twenty-three (23) residential units with closings scheduled to occur at various dates after the units are completed.

---

[3] In addition to the release prices paid to the RDA, the RDA also received from the Trustee payments for principal, interest and fees pursuant to its loan documents totaling $901,861 for a combined total of $1,260,011.

16

u.  The Trustee filed a Plan of Liquidation dated April 19, 2021 (the "Plan") and Disclosure Statement with respect to the Plan dated April 19, 2021 (the "Disclosure Statement").

v.  The Disclosure Statement was approved by Order dated May 26, 2021 and a report of voting on the Plan was filed with the Court on July 7, 2021. Objections to confirmation of the Plan were filed by Prudential Bank, Redevelopment Authority of Bucks County, and Bonnie Finkel, the chapter 7 trustee for the bankruptcy estate of Calnshire Estates, LLC.

w.  On July 20, 2021, the Trustee file a motion for the entry of an order determining: (a) the value of the Real Property, (b) the amount of the secured claim of Prudential Bank pursuant to 11 U.S.C. § 506(a), (c) the amount of Prudential Bank's interest, fees, costs or other charges pursuant to 11 U.S.C. § 506(b), (d) the amount of the Estate's surcharge of Prudential Bank's collateral pursuant to 11 U.S.C. §506(c), (e) the Trustee's entitlement to use the proceeds from the sale of residential units in Phase 1 (after payment of the Release Prices set forth in the Prudential Bank Release of Liens Agreement) to pay Permitted Claims under the Plan, (f) the bankruptcy estate's entitlement to relief under the equities of the case exception pursuant § 552(b)(1), and (g) granting related relief (the "Trustee's Motion").

x.  The confirmation hearing was originally scheduled for July 21, 2021 but was conducted as a pretrial conference. Following this conference, the Court entered an Order dated July 22, 2021 continuing the hearing on confirmation of the Plan pending resolution of the Trustee's Motion; and with respect to the Trustee's Motion set deadlines for the parties to complete discovery by September 24, 2021, and scheduled a final pretrial conference for September 29, 2021 at 11:00 a.m. At the pretrial conference held on September 29, 2021, the discovery deadline was extended and a further pretrial hearing is scheduled for November 10, 2021.

## Part F:  Request for Approval of Application

1. The Applicant seeks approval and payment of compensation and expenses as set forth in this Application for services rendered and costs incurred during the Compensation Period.

2. The services rendered by the Applicant on behalf of the Trustee were reasonable, necessary and appropriate to the administration of this case.

3. The services rendered were performed economically, effectively, and efficiently and the results obtained benefitted the Trustee and the estate of the Debtor.

4. The services rendered for which Applicant seeks compensation in this Application were necessary and beneficial to the Trustee and the estate of the Debtor.

5. Accordingly, approval of the compensation sought herein is warranted.

**WHEREFORE,** the Applicant requests the entry of an Order (a) granting the Application of Applicant, (b) allowing compensation to Newbridge Management, LLC in the amount of $1,032,340.00 for services rendered and $103,708.73 for reimbursement of expenses, for a total of $1,136,048.73 due and payable for the Compensation Period, (c) authorizing payment of such allowed compensation to the Applicant, and (d) for such other and further relief as this Court deems just.

        **Respectfully Submitted:**

        **KARALIS PC**

        By:___/s/ Aris J. Karalis___
           ARIS J. KARALIS
           1900 Spruce Street
           Philadelphia, PA 19103
           (215) 546-4500
           Attorneys to Trustee

Dated: October 15, 2021