IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | **BANKRUPTCY NO. 17-14454(ELF)** |
| | : | |
| **Debtor** | : | |
| | : | |

**STATEMENT OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE WITH RESPECT
TO ALLOWANCE OF SPECIAL COUNSEL APPLICATION FOR COMPENSATION
PER BANKRUPTCY COURT ORDER DATED DECEMBER 2, 2021 [DOC # 888]**

I, Kevin O'Halloran ("Chapter 11 Trustee") previously having taken no position on the allowance of the Final Application for Compensation filed by Stradley Ronon Stevens & Young, LLP (the "Special Counsel Application") (Doc. #755) for the period prior to my appointment (but having opposed the requirement of an order requiring the immediate payment of any amount allowed), and now having had the benefit of:

a. watching the "zoom" video of the hearing held before the Bankruptcy Court on December 2, 2021 with respect to the Special Counsel Application and considering the evidence presented at the hearing on Special Counsel Application with respect to the events that occurred prior to my appointment as Chapter 11 Trustee in this chapter 11 case;

b. reviewing the entries on the main docket of the Debtor's bankruptcy case for the period prior to my appointment, including:

    i. on August 4, 2017 [Doc # 34], the Motion to Convert Case to Chapter 7 or in the alternative Motion to Appoint Trustee filed by Prudential Bank;

    ii. on August 21, 2017 [Doc # 48], Joinder of Redevelopment Authority of Bucks County filed to the Motion filed by Prudential for entry of an order converting the cases to Chapter 7, or in alternative appointing Chapter 11 Trustee;

1

    iii.  on August 21, 2017 [Doc # 50], opposition response to Motion to Convert Case to Chapter 7, or in alternative appoint Chapter 11 Trustee filed by Stradley, Ronon Stevens & Young, LLP;

    iv.  on August 21, 2017 [Doc # 54], opposition of Debtors in response to Motion to Convert Case to Chapter 7, or in alternative appointing Chapter 11 Trustee;

    v.  on August 21, 2017 [Doc #55], the Motion for entry of a Final Order Authorizing Debtor to (I) Obtain Post-Petition Financing pursuant to Sections 364 and 363 of the Bankruptcy Code, (II) enter into various loan documents, and (III) granting liens on property of the estate senior to all other liens pursuant to section 364(d)(1) of the Bankruptcy Code and modifying automatic stay to implement financing terms filed by Debtor (the "Debtor's Initial Financing Motion");

    vi.  on September 29, 2017 [Doc # 79], the Amended Motion for Post-Petition Financing filed by Debtor (the "Debtor's Amended Financing Motion");

    vii.  on October 12, 2017 [Doc # 96], the Response of the Redevelopment Authority of Bucks County in opposition to the Debtor's Amended Financing Motion; and

    viii.  on October 13, 2017 [Doc # 100], objections of Prudential Savings Bank to the Debtor's Initial Financing Motion and Debtor's Amended Financing Motion; and

  c.  reviewing the adversary docket (17-00202) with respect to the removal of the proceeding styled *Island View Properties, Inc. et. al., Plaintiffs / Counterclaim Defendants vs. Prudential Savings Bank, Defendant / Counterclaim Plaintiff*, Philadelphia Court of Common Pleas, Case No. March Term, 2016 No. 03161, which was removed to the Bankruptcy Court on July 18, 2021 (the "Removed Action").

     I do not believe that it was prudent or appropriate for Special Counsel to have taken the actions that it took or to have incurred the substantial fees and costs set forth in the Special Counsel Application with respect to the Removed Action during the period that there was pending before the Bankruptcy Court a Motion to Convert the Case to Chapter 7, or in alternative to appoint Chapter 11 Trustee (the "Motion").  This is particularly so because if the Motion was granted it would have not only resulted in the displacement of the debtor-in-possession with a Trustee, but it would also result in the control of the Removed Action being in the hands of said Trustee who would select special litigation to prosecute the Removed Action and determine the terms of compensation for said counsel (*e.g. contingent fee or hourly fee*).  As the Court knows, the Chapter 11 Trustee that was eventually appointed, selected a different firm to prosecute the Removed Action on a contingent fee basis.

     For these reasons, the amount of compensation requested in the Final Application should be reduced to (a) tasks that were necessary to preserve the paper and electronic files, books and records with respect to the Removed Action, and (b) tasks that were needed to review pleadings prepared by general bankruptcy counsel to insure they did not conflict with the Debtor's claims asserted in the Removed Action.

               KEVIN O'HALLORAN AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF ISLAND VIEW CROSSING II, LP

               By:   /s/ Kevin O'Halloran
                        Kevin O'Halloran

Dated: December 17, 2021