**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **ISLAND VIEW CROSSING II, L.P.** | : | **BANKRUPTCY NO. 17-14454(ELF)** |
| | : | |
| **Debtor** | : | |
| | : | |

**FIRST AND FINAL FEE APPLICATION OF KEVIN O'HALLORAN, AS CHAPTER 11 TRUSTEE, FOR THE PERIOD JANUARY 30, 2018 THROUGH JANUARY 10, 2022**

**TO: THE HONORABLE ERIC L. FRANK, UNITED STATES BANKRUPTCY JUDGE:**

Kevin O'Halloran (the "Applicant"), in his capacity as the Chapter 11 Trustee for the estate of Island View Crossing II, L.P. (the "Debtor"), in accordance with Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rule 2016-5, applies under §§ 330 of title 11 of the United States Code for final compensation and reimbursement of expenses for the period from January 30, 2018 through January 10, 2022 (the "Application"). In support of this Application, the Applicant represents as follows:

**PART A Preliminary Statement**

1. Effective as January 30, 2018, the Applicant is serving as the Chapter 11 Trustee for the Debtor's bankruptcy estate.

2. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

3. The expenses described in this Application are actual, necessary expenses.

4. This Application is for the period from January 30, 2018 through January 10, 2022 (the "Compensation Period").

**Period: 1/30/18 to 1/10/22**

| | Requested |
|---|---|
| Fees: | $660,673.00 |
| Expenses: | $ 68,410.47 |
| Total: | $729,083.47 |

**PART B General Information as to the Debtor and the Trustee**

1. **General Information:**

A. Date case filed: June 30, 2017

B. Date Order entered directing the appointment of a Chapter 11 Trustee: December 18, 2017

C. Date Trustee appointed: January 30, 2018

D. Date application to approve employment filed: N/A

E. Date employment approved: N/A

F. First date services rendered in the case: January 30, 2018

G. Compensation requested is under §330.

H. Any fees awarded will be paid by the estate.

2. **Prior Fee Applications**

None.

**Part C Commission Calculation for the Applicant**

1. Pursuant to Section 326 of the Bankruptcy Code, compensation for the Compensation Period is calculated as follows:

| | | |
|---|---|---|
| 25% on 1st | $5,000.00 | $ 1,250 |
| 10% on next | $45,000.00 | $ 4,500 |
| 5% on next | $950,000.00 | $ 47,500 |
| 3% on balance over | $1,000,000.00 | $ 611,653 |
| Total Compensation: | | $ 664,903 |

2. By Order dated April 23, 2020 (the "April 23 Order"), the first and final application of Christine C. Shubert (the "Former Trustee") in this bankruptcy case was granted and the Former Trustee was allowed compensation of $4,230.00. The April 23 Order also provides that the current Trustee shall account for the allowed compensation to the Former Trustee in connection with any request for compensation made in conformity with 11 U.S.C. 326(a).

3. Accordingly, the Applicant has reduced his request for compensation by the amount of $4,230.00 and is requesting compensation in the amount of $660,673 under 11 U.S.C. 326(a). A detail of the disbursements is attached hereto as Exhibit "A" and made a part hereof.

**Part D Expense Summary as to the Applicant**

1. During the Compensation Period, the Applicant incurred expenses in the amount of $68,410.47. A detail of the expenses is attached hereto as Exhibit "B" and made a part hereof. The Verified Statement executed by the Applicant is attached hereto as Exhibit "C" and made a part hereof.

**Part E: History of Administration and Present Status of Case**

1. At the time the Applicant was elected to serve as chapter 11 trustee in this bankruptcy case, the Debtor's real property was sitting dormant for over two years since the end of 2016, the Debtor's request for authority to obtain DIP financing had been denied by this Court, and the estate had no cash.

2. The history of the case from the Applicant's appointment to January 10, 2022 is as follows:[1]

[1] A detailed statement of the events that occurred after the Trustee was appointed through early April of 2021 can be found in Section 5.5 of the Disclosure Statement. [Docket No. 618].

a. The Applicant (at times hereinafter also referred to as the "Trustee") obtained bankruptcy court approval for a $4.7 million loan (the "Post-Petition Loan") facility from BKRE Investments LLC ("BKRE") for the construction of 73 units in Phase 1 of the Project and the required public site improvements at the Project, including a carve-out for the payment of the Trustee's commissions and the fees and expenses of his professionals.

b. The Post-Petition Loan obtained by the Trustee has substantially more favorable terms and conditions than the prior loan that the Debtor was seeking authority to obtain.

c. On or about September 24, 2018, the Trustee and Prudential Bank executed the Release of Liens Agreement approved by this Court. The Release of Liens Agreement was recorded with the Bucks County Recorder of Deeds on September 28, 2018, Instrument No. 2018053794.

d. As set forth in the Release of Liens Agreement, on or about September 24, 2018, the Trustee and Prudential Bank executed the Subordination Agreement in connection with the Calnshire Collateral Mortgage, which was recorded with the Bucks County Recorder of Deeds on September 28, 2018, Instrument No. 2018053795.

e. As set forth in the Release of Liens Agreement, on or about September 24, 2018, the Trustee and Prudential Bank executed the Subordination Agreement in connection with the Steeple Run Collateral Mortgage, which was recorded with the Bucks County Recorder of Deeds on September 28, 2018, Instrument No. 2018053796.

f. As set forth in the Release of Liens Agreement, on or about September 24, 2018, the Trustee and Prudential Bank executed the Subordination Agreement in connection with

the IVC-Durham Collateral Mortgage, which was recorded with the Bucks County Recorder of Deeds on September 28, 2018, Instrument No. 2018053797.

g. Work has commenced at the Project in October 2018 shortly after the closing on the Post-Petition Loan;

h. The past due post-petition accrued liabilities due the RDA on account of the RDA Loan were paid by the Trustee, and the Trustee is current in the payments of post-petition payments due the RDA;

i. The past due post-petition accrued real estate taxes for the Debtor's real property were paid by the Trustee, and the Trustee is current in the payment of post-petition real estate taxes for the Debtor's real property;[2]

j. The Trustee is current with the payment of the post-petition obligations of the Debtor's estate;

k. The Trustee retained Penn E&R to complete the environmental reports required to obtain the final approval from the DEP under PA Act 2 for Phase 1;[3]

l. On October 9, 2019, final PA Act 2 approval for Phase 1 was received from the DEP and on December 16, 2019 the DEP issued the environmental covenant for Phase 1 (the "Environmental Covenant"). On or about December 17, 2019 the Trustee had the Environmental Covenant recorded against the Debtor's real property;

m. The final DEP approval for Phase 1 took substantially longer than the Trustee had anticipated and resulted in no residential units being sold during the 2019 calendar

---

[2] The unpaid pre-petition real estate taxes with respect to the Debtor's real property are being paid pursuant to the terms of the Trustee's bankruptcy plan confirmed by the Court.

[3] Additional environmental reports will be required in order to obtain final PA Act 2 approval from the DEP for Phase 2.

year. The Trustee's original projections for the completion of Phase 1 were extended by one year due to the additional period of time that was required to obtain final DEP approval for Phase 1 under PA Act 2;

n. On December 3, 2018, the Trustee through his special litigation counsel, Kaufmann, Coren and Ress P.C. filed a complaint in the Bankruptcy Court against Prudential Bank asserting avoidance and subordination claims. In the avoidance and subordination action, the Trustee seeks to inter alia avoid and recover constructively fraudulent transfers and to equitably subordinate Prudential Bank's rights below those of other creditors in the bankruptcy case. The Bankruptcy Court consolidated the lender liability action filed by the Debtor against Prudential Bank prior to the Petition Date with the Trustee's Avoidance and Subordination Action into a single adversary proceeding which is collectively referenced as the Trustee's Actions against Prudential Bank.

o. The Trustee completed and paid for site improvements with respect to the Debtor's real property totaling approximately $1,311,000. There are additional site improvements that will need to be completed as the closings on the sale of the remaining units in Phase 1 are completed and additional site improvements that cannot be completed until Phase 2 is developed;

p. Prepetition the Debtor entered into the Subdivision Financial Security Agreement dated March 4, 2015 and related agreements by and among Bristol Borough, Bristol Borough Water & Sewer Authority, Prudential Bank and the Debtor (the "Subdivision Site Improvement Agreement") for the installation of the public improvements required for development of the Real Property. In accordance with the Subdivision Site Improvement Agreement, Prudential Bank issued the Bristol Borough Letter of Credit in the original amount of

$2,091,381.19. As of the Petition Date the undrawn balance under the Bristol Borough Letter of Credit had been reduced to $1,231,087.02.

q. As a result of site improvement work performed by the Trustee at the Project, Bristol Borough issued certificate of completion No. 7 dated February 10, 2020 in the amount of $143,381.70 less a ten percent (10%) retention by the Borough, which authorized the Borough to reduce the letter of credit/deposit by the sum of ($129,043.53) pursuant to the site improvement security agreement.[4] The Trustee expects that he will be submitting an 8th certificate of completion to Bristol Borough based on the site improvement work performed by the Trustee for the period from December 2019 through March 31, 2022 in an approximate amount of $120,000 which upon approval by Bristol Borough will further reduce the letter of credit issued by Prudential Bank to Bristol Borough as financial security for the completion of the site improvements to the Real Property.

r. There are additional site improvements that will need to be completed as the closings on the sale of the remaining units in Phase 1 are completed and additional site improvements that cannot be completed until Phase 2 is developed;

s. On December 20, 2019, Trustee filed a Motion for entry of a Final Order authorizing Trustee to obtain an unsecured loan up to $443,352 from the Post-Petition Lender as an Administrative Expense Claim (the "Second Post-Petition Loan"). Due to Prudential Bank's objection to the Second Post-Petition Loan, the Trustee was only able to borrow $200,000 of the amount available under the Second Post-Petition Loan by an Order dated January 27, 2020.

---

[4] Prudential Bank had also issued a letter of credit in the amount of $293,445.50 to Aqua Pennsylvania, Inc. for a water main extension to provide water to the Real Property (the "Aqua Letter of Credit"). By letter dated February 7, 2020, Aqua confirmed to the Trustee that the original letter of credit issued by Prudential Bank, LOC #IVC-2, was released in its entirety and returned to Gualtieri of Americorp on October 18, 2017.

t. On January 21, 2021, the Trustee paid in full the $200,000 that was borrowed under the Second Post-Petition Loan. Since the Second Post-Petition Loan was repaid before its maturity date of one year after the loan was approved, the estate incurred no interest charges in connection with this Loan.

u. As a result of the COVID-19 crisis and the related orders of the Governor of Pennsylvania, the Trustee was directed to shutdown construction and close the sales office at the Real Property during March 2020. Construction was suspended from the middle of March 2020 through September 2020 which impaired the Trustee's ability to build and sell units at the Real Property for approximately seven (7) months during the 2020 calendar year.

v. The Trustee filed a Plan of Liquidation dated April 19, 2021 (the "Plan") and Disclosure Statement with respect to the Plan dated April 19, 2021 (the "Disclosure Statement").

w. The Disclosure Statement was approved by Order dated May 26, 2021 and a report of voting on the Plan was filed with the Court on July 7, 2021. Objections to confirmation of the Plan were filed by Prudential Bank, Redevelopment Authority of Bucks County, and Bonnie Finkel, the chapter 7 trustee for the bankruptcy estate of Calnshire Estates, LLC.

x. On July 20, 2021, the Trustee file a motion for the entry of an order determining: (a) the value of the Real Property, (b) the amount of the secured claim of Prudential Bank pursuant to 11 U.S.C. § 506(a), (c) the amount of Prudential Bank's interest, fees, costs or other charges pursuant to 11 U.S.C. § 506(b), (d) the amount of the Estate's surcharge of Prudential Bank's collateral pursuant to 11 U.S.C. §506(c), (e) the Trustee's entitlement to use the proceeds from the sale of residential units in Phase 1 (after payment of the Release Prices set forth in the Prudential Bank Release of Liens Agreement) to pay Permitted Claims under the Plan, (f) the

bankruptcy estate's entitlement to relief under the equities of the case exception pursuant § 552(b)(1), and (g) granting related relief (the "Trustee's Motion").

y. The confirmation hearing was originally scheduled for July 21, 2021 but was conducted as a pretrial conference. Following this conference, the Court entered an Order dated July 22, 2021 continuing the hearing on confirmation of the Plan pending resolution of the Trustee's Motion; and with respect to the Trustee's Motion set deadlines for the parties to complete discovery, and scheduled a pretrial conference for September 29, 2021.

z. At the pretrial conference held on September 22, 2021 with respect to the Trustee's adversary actions which was expanded to a colloquy regarding the Plan disputes and the contested Trustee's Motion, the discovery deadline for the Trustee's Motion was extended and a further pretrial hearing was scheduled for November 10, 2021 with respect to confirmation of the Plan and the Trustee's Motion.

aa. Thereafter, on September 27, 2021, the Court entered an Order assigning the Trustee's adversary actions against Prudential Bank (Adv. Nos. 17-0202 and 18-020) and the contested matters relating to (i) valuation of the Prudential Savings Bank's proof of claim, and (ii) plan confirmation in the main bankruptcy case to a judicial mediator, Patricia M. Mayer, U.S. Bankruptcy Judge. Judge Mayer held a global mediation on October 29, 2022 but the parties were unable to reach a resolution.

bb. After a pretrial hearing held on November 10, 2022, the court scheduled the Confirmation Hearing to commence on December 13, 2021, and if not completed on that day, to resume on December 15, 2021 and December 16, 2021. The Confirmation Hearing commenced on December 13, 2021 as scheduled but after a conference with the Court, the Trustee and

Prudential Bank agreed to adjourn the hearing and engage in settlement negotiations to resolve the disputes with respect to confirmation of the Plan.

cc. The settlement discussions were successful, and resulted in the Trustee filing a Plan of Liquidation dated April 19, 2021, as modified on December 14, 2021 (the "Modified Plan") and Prudential Bank withdrawing its objection to confirmation of the Modified Plan and changing its rejecting ballot to a ballot accepting the Plan. The Trustee also filed a Motion for a Rule 3019 Finding under the Bankruptcy Code and for Authority to count the changed accepting ballot cast by Prudential Bank.

dd. The Modified Plan was confirmed by an Order of the Bankruptcy Court on December 24, 2021. The Effective Date of the Modified Plan occurred on January 10, 2022 and final fee applications are due on or before February 9, 2022.

ee. As of January 10, 2022, the Trustee had:

1. sold and closed 46 residential units in Phase 1;

2. 11 units (at various stages of completion) subject to contracts for sale and scheduled to close during the months of February, March and August, 2022; and

3. 16 units available for sale (including 15 "river front" lots that are under construction but not yet released to the market for sale), which are projected to be completed by August 2022. The list prices for the river front units are expected to total approximately $10,000,000.

3. The gross proceeds received by the Trustee from the closings on the sale of the first forty-six (46) residential units totaled approximately $21,388,438 from which the Trustee paid release prices totaling $2,643,100 to the RDA, BKRE and Prudential Bank as set forth below:

i. to the RDA the amount of $568,100;[5]

---

[5] In addition to the release prices paid to the RDA, the RDA also received from the Trustee payments for principal, interest and fees pursuant to its loan documents totaling $904,948 for a cumulative total paid of $1,473,048.

ii. to BKRE the amount of $705,000; and

iii. to Prudential Bank the amount of $1,370,000.

4. As of January 10, 2022, the Trustee was holding in his Trustee accounts, non-restricted funds totaling $1,880,197. In addition, the Trustee was holding restricted funds of $429,313 representing deposits collected from buyers that entered into agreements of sale for the purchase and sale of twelve (12) residential units with closings scheduled to occur during the months of February, March and August, 2022.

**WHEREFORE,** the Applicant requests the entry of an Order (a) granting the relief requested herein and (b) for such other and further relief as this Court deems just.

**Respectfully Submitted,**

**KARALIS PC**

By: /s/ Aris J. Karalis
ARIS J. KARALIS
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Attorneys for the Trustee

Dated: February 9, 2022