IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | CHAPTER 11 |
|---|---|---|
| | : | |
| ISLAND VIEW CROSSING II, L.P. | : | BANKRUPTCY NO. 17-14454(ELF) |
| | : | |
| Debtor | : | |
| | : | |

**MOTION OF KEVIN O'HALLORAN, CHAPTER 11 TRUSTEE, FOR ENTRY OF AN ORDER RECONSIDERING COURT ORDER ENTERED ON OCTOBER 14, 2022 [D.I. 1031] GRANTING THE SECOND & FINAL APPLICATION FOR COMPENSATION & REIMBURSEMENT OF EXPENSES OF NEWBRIDGE MANAGEMENT, LLC, FINANCIAL ADVISORS TO THE TRUSTEE, PURSUANT TO FED. R. BANKR. P. 9023**

Kevin O'Halloran, in his capacity as the Chapter 11 Trustee (the "Trustee") for the estate of Island View Crossing II, L.P. (the "Debtor"), by and through his counsel, Karalis PC, respectfully moves this Honorable Court for the entry of an Order reconsidering the Court Order entered on October 14, 2022 [D.I. 1031] granting the Second & Final Application for Compensation & Reimbursement of Expenses of Newbridge Management, LLC ("Newbridge"), Financial Advisors to the Trustee (the "Newbridge Final Application"), pursuant to Fed. R. Bankr. P. 9023 (the "Motion"), and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. The statutory basis for the relief requested herein is Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023.

## BACKGROUND

**A.   Procedural Background.**

4.   On June 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5.   The Debtor remained in possession of its assets and continued in the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until December 18, 2017, when the Bankruptcy Court directed the appointment of a chapter 11 Trustee.

6.   On January 30, 2018, the United States Trustee for Region 3 filed its Report of Undisputed Election which provided, *inter alia*, that the Trustee was elected to serve as the trustee in the Debtor's bankruptcy case.

**B.   The Trustee's Plan of Liquidation and the Effective Date.**

7.   The Trustee filed a plan of liquidation dated April 19, 2021, as modified on December 14, 2021 (the "Plan"), which was confirmed by an Order of the Bankruptcy Court entered on December 24, 2021.

8.   The Effective Date of the Plan (as defined in the Plan) occurred on January 10, 2022.

**C.   The Trustee's Retention of Newbridge as Financial Advisors.**

9.   On February 8, 2018, the Trustee filed the Application to Employ Newbridge Management, LLC as Financial Advisors, *Nunc Pro Tunc* to February 4, 2018, Pursuant to 11 U.S.C. §§ 327 and 328(a) and Fed. R. Bankr. P. 2014 (the "Employment Application") [D.I. 252].

10.   On February 21, 2018, this Court entered an Order approving the Employment Application effective as of February 4, 2018 [D.I. 283].

2

**D.    The Fee Applications filed by Newbridge.**

**(i)    The Newbridge First Application.**

11.    On October 15, 2021, Newbridge filed its First Interim Application for Compensation & Reimbursement of Expenses for the period from February 4, 2018 through July 31, 2021 (the "Newbridge First Application") [D.I. 850].

12.    In the Newbridge First Application, Newbridge sought the allowance of fees in the amount of $1,032,340.00 and the reimbursement of expenses in the amount of $103,708.83 for a total amount of $1,136,048.73.

13.    On November 8, 2021, Prudential Savings Bank filed an Objection to the Newbridge First Application [D.I. 863].

14.    On December 27, 2021, this Court entered an Order authorizing, *inter alia*, an interim distribution of $640,611.30 to Newbridge on account of the Newbridge First Application without prejudice to any and all objections previously filed or the entry of a final compensation Order [D.I. 930].

**(ii)    The Newbridge Final Application.**

15.    On February 9, 2022, Newbridge filed the Newbridge Final Application for the period from August 1, 2021 through January 10, 2022 [D.I. 948].

16.    In the Newbridge Final Application, Newbridge sought the allowance of fees in the amount of $179,848.50 and the reimbursement of expenses in the amount of $171.14 for a total amount of $180,019.64. Newbridge also requested in the Newbridge Final Application that all prior interim fee awards to Newbridge be made final.

17.    No objections were filed to the Newbridge Final Application.

3

18. On October 14, 2022, this Court entered an Order granting the Newbridge Final Application authorizing final compensation of $932,340.00 and the reimbursement of expenses in the amount of $103,879.14 (the "Final Fee Order") [D.I. 1031]. The Final Fee Order is attached hereto as Exhibit "A" and made a part hereof.

### RELIEF REQUESTED AND THE BASIS THEREFOR

19. The Trustee respectfully requests the entry of an Order reconsidering the Final Fee Order.

20. The Trustee believes that the amount of final compensation allowed to Newbridge in the Final Fee Order is not clear and may be incorrect.[1]

21. As set forth herein, Newbridge sought the allowance of fees in the amount of $1,032,340.00 in connection to the Newbridge First Application and the allowance of fees in the amount of $179,848.50 in connection to the Newbridge Final Application for a total amount of final compensation in the amount of $1,212,188.50.

22. That being said, in footnote 4 of the Final Fee Order, only the amount of fees sought by Newbridge in the Newbridge First Application are referenced and the amount of fees sought by Newbridge in the Newbridge Final Application is not referenced. By contrast, footnote 5 of the Final Fee Order references the expenses sought by Newbridge in the Newbridge First Application and the Newbridge Final Application.

23. As such, it is not clear if this Court took into consideration the fee request of Newbridge in the amount of $179,848.50 set forth in the Newbridge Final Application and whether these fees have been allowed or disallowed by this Court.

---

[1] The Trustee believes that the amount allowed for the final reimbursement of expenses in the amount of $103,879.14 ($103,708.00 for the Newbridge First Application and $171.14 for the Newbridge Final Application) are accurate.

4

I.    **Applicable Legal Standard for Reconsideration.**

24.    Federal Rule of Bankruptcy Procedure 9023 provides that "Rule 59 F. R. Civ. P. applies in cases under the [Bankruptcy] Code." *See*, Fed. R. Bankr. P. 9023.

25.    Motions for reconsideration timely filed fourteen (14) days after entry of judgment, as the instant Motion was filed, are treated as motions to alter or amend judgment under Fed. R. Civ. P. 59(e). *See, In re Stuart*, 402 B.R. 111, 119 (Bankr. E.D. Pa. 2009).

26.    In pertinent part, Rule 59(e) provides:

> . . .
> **(e)    Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 14 days after entry of the judgment . . .

*See*, Fed. R. Civ. P. 59(e). *See also, Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.*, 246 F.Supp.2d 394, 398 (E.D. Pa. 2002); *In re Slomnicki*, 243 B.R. 644, 647 (Bankr. W.D. Pa. 2000); *In re Village Craftsman, Inc.*, 160 B.R. 740, 744 (Bankr. D.N.J. 1993).

27.    Federal courts have noted that the purpose of a Rule 59(e) request is to allow a court the opportunity to reevaluate the basis for its decision. *See, e.g., In re Spirco, Inc.*, 1995 WL 500572, at *3 (Bankr. W.D. Pa. 1995). That is, Rule 59(e) allows a court to correct its own mistakes, thereby sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. *See, In re Young Trucking, Inc.*, 2003 WL 21516584, at *1 (Bankr. C.D. Ill. Jul 1, 2003) *citing Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995), *appeal after remand*, 124 F.3d 205 (7th Cir. 1997) *citing in turn Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986).

28.    A motion for reconsideration under Rule 59(e) may only be granted if the moving party demonstrates at least one of the following grounds: (1) an intervening change in controlling

law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. *See, Stewart*, 402 B.R. at 120.

## II. The Final Fee Order should be Reconsidered as There was an Error of Fact and to Prevent Manifest Injustice.

29. As set forth herein, the Trustee believes that this Court may not have considered the fees sought by Newbridge in the Newbridge Final Application when the Final Fee Order was entered and it is not clear whether these fees have been allowed or disallowed by this Court.

30. To demonstrate a clear error of law or fact, the movant must show that the court overlooked a factual or legal issue which may have altered the previous disposition, "such as when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered." *See, Einhorn v. Kaleck Bros.*, 713 F.Supp.2d at 417, 426 (D. N.J. 2010).

31. The court should "only entertain a motion to reconsider if the alleged overlooked controlling decision of law or dispositive factual matter was of a nature that, if considered by the Court, might reasonably have resulted in a different conclusion." *See, In re Leahey*, 2017 WL 4286136, at *2 *quoting In re Scotto-DiClemente*, 463 B.R. 308, 310 (Bankr. D. N.J. 2012).

32. The Trustee believes that this Court may have inadvertently overlooked the fees sought by Newbridge in the Newbridge Final Application. As such, reconsideration of the Final Fee Order is appropriate to clarify if the fees set forth in the Newbridge Final Application have been allowed or disallowed.

33. In addition, reconsideration of the Final Fee Order is appropriate to prevent manifest injustice to Newbridge.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an Order (i) granting the relief requested herein and (ii) granting such other and further relief it deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Aris J. Karalis
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: October 20, 2022